UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                       :

In re                                        :   Chapter 11
                                                      :

LIDDLE & ROBINSON, L.L.P.,[1]    :   Case No. 19-12346 (SHL)
                                                      :
                    Debtor.              :   (Jointly Administered with Case No. 19-
------------------------------------------------------------ x   10747)

## SECOND INTERIM ORDER (1) AUTHORIZING USE OF CASH COLLATERAL BY LIDDLE & ROBINSON LLP, (2) GRANTING ADEQUATE PROTECTION, (3) MODIFYING THE AUTOMATIC STAY, AND (4) SCHEDULING A FINAL HEARING

Upon the motion (the "Motion")[2] of Liddle & Robinson, L.L.P., as debtor and debtor-in-possession (the "Debtor"), in the above-captioned case (the "Chapter 11 Case"), for entry of an order: (i) authorizing the Debtor's use of "cash collateral" (as defined in section 363(a) of the Bankruptcy Code) in which the Prepetition Lenders (as defined herein) have a lien, security interest or other interest (including, without limitation, any adequate protection liens or security interests), in each case whether existing on the Petition Date (as defined herein) or arising pursuant to this Interim Order, the Final Order (as defined herein) or otherwise (the "Cash Collateral"); (ii) providing adequate protection to the Prepetition Lenders for any diminution in value of their interests in the Prepetition Collateral (as defined herein), including the Cash Collateral; (iii) vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this Interim Order; and (iv) scheduling a final hearing (the "Final Hearing") to consider the relief requested in the Motion

---

[1] The last four digits of the Debtor's taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

and entry of a Final Order and approving the form of notice with respect to the Final Hearing, all as more fully described in the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and the Prepetition Lenders having filed the *Responses and Objections by Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC to Debtor's First Day* Motions [ECF No. 25]; and this Court having entered the *Interim Order (1) Authorizing Use of Cash Collateral, (2) Granting Adequate Protection, (3) Modifying the Automatic Stay, and (4) Scheduling a Final Hearing* [ECF No. 30] authorizing the relief sought in the Motion on an interim basis through August 21, 2019; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein on an interim basis.

2. The Motion is granted, and the use of Cash Collateral on an interim basis is authorized, subject to the terms and conditions set forth in this Interim Order.

3. Subject to the terms and conditions of this Interim Order, and in accordance with the Budget, the Debtor is authorized to use Cash Collateral for the period (the "Specified Period") from August 21, 2019 through September 21, 2019. Except as otherwise expressly provided herein, Cash Collateral may be used during the Specified Period solely up to the amounts, at the times, and for the purposes identified in the cash collateral budget (the "Budget"), a copy of which is attached hereto as Exhibit A.

4. Notwithstanding the foregoing, the Debtor is hereby authorized to pay any statutory fees or interest to the United States Trustee (to the extent required by applicable law) when such fees or interest become due or payable, regardless of the amount for which such fees or interest have been budgeted. The authorization for the Debtor to use Cash Collateral shall terminate at the expiration of the Specified Period. Nothing in this Interim Order shall authorize the disposition of any assets of the Debtor or its estate outside the ordinary course of business, or the Debtor's use of any Cash Collateral or other proceeds resulting therefrom, except as permitted in this Interim Order or other order of the Court (in each case consistent with the Interim Order and the Budget), with the prior written consent of the Prepetition Lenders, and in accordance with the Budget. Any payments to be made under any order shall be made in accordance with this Interim Order and the Budget.

5. Pursuant to section 361 and 363(e) of the Bankruptcy Code, the Prepetition Lenders are hereby granted additional and replacement continuing valid, binding, enforceable, non-avoidable, and automatically perfected postpetition security interests in and liens (the "Adequate Protection Liens") on the Debtor's Accounts Receivable to the extent of any Diminution in Value.

6. The Adequate Protection Liens shall be enforceable against the Debtor, its estate and any successor thereto, including without limitation, any trustee or other estate representative appointed in the Case, or any case under chapter 7 of the Bankruptcy Code upon the conversion of the Case, or in any other proceedings superseding or related to any of the foregoing (a "Successor Case"). Except as provided herein, the Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or security interest by any court order heretofore or hereafter entered in the Case or any Successor Case, and shall be valid and enforceable against any trustee appointed in the Case or any Successor Case, or upon the dismissal of the Case or Successor Case. The

Adequate Protection Liens shall not be subject to sections 506(c), 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code shall be made *pari passu* with or senior to the Adequate Protection Liens.

7. The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order, including, without limitation, to: (a) permit the Debtor to grant the Adequate Protection Liens; (b) permit the Debtor to perform such acts as the Prepetition Lenders may request, each in its sole discretion, to assure the perfection and priority of the liens granted herein; and (c) permit the Debtor to incur all liabilities and obligations to the Prepetition Lenders under the this Interim Order.

8. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Liens without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction, or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the Adequate Protection Liens or to entitle the Prepetition Lenders to the priorities granted herein. Notwithstanding the foregoing, the Prepetition Lenders are authorized to file, as it deems necessary or advisable in its sole discretion, such financing statements, mortgages, notices of lien and other similar documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence the applicable Adequate Protection Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date. However, no such filing or recordation shall be necessary or required in order to create or perfect the

Adequate Protection Liens. The Debtor is authorized and directed to execute and deliver to the Prepetition Lenders, promptly upon demand, all such financing statements, mortgages, notices and other documents as any of the Prepetition Lenders may reasonably request. The Prepetition Lenders may file a photocopy of this Interim Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instrument.

9. The Final Hearing to consider entry of the Final Order is scheduled for September 19, 2019, at 10:00 a.m. (Eastern Time) before the Honorable Sean H. Lane, United States Bankruptcy Judge, Courtroom 701, at the United State Bankruptcy Court for the Southern District of New York. On or before August 29, 2019, 2019 the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with a copy of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing; (b) any party which has filed prior to such date a request for notices with this Court; (c) counsel for any Statutory Committee; and (d) the Internal Revenue Service. The Final Hearing Notice shall state that any party in interest objecting to the relief requested in the Motion on a final basis shall file written objections with the Clerk of the Court no later than on September 12, 2019 at 4:00 p.m. (Eastern Time), which objections shall be served so as to be received on or before such date by: (i) proposed counsel for the Debtor, Foley Hoag, LLP, attn: William F. Gray, Jr. and Alison D. Bauer; (ii) counsel for the Prepetition Lenders, Davidoff Hutcher & Citron, LLP, 605 Third Avenue, New York, NY 10158, Attn: David H. Wander, Esq.; (iii) counsel to any Statutory Committee; and (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn: Andrea Schwartz, Esq.

10. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: September 4, 2019  
New York, New York

*/s/ Sean H. Lane*  
United States Bankruptcy Judge

**Exhibit A to Second Interim Order**

**Budget**

# Liddle & Robinson

## Debtor-In-Possession Budget

### Date of Printout:

*August 15, 2019*

*United States Bankruptcy Court Southern District of New York*
*Case #: 19-12346*

# Liddle & Robinson, LLP Weekly Cash Flows

**BUDGET**

| Week: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Actual / Forecast: | Actual | Actual | Actual | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | |
| Week Ending: | 7/27/19 | 8/3/19 | 8/10/19 | 8/17/19 | 8/24/19 | 8/31/19 | 9/7/19 | 9/14/19 | 9/21/19 | 9/28/19 | 10/5/19 | 10/12/19 | 10/19/19 | 10/26/19 | 11/2/19 | 11/9/19 | 11/16/19 | 11/23/19 | 11/30/19 | |
| **Cash Receipts** | | | | | | | | | | | | | | | | | | | | |
| L&R Income | 21,862 | 6,750 | 3,113 | - | - | $100,000 | $0 | $0 | $0 | $200,000 | $0 | $0 | $0 | $200,000 | $0 | $0 | $0 | $0 | $200,000 | $731,725 |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Cash Receipts** | $21,862 | $6,750 | $3,113 | $0 | $0 | $100,000 | $0 | $0 | $0 | $200,000 | $0 | $0 | $0 | $200,000 | $0 | $0 | $0 | $0 | $200,000 | $731,725 |
| **Operating Expenses** | | | | | | | | | | | | | | | | | | | | |
| Rent | - | ($13,213) | - | - | - | - | ($15,000) | - | - | - | ($15,000) | - | - | - | ($15,000) | - | - | - | - | ($58,213) |
| Attorney Payroll | - | - | (13,110) | - | (15,000) | - | (15,000) | - | (15,000) | - | (15,000) | - | - | (15,000) | - | (15,000) | - | (15,000) | - | (118,110) |
| Headhunter | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| JLL Draw | - | - | - | - | - | - | (15,000) | - | - | - | (15,000) | - | - | - | (15,000) | - | - | - | - | (45,000) |
| Staff Payroll | - | - | (6,972) | - | (7,100) | - | (7,100) | - | (7,100) | - | (7,100) | - | - | (7,100) | - | (7,100) | - | (7,100) | - | (56,672) |
| New Hire (Paralegal/Assistant) | - | - | - | - | (5,000) | - | (5,000) | - | (5,000) | - | (5,000) | - | - | (5,000) | - | (5,000) | - | (5,000) | - | (35,000) |
| Health / Life Insurance | - | - | - | - | - | - | (8,500) | (16,400) | - | - | (8,500) | - | - | - | (8,500) | - | - | - | - | (41,900) |
| Malpractice Insurance | - | - | (5,751) | - | - | - | (6,000) | - | - | - | (6,000) | - | - | - | (6,000) | - | - | - | - | (23,751) |
| Utilities | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Office Services (Solarus Technologies) | - | - | (2,000) | - | - | - | (2,000) | - | - | - | (2,000) | - | - | - | (2,000) | - | - | - | - | (8,000) |
| Repairs/Maintenance | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Operating Expenses | (311) | - | (855) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (1,000) | (17,166) |
| Client Expenses to be Advanced [1] | - | (44) | (7,775) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (39,819) |
| Tax / Benefit Accounting Services | - | - | - | (7,206) | - | - | (7,206) | - | - | (7,206) | - | - | - | - | - | - | - | - | - | (21,618) |
| Taxes | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Storage Costs | - | - | - | - | - | - | (10,610) | - | - | - | (10,610) | - | - | - | (10,610) | - | - | - | - | (31,830) |
| **Total Operating Expenses** | ($311) | ($13,257) | ($36,463) | ($10,206) | ($30,100) | ($10,206) | ($87,210) | ($26,606) | ($30,100) | ($3,000) | ($87,210) | ($3,000) | ($3,000) | ($30,100) | ($60,110) | ($30,100) | ($3,000) | ($30,100) | ($3,000) | ($497,077) |
| **Operating Cash Flow** | $21,551 | ($6,507) | ($33,350) | ($10,206) | ($30,100) | $89,794 | ($87,210) | ($26,606) | ($30,100) | $197,000 | ($87,210) | ($3,000) | ($3,000) | $169,900 | ($60,110) | ($30,100) | ($3,000) | ($30,100) | $197,000 | $234,647 |
| **Restructuring Costs** | | | | | | | | | | | | | | | | | | | | |
| UST Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | (4,875) | - | - | - | - | - | (4,875) |
| Bankruptcy Counsel | - | - | - | (25,000) | - | (25,000) | - | (25,000) | - | (25,000) | - | (25,000) | - | (25,000) | - | (25,000) | - | (25,000) | - | (200,000) |
| Accountants | - | - | - | (15,000) | - | (15,000) | - | (15,000) | - | (15,000) | - | (15,000) | - | (15,000) | - | (15,000) | - | (15,000) | - | (120,000) |
| Unsecured Creditors Professionals | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Restructuring Costs** | - | - | - | (40,000) | - | (40,000) | - | (40,000) | - | (40,000) | - | (40,000) | - | (44,875) | - | (40,000) | - | (40,000) | - | (324,875) |
| **Net Cash** | $21,551 | ($6,507) | ($33,350) | ($50,206) | ($30,100) | $49,794 | ($87,210) | ($66,606) | ($30,100) | $157,000 | ($87,210) | ($43,000) | ($3,000) | $125,025 | ($60,110) | ($70,100) | ($3,000) | ($70,100) | $197,000 | ($90,228) |
| **Beginning Bank Cash** [2] | $114,112 | $135,663 | $129,157 | $95,806 | $45,600 | $15,500 | $65,294 | ($21,915) | ($88,521) | ($118,621) | $38,379 | ($48,831) | ($91,831) | ($94,831) | $30,194 | ($29,916) | ($100,016) | ($103,016) | ($173,116) | $114,112 |
| Operating Cash Flow | 21,551 | (6,507) | (33,350) | (50,206) | (30,100) | 49,794 | (87,210) | (66,606) | (30,100) | 157,000 | (87,210) | (43,000) | (3,000) | 125,025 | (60,110) | (70,100) | (3,000) | (70,100) | 197,000 | (90,228) |
| **Ending Cash Balance** | $135,663 | $129,157 | $95,806 | $45,600 | $15,500 | $65,294 | ($21,915) | ($88,521) | ($118,621) | $38,379 | ($48,831) | ($91,831) | ($94,831) | $30,194 | ($29,916) | ($100,016) | ($103,016) | ($173,116) | $23,884 | $23,884 |

Notes: Weeks 4-6 per approved Budget under the Jeffrey Lew Liddle Case (Case No: 19-10747).

[1] Amounts to be reimbursed by clients.

[2] Beginning cash balance of $114K based on Liddle & Robinson income transferred from the Jeffrey Lew Liddle Debtor-In-Possession account.