William F. Gray, Jr.  
Alison D. Bauer  
FOLEY HOAG LLP  
1301 Avenue of the Americas  
25th Floor  
New York, New York 10019  
Tel: (646) 927-5500  
Fax: (646) 927-5599  

Presentment Date and Time: September 25, 2019 at 12:00 p.m.  
Objection Deadline: September 20, 2019 at 12:00 p.m.  

*Proposed Attorneys for Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ x  
                                                :  
In re                                    :   Chapter 11  
                                                :  
LIDDLE & ROBINSON, L.L.P.,[1]            :   Case No.  19-12346 (SHL)  
                                                :  
              Debtor                   :   (Jointly Administered with Case No. 19-  
------------------------------------------------------------ x   10747)

**MOTION BY DEBTOR LIDDLE & ROBINSON, L.L.P., PURSUANT TO  
BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE,  
FOR AN ORDER DIRECTING (I) EXAMINATION OF BLAINE H.  
BORTNICK, AND (II) PRODUCTION OF DOCUMENTS BY  
<u>BLAINE H. BORTNICK, ALONG WITH RELATED RELIEF</u>**

      Liddle & Robinson, L.L.P., as debtor and debtor-in-possession (the "<u>Debtor</u>"), in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), hereby moves this Court (the "<u>Motion</u>") for the entry of an order (the "<u>Order</u>"), substantially in the form attached hereto as **Exhibit B**, directing (I) examination of Blaine H. Bortnick, and (II) production of documents by Blaine H. Bortnick, along with related relief.  In support of this Motion, the Debtor relies on the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2* filed on July 22, 2019 in the Chapter 11 Case (Document 2) (the "<u>First Day Declaration</u>"). In further support of this Motion, the Debtor respectfully states as follows:

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

## BACKGROUND

1.  On July 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

2.  The Debtor is a law firm partnership formed on June 4, 1979. First Day Declaration ¶ 1. Jeffrey L. Liddle is the sole remaining partner of the Firm. First Day Declaration ¶ 4. On March 11, 2019, Mr. Liddle filed a voluntary petition for relief under the Bankruptcy Code. First Day Declaration ¶ 24.

3.  In 2016, the Firm commenced a new lending relationship with three ostensibly-related businesses of Counsel Financial Services LLC: Counsel Financial II LLC ("CF II"), LIG Capital LLC ("LIG"), and, in 2017, Counsel Financial Holdings LLC ("CF Holdings" and, collectively with CF II and LIG, "Counsel Financial" or the "Prepetition Lenders"). The predatory lending practices of Counsel Financial have contributed mightily to the Firm's difficulties. First Day Declaration ¶ 3. Blaine Bortnick, who was an equity partner of the Debtor for approximately 20 years, was the principal negotiator of the lending relationship between the Debtor and Counsel Financial. Bortnick also signed the loans documents, as well as a Security Agreement and Guaranty related to a Revolving Promissory Note that the Debtor entered into with CF II. First Day Declaration ¶ 10.

4.  Since his departure from Liddle & Robinson in June 2017, Bortnick has, in conjunction with Counsel Financial, interfered with the Debtor's business affairs by communicating directly with clients of the Debtor, diverting some clients from the Debtor, and interfering with the collection of fees from some of these clients.

## RELIEF REQUESTED

5.  Debtor seeks to examine Blaine H. Bortnick ("Bortnick"), a former partner of the Firm, under oath, pursuant to Bankruptcy Rule 2004, regarding his interactions with Counsel

Financial and his role in otherwise interfering with the Firm's business affairs.  Debtor also requests that the Bortnick be required to produce various documents, prior to the examination, which are listed on **Exhibit A**.

      6.      Debtor's examination of Bortnick will include, without limitation, the following topics:

    (a) Bortnick's departure from Liddle & Robinson.

    (b) Bortnick's management and supervisory role at Liddle & Robinson.

    (c) Bortnick's role in negotiating loan agreements with Counsel Financial.

    (d) Any Liddle & Robinson cases that Bortnick continued working on following his departure from Liddle & Robinson, including any fee arrangements regarding such cases.

    (e) Any agreements between Bortnick, on the one hand, and Counsel Financial, Rasco Klock or any former partner of Liddle & Robinson, regarding (1) Bortnick's law practice after he left Liddle & Robinson; (2) Liddle & Robinson; or (3) current or former Liddle & Robinson clients.

    (f) Any communications with Counsel Financial, Rasco Klock, or any former partner of Liddle & Robinson regarding (1) Bortnick's law practice after he left Liddle & Robinson; (2) Liddle & Robinson; or (3) Liddle & Robinson clients.

    (g) Any communications with Read McCaffrey (from August 2015-present) regarding Rasco Klock or Liddle & Robinson's current or former clients.

    (h) All communications with James W. Halter during the 341 Examinations of Jeffrey Lew Liddle.

    (i) All communications between Bortnick and David Wander, or any attorney at Davidoff Hutcher & Citron LLP, at any time, regarding Liddle & Robinson, its clients (including the GlaxoSmithKline clients), the Counsel Financial loans, Liddle & Robinson's cases, or Jeffrey Lew Liddle.

      7.      Bankruptcy Rule 2004 empowers the Bankruptcy Court to order the examination of any person, including the debtor, upon written motion as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004.  The scope of inquiry under Rule 2004 is intended

to be very broad, unfettered and in the nature of a fishing expedition. *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Valley Forge Plaza Assocs.*, 109 B.R. 451, 453 (Bankr. D. Mass. 1983); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); I*n re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re GHR Cos.*, 41 B.R.. 655, (Bankr., D. Mass, 1983); *In re Vantage Petroleum Corp.*, 34. B.R. 650, 651 (Bankr. E.D.N.Y. 1983). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994).

8. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. Debtor submits that the relief request, pursuant to Rule 2004 and as supplemented by § 105(a), is reasonable and proper and in the best interests of the Debtor's estate.

10. Debtor intends for its examination of Bortnick and Bortnick's production of documents to be conducted in an orderly and reasonable manner, providing Bortnick with sufficient time to comply with all reasonable requests and demands, and with a minimum amount of intrusion into Bortnick's legitimate privacy concerns, under the circumstances.

## **NOTICE**

11. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for Southern District of New York; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) (on a consolidated basis); (c)

all secured lenders; and (d) Blaine H. Bortnick. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

12.  No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in form attached hereto as **Exhibit B**, directing (I) examination of Blaine H. Bortnick, and (II) production of documents by Blaine H. Bortnick, along with related relief.

| | |
|---|---|
| Dated:  September 4, 2019<br>         New York, New York | Respectfully submitted,<br><br>*/s/ William F. Gray, Jr.*<br>FOLEY HOAG LLP<br>William F. Gray, Jr.<br>Alison D. Bauer<br>1301 Avenue of the Americas<br>New York, New York 10019<br>Tel:  646.927.5500<br>Fax:  646.927.5599<br>wgray@foleyhoag.com<br>abauer@foleyhoag.com<br><br>*Proposed Attorneys for Debtor and Debtor in Possession* |

**Exhibit A**
**Document Request For Rule 2004 Examination Of Blaine H. Bortnick By Debtor**

19-12346-shl    Doc 51    Filed 09/04/19    Entered 09/04/19 18:33:02    Main Document
Pg 6 of 11

**DOCUMENT REQUEST FOR RULE 2004 EXAMINATION OF BLAINE H. BORTNICK BY DEBTOR**

1. Any and all agreements, and drafts of agreements, between Bortnick, on the one hand, and Counsel Financial, Rasco Klock or any former Liddle & Robinson partner, regarding Bortnick's or any former Liddle & Robinson partner's law practice after leaving Liddle & Robinson, Liddle & Robinson, Jeffrey Lew Liddle, or Liddle & Robinson clients.

2. Any and all communications from August 1, 2016 to present between Bortnick, on the one hand, and Counsel Financial, Rasco Klock or any former Liddle & Robinson partner, associate or other attorney regarding Bortnick's law practice after he left Liddle & Robinson, Liddle & Robinson, Jeffrey Lew Liddle or Liddle & Robinson current or former clients.

3. Any and all communications from August 1, 2016 to present between Bortnick and any current or former Liddle & Robinson clients regarding Bortnick's departure from Liddle & Robinson, Bortnick's continued representation of any such clients, or any efforts to move such clients from Liddle & Robinson.

4. Any communications from August 1, 2015 to present between Bortnick and Read McCaffrey regarding Rasco Klock or Liddle & Robinson's current or former clients.

5. All communications between Bortnick and James W. Halter during the 341 Examinations of Jeffrey Lew Liddle.

6. Any and all lists or memorandum describing or identifying any of the cases that Bortnick handled at Liddle & Robinson and/or attempted to move or divert from Liddle & Robinson following his departure.

7. Copies of any Liddle & Robinson files or documents, whether in hard copy or electronic form, that Bortnick copied or otherwise took or obtained from Liddle & Robinson on or after January 1, 2017. This request includes without limitation all files or documents concerning Liddle & Robinson clients in Bortnick's possession, custody or control, including without limitation all files he received from anyone other person or source, including other former partners of Liddle & Robinson.

8. Income tax returns and copies of K-1s for Bortnick for tax years 2015, 2016, 2017 and 2018.

9. All communications between or among Bortnick, or any representative of Bortnick (including Richard Grimm), on the one hand, and David Wander, or any attorney at Davidoff Hutcher & Citron LLP or any attorney at Hodgson Russ LLP, on the other hand, at any time, regarding Liddle & Robinson, its clients (including the GlaxoSmithKline clients), the Counsel Financial loans, Liddle & Robinson's cases, or Jeffrey Lew Liddle.

10. Notes of all conversations and copies of all documents reviewed during conversations between Bortnick, or any representative of Bortnick, and anyone at or representing Counsel Financial, including counsel, from August 1, 2016 to the present.

11. All affidavits or declarations, all drafts of any such affidavits or declarations and all communications concerning any such drafts or declarations prepared for use or possible use in the matter *Counsel Financial II LLC v. Liddle & Robinson LLP, et al.*, Index No. 814703/2018.

12. All documents and communications concerning any settlement agreement reached by Bortnick in the matter *Counsel Financial II LLC v. Liddle & Robinson LLP, et al.*, Index No. 814703/2018.

13. All documents and communications concerning the representation of Gustavo Albuquerque, including without limitation all timesheets, bill or invoices. If attorney-client privilege is asserted, a list by date of all communications with Littler Mendelson and/or Banco Santander.

14. All documents and communications concerning the resolution of the matter Weiner v. Douglas Elliman, including the calculation of the fee in the matter and to whom the fee was paid.

15. All documents and communications concerning the resolution of the matter Negrete v. Citibank (S.D.N.Y.), including the calculation of the fee in the matter and to whom the fee was paid.

16. All documents and communications concerning the resolution of the American Express Class Action (E.D.N.Y.), including the calculation of the fee in the matter, to whom the fee was paid, the status of any fee owed to Liddle & Robinson or Liddle & Robinson's fee application.

17. All timesheets, bills or invoices for the matter Innucci v. Santander Securities LLC.

**<u>Exhibit B</u>**
**<u>Proposed Order</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                :

In re                                         :     Chapter 11

LIDDLE & ROBINSON, L.L.P.,[1]         :     Case No. 19-12346 (SHL)

                Debtor                     :     (Jointly Administered with Case No. 19-
---------------------------------------------------------- x  10747)

**<u>ORDER GRANTING MOTION BY DEBTOR LIDDLE & ROBINSON, L.L.P., PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER DIRECTING (I) EXAMINATION OF BLAINE H. BORTNICK, AND (II) PRODUCTION OF DOCUMENTS BY BLAINE H. BORTNICK, ALONG WITH RELATED RELIEF</u>**

Upon the motion (the "Motion")[2] of Liddle & Robinson, L.L.P., as debtor and debtor-in-possession (the "Debtor"), in the above-captioned case (the "Chapter 11 Case"), for an Order directing (I) examination of Blaine H. Bortnick, and (II) production of documents by Blaine H. Bortnick, along with related relief; it appearing that the relief requested is in the best interest of the Debtor's estate, his creditors and other parties in interest; it appearing that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

    1.    The Motion is granted as set forth herein.

    2.    Blaine H. Bortnick shall be examined, under oath, by Debtor, pursuant to Bankruptcy Rule 2004, upon at least thirty (30) days prior written notice by Debtor to Blaine H. Bortnick, which shall be held at the office of Debtor's attorneys. Any creditor or creditors committee, if one is formed, shall be entitled to attend, but not participate in, such examination, without the written consent of both Debtor and Blaine H. Bortnick or further order of this Court.

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3. Blaine H. Bortnick shall produce the documents listed on Exhibit "A" to the Motion, by delivering such documents to Debtor's attorneys, within twenty-one (21) days from the date of entry of this Order.

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: _____ __, 2019
New York, New York

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE