**Hearing: September 19, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: September 12, 2019 at 4:00 p.m. (Eastern Time)**

William F. Gray, Jr.
Alison D. Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                                                          :
In re                                                     :   Chapter 11
                                                          :
LIDDLE & ROBINSON, L.L.P.,[1]                             :   Case No.  19-12346 (SHL)
                                                          :
                            Debtor                        :   (Jointly Administered with Case No. 19-
-------------------------------------------------------- x   10747)

**NOTICE OF HEARING ON APPLICATION OF LIDDLE & ROBINSON, LLP
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF RICHARD J. LYNNE AS TAX ACCOUNTANT TO LIDDLE &
ROBINSON, LLP EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that a hearing on the annexed Application of Liddle &

Robinson, L.L.P., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter

11 case, for entry of an Order Authorizing the Employment and Retention of Richard J. Lynne as

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

Tax Accountant to Liddle & Robinson, L.L.P. *Nunc Pro Tunc* to the Petition Date (the "Application"), will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, on September 19, 2019 at 10:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application (the "Objections") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court and served upon and received by Foley Hoag LLP, proposed attorneys for Debtor, at their offices located at 1301 Avenue of the Americas, New York, New York 10019, so as to be received no later than September 12, 2019 at 4:00 p.m. (Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
      September 5, 2019

FOLEY HOAG LLP

By: */s/ William F. Gray, Jr.*

William F. Gray, Jr.
Alison D. Bauer
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Proposed Attorneys for the Debtor
and Debtor in Possession*

**Hearing: September 19, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: September 12, 2019 at 4:00 p.m. (Eastern Time)**

William F. Gray, Jr.
Alison D. Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
In re                                                      :   Chapter 11
                                                           :
LIDDLE & ROBINSON, L.L.P.,[1]                              :   Case No.  19-12346 (SHL)
                                                           :
                         Debtor                            :   (Jointly Administered with Case No. 19-
---------------------------------------------------------- x   10747)

### APPLICATION OF LIDDLE & ROBINSON, LLP FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF RICHARD J. LYNNE AS TAX ACCOUNTANT TO LIDDLE & ROBINSON, LLP EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Liddle & Robinson, LLP (the "Debtor") respectfully states the following in support of this

application (this "Application"):

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

## Relief Requested

The Debtor seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtor's employment and retention of Richard J. Lynne, C.P.A., P.C. (the "Lynne Firm"), effective *nunc pro tunc* to the date of commencement of the Debtor's chapter 11 case (the "Petition Date"), as tax accountant in accordance with the terms and conditions set forth in that certain engagement letter dated August 23, 2019 by and among the Debtor and the Lynne Firm (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**. In support of this Application, the Debtor respectfully submits the declaration of Richard Lynne (the "Lynne Declaration"), attached hereto as **Exhibit C** and incorporated herein by reference, and respectfully states as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and rules 2014-1, and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

4.      On the Petition Date, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

5.      Information regarding the Debtor's business, finances, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2* (the "***First Day Declaration***"), sworn to and filed with the Court on the Petition Date.[2]

**Retention of the Lynne Firm**

6.      The Debtor has selected the Lynne Firm as its accountant due to the Lynne Firm's extensive experience in preparing tax returns for professional service firms such as the Debtor as well as the Lynne Firm's reputation as a provider of tax accounting and tax return preparation services generally.

7.      The Lynne Firm is a tax accounting firm with considerable experience in tax planning and preparation, accounting services, bookkeeping, financial planning, computer consulting, and real estate management accounting.  The Lynne Firm provides tax accounting services to a range of diverse clients, and most relevant to the Debtor, has experience preparing tax returns for professional services firms, including law firm partnerships.  Richard Lynne has worked with the Debtor in various capacities since 1983, including providing tax accounting services with a prior accounting firm and in mutual client matters and as an expert witness.

---

[2]      Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the First Day Declaration.

8.     The Debtor is familiar with the professional standing and reputation of the Lynne

Firm and has selected the Lynne Firm as its tax accountant, in part, because the Lynne Firm can

provide the Debtor with the necessary services as detailed in the Engagement Letter.  The Debtor

believes the Lynne Firm is well-qualified and able to prepare and file the Debtor's tax returns

and ancillary tax forms in an efficient and timely manner. Thus, the Debtor submits that the

employment and retention of the Lynne Firm as its tax accountant is in the best interests of the

Debtor, its creditors, and all parties in interest.

## Scope of Services

9.     Subject to further order of the Bankruptcy Court, and consistent with the

Engagement Letter, the Debtor requests the employment and retention of the Lynne Firm to

render the following services (the "Services"):

a.     Preparation of the Debtor's 2017, 2018, and 2019 federal, New York State, and
New York City partnership income tax returns;

b.     Preparation of ancillary tax forms for the tax returns, including Forms 1099,
1099-R, and 945;

c.     Preparation of Profit-Sharing Census & Submission to Actuary;

d.     Preparation of Allocations of Partnership Income;

e.     Preparation of Payroll Tax Returns for the second, third, and fourth quarters of
2018 and all of 2019;

f.     Preparation of Annual Payroll Reporting for 2018 and 2019;

g.     Preparation of tax basis depreciation schedules; and

h.     Correspondence with Taxing Agencies regarding late filing.

10.    Richard Lynne will have primary responsibility for providing the Services to the

Debtor in this bankruptcy case.  The Debtor submits that the Services to be performed by the

Lynne Firm are not duplicative of the Services being performed by EisnerAmper LLP, the

accountant retained by the Debtor and the Debtor's managing partner in his jointly administered

individual case.  EisnerAmper is acting in the capacity of a financial advisor in the chapter 11

cases, including by monitoring of the activities of the Debtor's business, preparing monthly

operating reports, budgets, and projections, and assisting with the preparation of schedules of

assets and liabilities and statements of financial affairs.  The Lynne Firm, by contrast, is

narrowly focused on the preparation of the Debtor's federal and state tax returns and forms

ancillary thereto.

11.    The Lynne Firm will also continue to assist the Debtor with any bookkeeping

related to taxes in the ordinary course of the Debtor's business.  Such services are not performed

under the terms of the Engagement Letter, which specifically relates to the Services.

## **Professional Compensation**

12.    The Debtor understands that the Lynne Firm intends to apply to the Bankruptcy

Court for the allowance of compensation for professional services rendered and reimbursement

of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court.

13.    Subject to approval by the Bankruptcy Court, and as more fully set forth in the

Engagement Letter, Mr. Lynne and the Debtor have negotiated fees for the Services to be

performed which will be paid by the Debtor upon approval of this Bankruptcy Court.

14.     Mr. Lynne and the Debtor estimate that the fees for the Services will be between $50,000 to $60,000, plus reasonable and documented out-of-pocket expenses incurred in connection with the Lynne Firm's performance of the Services.

15.     The Debtor has paid an up-front fee of $20,000 to the Lynne Firm.  The balance will be due upon completion of the tax returns.

16.     The Lynne Firm intends to follow the requirements of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1, and the U.S. Trustee Guidelines, with regards to professional time records.

17.     The Debtor believes that the fees and expenses described above are reasonable, within the market for similar services, and designed to fairly compensate the Lynne Firm for its work and to cover fixed and routine overhead expenses.

### The Lynne Firm's Disinterestedness

18.     To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Lynne Declaration, the Lynne Firm: (a) has no connection with the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the U.S. Trustee or any person employed by the Office of the U.S. Trustee, (b) does not hold any interest adverse to the Debtor's estate; and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

19.     Mr. Lynne has agreed to waive the Lynne Firm's approximately $4,000 prepetition claim for services provided and has no other claims against the Debtor.  Accordingly, the Debtor believes that the Lynne Firm is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

20.     In addition, as set forth in the Lynne Declaration, if any new material facts or

relationships are discovered or arise, the Lynne Firm will provide the Bankruptcy Court with a

supplemental declaration.

### Basis for Relief

**II.     The Debtor Should be Permitted to Retain and Employ The Lynne Firm on the Terms in the Engagement Letter Pursuant to Sections 327 and 328(a) of the Bankruptcy Code**

21.     Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to

employ professionals that "do not hold or represent an interest adverse to the estate, and that are

disinterested persons." 11 U.S.C. § 327(a). As discussed above, the Lynne Firm satisfies the

disinterestedness standard of section 327(a). The Debtor submits that the retention of the Lynne

Firm under the terms described herein is appropriate under section 328(a) of the Bankruptcy

Code.

22.     Section 328(a) of the Bankruptcy Code authorizes the employment of a

professional person "on any reasonable terms and conditions of employment, including on a

retainer . . ." 11 U.S.C. § 328(a). Section 328 permits the compensation of professionals on more

flexible terms that reflect the nature of their services and market conditions. As the United States

Court of Appeals for the Fifth Circuit has recognized:

> Prior to 1978 the most able professionals were often unwilling to work for
> bankruptcy estates where their compensation would be subject to the uncertainties
> of what a judge thought the work was worth after it had been done. That uncertainty
> continues under the present §330 of the Bankruptcy Code, which provides that the
> court award to professional consultants "reasonable compensation" based on
> relevant factors of time and comparable costs, etc. Under present §328 the
> professional may avoid that uncertainty by obtaining court approval of
> compensation agreed to with the trustee (or debtor or committee).

*In re National Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (internal citations omitted).

23.     Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005, certain modifications were made to section 328(a) of the Bankruptcy Code, which

now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the
> court's approval, may employ or authorize the employment of a professional person
> under section 327 or 1103 of this title, as the case may be, on any reasonable terms
> and conditions of employment, including on a retainer, on an hourly bases, on a
> fixed percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code, as amended, makes clear that debtors

may retain, subject to bankruptcy court approval, professionals on a fixed fee basis. Additionally,

as indicated above, notwithstanding their retention pursuant to section 328(a) of the Bankruptcy

Code, the Lynne Firm intends to submit applications for payment of compensation in this chapter

11 case.

24.     The Bankruptcy Court's approval of the Debtor's retention of the Lynne Firm in

accordance with the terms and conditions of the Engagement Letter is warranted. As discussed

above and in the Lynne Declaration, the Lynne Firm satisfies the disinterestedness standard in

section 327(a) of the Bankruptcy Code and retention of the Lynne Firm pursuant to

section 328(a) of the Bankruptcy Code is appropriate in these circumstances. Further, the Lynne

Firm is familiar with the Debtor's business as Mr. Lynne has been providing services since 1983.

The Debtor believes that the Lynne Firm is well qualified to provide the Services to the Debtor

in a cost-effective, efficient, and timely manner.

25.     The Debtor, therefore, submits that the terms and conditions of the Lynne Firm's

retention as described herein, including the proposed compensation terms, are reasonable and in

keeping with the terms and conditions typical for engagements of this size and character. Given

the complexity of the work that must be completed, it is reasonable for the Debtor to seek to

employ and retain the Lynne Firm to serve on the terms and conditions set forth herein.

III.    **Employment and Retention of The Lynne Firm Should be Effective *Nunc Pro Tunc*
to The Petition Date**

26.     The Debtor also believes that employment of the Lynne Firm effective *nunc pro
tunc* to the Petition Date is warranted under the circumstances of these chapter 11 cases. The
Lynne Firm has provided, and will continue to provide, valuable services to the Debtor. The
employment and retention of the Lynne Firm is a sound exercise of the Debtor's business
judgment. The Debtor believes that the Lynne Firm will provide services that benefit the
Debtor's estate and creditors. In light of the foregoing, the Debtor believes that retention of the
Lynne Firm and its professionals is appropriate and in the best interests of the Debtor and its
estate and creditors.

**No Prior Request**

27.     No prior request for the relief sought herein has been made by the Debtor to this
or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court (a) enter the
Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein
and (b) grant such other and further relief as is just and proper.

Dated: New York, New York
September 5, 2019

FOLEY HOAG LLP

By: */s/ William F. Gray, Jr.*

William F. Gray, Jr.
Alison D. Bauer
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Proposed Attorneys for the Debtor
and Debtor in Possession*

# **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                     :

In re                                    :   Chapter 11
                                                     :

LIDDLE & ROBINSON, L.L.P,[1]       :   Case No.  19-12346 (SHL)
                                                     :

                 Debtor             :   (Jointly Administered with Case No. 19-
-------------------------------------------------------- x   10747)


**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
RICHARD LYNNE AS TAX ACCOUNTANT TO DEBTOR EFFECTIVE *NUNC PRO
TUNC* TO THE PETITION DATE**

Upon the application [ECF No. [ ]]  (the "***Application***")[2] of the above-captioned debtor and

debtor in possession (the "***Debtor***") for entry of an order (this "***Order***") pursuant to sections 327(a)

and 328(a) of title 11 of the United States Code (the "***Bankruptcy Code***") authorizing the Debtor

to employ and retain Richard Lynne, C.P.A., P.C. (the "***Lynne Firm***") as accountants, as more

fully set forth in the Application; and upon the *Declaration of Richard Lynne in Support of*

*Application for Order Authorizing Retention and Employment of Richard Lynne as Accountant*

*Effective Nunc Pro Tunc to The Petition Date* annexed to the Application as **Exhibit C**; and the

Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

that the Bankruptcy Court may enter a final order consistent with Article III of the United States

Constitution; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Bankruptcy Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Bankruptcy

Court having found that the relief requested in the Application is in the best interests of the

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

- 2 -

Debtor's estate, its creditors, and other parties in interest; and the Bankruptcy Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Bankruptcy Court having reviewed the Application; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is hereby authorized to retain the Lynne Firm as accountant to the Debtor, *nunc pro tunc* to the Petition Date.

3.      The Lynne Firm shall file applications and be compensated for the Services and related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013.

4.      To the extent informed by the Debtor, the Lynne Firm shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in the chapter 11 case.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      To the extent there is inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

- 3 -

7.      Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

8.      The Debtor is authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Application.

9.      The Bankruptcy Court retains jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.


 Dated: _____, 2019
          New York, New York

                                            _____
                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

- 4 -

**<u>EXHIBIT B</u>**

**Engagement Letter**



# Richard J. Lynne CPA, P.C.
## CERTIFIED PUBLIC ACCOUNTANTS

2 Westchester Park Drive
White Plains, NY 10604
t. 914.831.1800
f. 914.946.8445
e. info@rlynnecpa.com
www.rlynnecpa.com

August 23, 2019

Mr. Jeffrey L. Liddle
Liddle & Robinson, LLP
420 East 54th. Street #713
New York, NY 10022

Dear Jeffrey:

We appreciate the opportunity to work with you. This letter is to outline the terms of our engagement to provide tax services for Liddle & Robinson, LLP for the years ended 2017, 2018 and 2019, to clarify the nature and extent of the services we will provide, and to confirm an understanding of our mutual responsibilities.

As part of our engagement we will:

Prepare the Partnership's 2017, 2018, and 2019 federal, New York State and New York City partnership income tax returns from information provided by you.

Perform any bookkeeping necessary for preparation of the income tax returns

Prepare tax basis depreciation schedules

Preparation of 2017 Forms 1099

Preparation of Profit-Sharing Census & Submission to Actuary- 2017

Preparation of 2017 Profit Sharing 1099-R & form 945

Preparation of 2017 Allocations of Partnership Income

Preparation of 2018 Profit Sharing 1099-R & form 945

Preparation of 2018 Forms 1099

# Innovation   Experience   Results

# Richard J. Lynne CPA, P.C.
### CERTIFIED PUBLIC ACCOUNTANTS

**Liddle & Robinson**
**Page 2**

Preparation of Books and Records for the 2018 Tax Year

Preparation of Payroll Tax Returns for the 2nd, 3rd and Fourth Quarters of 2018

Preparation of Annual Payroll Reporting-2018

Preparation of Profit-Sharing Census & Submission to Actuary- 2018

Preparation of 2018 Allocations of Partnership Income

Correspondence with Taxing Agencies Regarding Late Filing

It is your responsibility to provide all the information required for the preparation of complete and accurate returns. You represent that the information you provide will be accurate and complete to the best of your knowledge. we will not audit or otherwise verify the information provided, although we may ask for clarification if the information appears to be incorrect, inconsistent, or incomplete. our work in connection with the preparation of your income tax returns does not include any procedures designed to discover errors or other irregularities, should any exist. **You have the final responsibility for the partnership income tax returns and, therefore, you should carefully review them before you sign and file them.**

You should retain all the documents, canceled checks and other data that form the basis of income, deductions, credits and payments shown on the return. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority.

We will use our judgment to resolve questions in your favor where the tax law is unclear or where there are conflicts between the taxing authorities' interpretation of the law and what seem to be other supportable positions. There may be situations where we are required by law to disclose a position on a tax return. We are not attorneys; therefore, we cannot provide you with a legal opinion on various tax positions. we can, however, advise you of the consequences of different positions. we will adopt whatever position you request on your returns so long as it is consistent with our professional standards and ethics. In the event, however, that you ask us to take an unsupported tax position or refuse to make any required disclosures, we reserve the right to withdraw from the engagement without completing or delivering the tax returns. Such withdrawal

Innovation   Experience   Results



**Richard J. Lynne** CPA, P.C.
CERTIFIED PUBLIC ACCOUNTANTS

**Liddle & Robinson**
**Page 3**

would complete our engagement and you agree to pay our fees based on time expended (at our standard rates) plus all out-of-pocket expenses through the date of withdrawal.

Your returns may be selected for examination or audit by the tax authorities. In the event of such governmental tax examination, we would be pleased to represent you under the terms of a separate engagement letter.

Your return may be electronically filed with the IRS, New York State and New York City. We will provide you with a copy of your final returns for review prior to electronic transmission. The IRS, New York State and New York City requires that you sign an e-file authorization form indicating that you have reviewed the return, it is correct to the best of your knowledge, and you authorize us to submit it electronically. we cannot transmit any return until we have the appropriate signed authorizations.

Our fee for these services will be based upon the amount of time required at our standard billing rates plus out-of-pocket expenses. we estimate our fees for these returns and other matters described above will be between $50,000 and $60,000, plus any out-of-pocket expenses, such as postage, overnight delivery, etc. A retainer of $20,000 is required when you submit your information. The balance is due upon completion of the returns.

You may terminate this engagement at any time. Should you do so, however, you remain liable for all unpaid fees as discussed above. we reserve the right to withdraw from this engagement at any time because of unpaid fees, the guidance of our professional standards, or for any other reason. we will notify you in advance of any decision by us to withdraw, and will take all reasonable steps to assist in the orderly transfer of your tax services. Otherwise, this engagement will be considered complete upon acceptance of your e-filed returns by the tax authorities. In the event that your returns are not e-filed, you will have final responsibility for mailing your returns to the applicable taxing authorities.

Innovation    Experience    Results



# Richard J. Lynne CPA, P.C.
### CERTIFIED PUBLIC ACCOUNTANTS

**Liddle & Robinson**
**Page 4**

If the foregoing is in accordance with your understanding, please sign the enclosed copy of this letter in the space provided and return it to us along with your tax information.

If you have any questions, please do not hesitate to contact us. We appreciate the opportunity to work with you.

Sincerely,
Richard J. Lynne, CPA, P.C.


Richard J. Lynne, President


Accepted by:

_____
Signature

August 27, 2019                    Partner
_____
Date                    Title

## Innovation   Experience   Results

## **EXHIBIT C**

**Declaration of Richard Lynne**

William F. Gray, Jr.
Alison D. Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                                                         :
In re                                                    :   Chapter 11
                                                         :
LIDDLE & ROBINSON, L.L.P.,[1]                            :   Case No.  19-12346 (SHL)
                                                         :
                          Debtor                         :   (Jointly Administered with Case No. 19-
-------------------------------------------------------- x   10747)

**DECLARATION OF RICHARD LYNNE IN SUPPORT OF THE APPLICATION OF
LIDDLE & ROBINSON, LLP FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF RICHARD LYNNE AS TAX ACCOUNTANT
TO LIDDLE & ROBINSON, LLP EFFECTIVE *NUNC PRO TUNC* TO THE PETITION
DATE**

         RICHARD LYNNE declares under penalty of perjury that:

   1.       I am a Certified Public Accountant and the founder of Richard Lynne, C.P.A.,

P.C. (the "Lynne Firm"), Certified Public Accountants, which maintains offices at 2 Westchester

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

-3-

Park Drive, Suite 106, White Plains, New York 10604 and as such am fully familiar with the

facts and circumstances as set forth herein.

2.      My firm has considerable experience in the tax planning and preparation,

including for professional service firms such as the Debtor.

3.      This affidavit is being submitted in connection with the application of the Debtor

to retain the Lynne Firm as its tax accountant in the above-captioned Chapter 11 Debtor case.

4.      To the best of my knowledge and belief, my firm is a "disinterested person"

within the meaning of Section 101(14) of the Bankruptcy Code, and has no interest, nor does it

represent or will it represent any interest adverse to the Debtor, creditors, parties-in-interest or

their respective attorneys or accountants.  James Batson, a former partner of the Debtor, is a

current client of the Lynne Firm in connection with his personal tax returns.  The Lynne Firm

does not represent Mr. Batson in a capacity that is adverse to the Debtor or other parties-in-

interest.  In the course of its practice, the Lynne Firm may also have been retained in other

matters in which some of the parties to this proceeding may have been parties.

5.      I have reviewed a list of parties in interest (the "Conflict Parties") as they are

currently known, including the lists of secured and unsecured creditors and have determined to

the best of my knowledge and after due inquiry that the Lynne Firm has not represented any such

entity, other than as described above.

6.      I have discussed the services required with the Debtor and its attorneys, which

services consist of the following:

   a.   Preparation of the Debtor's 2017, 2018, and 2019 federal, New York State, and
        New York City partnership income tax returns;

   b.   Preparation of ancillary tax forms for the tax returns, including Forms 1099,
        1099-R, and 945;

   c.   Preparation of Profit-Sharing Census & Submission to Actuary;

- 4 -

    d.       Preparation of Allocations of Partnership Income;

    e.       Preparation of Payroll Tax Returns for the second, third, and fourth quarters of 2018 and all of 2019;

    f.       Preparation of Annual Payroll Reporting for 2018 and 2019;

    g.       Preparation of tax basis depreciation schedules; and

    h.       Correspondence with Taxing Agencies regarding late filing.

7.       The Lynne Firm will also continue to assist the Debtor with bookkeeping related to taxes in the ordinary course of the Debtor's business, which services are not covered by the Engagement Letter for the Services.

8.       I believe that these services are not duplicative of the services being performed by EisnerAmper LLP or any other professional working with the Debtor.  These services will be narrowly focused on the preparation of the Debtor's federal tax returns and forms ancillary thereto.

9.       As of the date of the Debtor's commencement of its chapter 11 case, the Debtor owed $4,439.08 to the Lynne Firm on account of prepetition services.  The Lynne Firm has agreed to waive this claim and has no other prepetition claims against the Debtor.

10.       I estimate that the fees for the Services will be between $50,000 to $60,000, plus reasonable and documented out-of-pocket expenses incurred in connection with Lynne's performance of the Services.  The Lynne Firm received a prepayment of $20,000 for the Services on [ ].  The balance will be due upon completion of the tax returns.

11.       The Lynne Firm shall seek to be compensated for services rendered and for the reimbursement of disbursements upon appropriate application to this court in accordance with the bankruptcy code, bankruptcy rules, fee guidelines and the terms of any administrative procedures order entered in this case regarding the filing of applications for compensation.

- 5 -

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2019

_____

Richard J. Lynne, C.P.A.