# **<u>EXHIBIT B</u>**

FILED: NEW YORK COUNTY CLERK 05/08/2015 01:44 PM
NYSCEF DOC. NO. 64
19-12346-shl    Doc 55-2    Filed 09/05/19    Entered 09/05/19 18:22:01    Exhibit B
Pg 2 of 10
INDEX NO. 159781/2014
RECEIVED NYSCEF: 05/08/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

**MICHAEL BARR,**

    **Plaintiff,**

-against-

**LIDDLE & ROBINSON, LLP and JEFFREY L. LIDDLE,**

    **Defendants.**

INDEX NO. 159781/14

ANSWER TO COMPLAINT AND
AFFIRMATIVE DEFENSES

---

Defendants, Liddle & Robinson and Jeffrey L. Liddle, as and for their Answer to the Complaint, upon information and belief, respectfully allege:

## INTRODUCTION

1. Admit as it pertains to these answering defendants those allegations of the Complaint set forth in paragraph numbered 2.

2. Deny each and every allegation of the Complaint contained in paragraphs numbered 5, 7, 8, 9, 10, and 11.

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of the Complaint set forth in paragraph numbered 1.

4. These answering defendants lack sufficient knowledge or information at this time to either admit or deny the allegations of the Complaint set forth in paragraphs numbered 3, 4, and 6.

## BACKGROUND

5.  Deny each and every allegation of the Complaint contained in paragraphs numbered 21 and 22.

6.  These answering defendants lack sufficient knowledge or information at this time to either admit or deny the allegations of the Complaint set forth in paragraphs numbered 12, 13, 14, 15, 16, 17, 18, 19, 20, and 23.

## PLAINTIFF ENGAGES L&R

7.  Deny each and every allegation of the Complaint contained in paragraphs numbered 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43.

8.  These answering defendants lack sufficient knowledge or information at this time to either admit or deny the allegations of the Complaint set forth in paragraphs numbered 24 and 44.

## ANSWERING AS AND FOR A FIRST CAUSE OF ACTION
## (LEGAL MALPRACTICE/NEGLIGENCE)

9.  As to paragraph 45, defendants repeat their denials to the allegations of the Complaint contained in paragraphs numbered one through forty-four.

10. Deny each and every allegation of the Complaint contained in paragraphs numbered 46, 47, 48, 49, 50, 51, 52, 53, and 54.

## ANSWERING AS AND FOR A SECOND CAUSE OF ACTION
## (LEGAL MALPRACTICE/NEGLIGENCE)

11. As to paragraph 55, defendants repeat their denials to the allegations of the Complaint contained in paragraphs numbered one through fifty-four.

12. Deny each and every allegation of the Complaint contained in paragraphs numbered 56, 57, 58, and 59.

## ANSWERING AS AND FOR A THIRD CAUSE OF ACTION
## (LEGAL MALPRACTICE/NEGLIGENCE)

13. As to paragraph 60, defendants repeat their denials to the allegations of the Complaint contained in paragraphs numbered one through fifty-nine.

14. Deny each and every allegation of the Complaint contained in paragraphs numbered 61, 62, 63, 64, 65, and 66.

## AS AND FOR AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Whatever injuries were sustained by the plaintiff or whatever damages were sustained by said plaintiff at the time of the incident involved herein were the result of the culpable conduct of the plaintiff, or the codefendants and/or of third persons, without any culpable conduct on the part of the Defendants, Liddle & Robinson, L.L.P. and Jeffrey L. Liddle or its agents, servants and/or employees contributing thereto.

## SECOND AFFIRMATIVE DEFENSE

Any injuries and/or damages sustained by the plaintiff were not as a result of any culpable conduct of the defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the proportion to which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has recovered the cost of medical care, custodial care, rehabilitation services, loss of earnings and other economic loss and any other such future loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff shall be reduced in accordance with the applicable provisions of C.P. L. R. §4545.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed as to these answering defendants for failure to state a cause of action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's method of service and manner of commencing this action was improper and this Court does not have jurisdiction over the defendants.

### SIXTH AFFIRMATIVE DEFENSE

The applicable Statute of Limitations has expired with respect to plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff sustained injury or damage as alleged, such injury or damage was exacerbated by plaintiff's failure to mitigate such injury or damage.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiff has settled with and/or released other defendants and/or entities who are tortfeasors, defendants are entitled to a reduction of any judgment either in total of all of the settlement amounts or the pro-rata share of fault of said tortfeasors, whichever is greater.

### NINTH AFFIRMATIVE DEFENSE

That if it be determined hereafter that plaintiff or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff or party, then and in that event, the answering defendants hereby plead said adverse ruling or award on the theory of collateral estoppel under the authority of MATTER OF AMERICAN INSURANCE CO. (MESSENGER-AETNA CAS. & SUR. CO.), 43 N.Y. 2d 184, 401 N.Y.S. 2d 36; ALTMAN v. QUEENS TR. CORP., 94, Misc. 2d 549, 405 N.Y.S. 2d 212; DERMATOSSIAN v. NEW YORK CITY TRANSIT AUTHORITY, 67 N.Y. 2d 219, 501 N.Y. S. 2d 784; c.f. BALDWIN v.

BROOKS, 83 A.D. 2d 85, 443 N.Y.S. 2d 906; CLEMMENS v. APPLE, 65 N.Y. 2d 746 and SCHULTZ v. BOY SCOUTS OF AMERICA, 65 N.Y. 2d 189.

### TENTH AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over these defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction over these defendants.

### TWELFTH AFFIRMATIVE DEFENSE

That the damages of which the plaintiff complains and alleges were proximately caused by the failure of the plaintiff and other persons, firms or corporations, including other defendants in this case, to follow directions, for which actions these defendants are neither liable or responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

Alleges that all risks and dangers connected with this action were known to and assumed by the plaintiff herein, were open, obvious, notorious and apparent and the plaintiff, in undertaking such activity, assumed the risk thereof.

### FOURTEENTH AFFIRMATIVE DEFENSE

The answering defendants deny the plaintiff's allegations in their entirety.

### FIFTEENTH AFFIRMATIVE DEFENSE

The answering defendants deny directly or proximately causing any damage to the plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The answering defendants deny breach of any duty owed to the plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The answering defendants deny breach of any applicable standard of care.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The answering defendants deny any purposeful or intentional misconduct.

### NINETEENTH AFFIRMATIVE DEFENSE

The answering defendants deny malpractice, carelessness or negligence.

### TWENTIETH AFFIRMATIVE DEFENSE

The answering defendants' conduct was privileged and/or subject to the Professional Judgment Rule.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

No act or omission by the answering defendants caused damage of any type or kind to the plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable defenses of unclean hands, laches and waiver.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiff's comparative fault and/or negligence acts as a bar to recovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by virtue of the doctrine of collateral estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiff's remedies are limited by contract.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The acts and/or omissions of the defendants were ratified by the plaintiff.

WHEREFORE, defendants demand judgment dismissing plaintiff's Complaint with prejudice and awarding them attorneys' fees, costs of suit and such other and further relief as this Court may deem just and proper.

## ANSWER TO CROSSCLAIMS

These defendants deny the allegations of any and all cross-claims filed or which may be filed against these defendants in this matter.

Dated:  New York, New York
        May 8, 2015

                                Yours, etc.

                                _____
                                BRIAN C. HARRIS
                                Attorneys for Defendants
                                Liddle & Robinson and Jeffrey L. Liddle
                                BRAFF, HARRIS, SUKONECK & MALOOF
                                570 W. Mt. Pleasant Ave.
                                Suite 200
                                Livingston, New Jersey 07039
                                (212) 599-2085
                                Our File No. 675.20236

TO:  Alan A. Heller, Esq.
     Garvey, Schubert & Barer
     Attorneys for Plaintiff
     MICHAEL BARR
     100 Wall Street, 20th Floor
     New York, NY 10005

## ATTORNEY'S VERIFICATION

The undersigned, an attorney, admitted to practice law in the State of New York, affirms under penalty of perjury as follows:

That affirmant is a partner in the firm of Braff, Harris, Sukoneck & Maloof, attorneys for Defendants, Liddle & Robinson and Jeffrey L. Liddle, in the within action; that affirmant has read the foregoing Answer to Verified Complaint knows the contents thereof; that the same is true to affirmant's knowledge; except as to the matters stated to be alleged on information and belief and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this Verification is made by affirmant and not by the Defendants is that the Defendants either does not reside or maintain offices in the County in which affirmant maintains his office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:   Livingston, New Jersey
         May 8, 2015

_____
BRIAN C. HARRIS

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW JERSEY  )
                                       )SS.:
COUNTY OF ESSEX       )

MARY SZTYK, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and reside in New Jersey. On the 8th day of May, 2015, I served a true copy of the foregoing Answer to the Complaint, via Electronic Filing and Regular Mail by mailing same in a sealed envelope, with postage prepaid thereon, in official depository of the U.S. Postal Service mailed in the NY area, addressed to the last known address of the addressee(s) as indicated below.

**TO:** Alan A. Heller, Esq.
Garvey, Schubert & Barer
Attorneys for Plaintiff
MICHAEL BARR
100 Wall Street, 20th Floor
New York, NY 10005

_____
MARY SZTYK

Subscribed and sworn to before
on this ___8th___ day of
___May___, 2015.

Witness my hand and official seal.

_____
Notary Public

KERRY MACKEY
Commission # 50007819
Notary Public, State of New Jersey
My Commission Expires
December 31, 2019