William F. Gray, Jr.
Alison D. Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| --------------------------------------------------------- x | : | |
| In re | : | Chapter 11 |
| | : | |
| LIDDLE & ROBINSON, L.L.P.,[1] | : | Case No.  19-12346 (SHL) |
| | : | |
| Debtor | : | (Jointly Administered with Case No. 19- |
| --------------------------------------------------------- x | | 10747) |

**NOTICE OF HEARING ON APPLICATION OF LIDDLE & ROBINSON, LLP FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
THE BENEFIT PRACTICE AS BENEFITS CONSULTANT TO LIDDLE & ROBINSON,
LLP EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

    **PLEASE TAKE NOTICE** that a hearing on the annexed Application of Liddle &

Robinson, L.L.P., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter

11 case, for entry of an Order Authorizing the Employment and Retention of The Benefit Practice

as Benefits Consultant to Liddle & Robinson, L.L.P. *Nunc Pro Tunc* to the Petition Date (the

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

"Application"), will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, on September 19, 2019 at 10:00 a.m. (Eastern Time), or as soon thereafter as counsel may be heard.

   **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Application (the "Objections") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court and served upon and received by Foley Hoag LLP, proposed attorneys for Debtors, at their offices located at 1301 Avenue of the Americas, New York, New York 10019, so as to be received no later than September 12, 2019 at 4:00 p.m. (Eastern Time) (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered with no further notice or opportunity to be heard.

Dated:  September 6, 2019
       New York, New York

Respectfully submitted,

FOLEY HOAG LLP

By: */s/ William F. Gray, Jr.*
William F. Gray, Jr.
Alison D. Bauer
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Proposed Attorneys for the Debtor and Debtor in Possession*

B5038053.1

**Hearing: September 19, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: September 12, 2019 at 4:00 p.m. (Eastern Time)**

William F. Gray, Jr.
Alison D. Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| --------------------------------------------------------- x | |
| | : |
| In re | : Chapter 11 |
| | : |
| LIDDLE & ROBINSON, L.L.P.,[1] | : Case No. 19-12346 (SHL) |
| | : |
| Debtor | : (Jointly Administered with Case No. 19- |
| --------------------------------------------------------- x | 10747) |

### APPLICATION OF LIDDLE & ROBINSON, LLP FOR ENTRY OF
### AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE
### BENEFIT PRACTICE AS BENEFITS CONSULTANT TO LIDDLE & ROBINSON, LLP
### EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Liddle & Robinson, LLP (the "Debtor") respectfully states the following in support of this

application (this "Application"):

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

## Relief Requested

The Debtor seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtor's employment and retention of The Benefit Practice ("TBP"), effective *nunc pro tunc* to the date of commencement of the Debtor's chapter 11 case (the "Petition Date") as benefits consultant in accordance with the terms and conditions set forth in that certain engagement letter dated August 16, 2019 by and among the Debtor and TBP (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**.  In support of this Application, the Debtor respectfully submits the declaration of Daniel Crevani (the "Crevani Declaration"), attached hereto as **Exhibit C** and incorporated herein by reference, and respectfully states as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012.  The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and rules 2014-1, and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

19-12346-shl    Doc 58    Filed 09/06/19    Entered 09/06/19 17:20:14    Main Document
Pg 6 of 27

## Background

4.      On the Petition Date, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

5.      Information regarding the Debtor's business, finances, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2* (the "***First Day Declaration***"), sworn to and filed with the Court on the Petition Date.[2]

## Retention of TBP

6.      The Debtor has selected TBP as a benefits consultant due to TBP's extensive experience advising on profit sharing plan issues, including as a consultant to professional service firms such as the Debtor's.

7.      TBP is a full-service independent retirement consulting firm that assists clients with pension benefit plan creation and implementation.  TBP has assisted the Debtor with work related to its profit sharing plan since 2008 and is familiar with the Debtor's business.

8.      The Debtor is familiar with the professional standing and reputation of TBP and has selected TBP as its benefits consultant with respect to the profit sharing plan, in part, because TBP can provide the Debtor with the necessary services as detailed in the Engagement Letter. The Debtor believes TBP is well-qualified and able to assist with administration of the Debtor's profit sharing plan efficient and timely manner.  Moreover, TBP's work with respect to the profit sharing plan is a necessary step that must be completed before the Debtor's tax accountant,

---

[2]    Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the First Day Declaration.

40593-0001 27438407.4

Richard Lynne, can complete its work on the Debtor's tax returns.  Thus, the Debtor submits that

the employment and retention of TBP as its benefits consultant is in the best interests of the

Debtor, its creditors, and all parties in interest.

## Scope of Services

9.      Subject to further order of the Bankruptcy Court, and consistent with the

Engagement Letter, the Debtor requests the employment and retention of TBP to render the

following services (the "Services"):

a.      Collecting census data and asset statements and confirmation of employer
objectives;

b.      Annual compliance, valuation and government reporting with respect to the profit
sharing plan for 2017, 2018, and 2019;

c.      Coordination of late form filing for 2017;

d.      Assistance with termination resolution for the profit sharing plan; and

e.      Attention to distribution paperwork and tracking.

10.      Daniel Crevani will have primary responsibility for providing the Services to the

Debtor in this bankruptcy case.  The Debtor submits that the Services to be performed by TBP

are not duplicative of the Services being performed by EisnerAmper LLP, the accountant

retained by the Debtor and the Debtor's managing partner in his jointly administered individual

case.  EisnerAmper is acting in the capacity of a financial advisor in the chapter 11 cases,

including by monitoring of the activities of the Debtor's business, preparing monthly operating

reports, budgets, and projections, and assisting with the preparation of schedules of assets and

liabilities and statements of financial affairs.  TBP, by contrast, is narrowly focused on the

administration of the Debtor's profit sharing plan, a task that must be completed for the Debtor's

tax accountant to prepare the Debtor's federal tax returns.

**Professional Compensation**

11.     The Debtor understands that TBP intends to apply to the Bankruptcy Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court.

12.     Subject to approval by the Bankruptcy Court, and as more fully set forth in the Engagement Letter, TBP and the Debtor have negotiated fees for the Services to be performed which will be paid by the Debtor upon approval of this Bankruptcy Court.  The fees for the Services total $34,000.  TBP was paid in advance for its work on July 12, 2019.  TBC will apply for allowance of this amount by a final fee application filed with the Bankruptcy Court.

13.     TBP intends to follow the requirements of the Bankruptcy Code, the Bankruptcy Rules, Local Rule 2016-1, and the U.S. Trustee Guidelines, with regards to professional time records.

14.     The Debtor believes that the fees and expenses described above are reasonable, within the market for similar services, and designed to fairly compensate TBP for its work and to cover fixed and routine overhead expenses.

**TBP's Disinterestedness**

15.     To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Crevani Declaration, TBP: (a) has no connection with the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the U.S. Trustee or any person employed by the Office of the U.S. Trustee, (b) does not hold any interest adverse to the Debtor's estate; and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

16.     Accordingly, the Debtor believes that TBP is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

17.     In addition, as set forth in the Crevani Declaration, if any new material facts or relationships are discovered or arise, TBP will provide the Bankruptcy Court with a supplemental declaration.

## Basis for Relief

## II.    The Debtor Should be Permitted to Retain and Employ TBP on the Terms in the Engagement Letter Pursuant to Sections 327 and 328(a) of the Bankruptcy Code

18.     Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). As discussed above, TBP satisfies the disinterestedness standard of section 327(a). The Debtor submits that the retention of TBP under the terms described herein is appropriate under section 328(a) of the Bankruptcy Code.

19.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . ." 11 U.S.C. § 328(a). Section 328 permits the compensation of professionals on more flexible terms that reflect the nature of their services and market conditions. As the United States Court of Appeals for the Fifth Circuit has recognized:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present §330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present §328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

*In re National Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (internal citations omitted).

20.     Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005, certain modifications were made to section 328(a) of the Bankruptcy Code, which

now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the
> court's approval, may employ or authorize the employment of a professional person
> under section 327 or 1103 of this title, as the case may be, on any reasonable terms
> and conditions of employment, including on a retainer, on an hourly bases, on a
> fixed percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code, as amended, makes clear that debtors

may retain, subject to bankruptcy court approval, professionals on a fixed fee basis. Additionally,

as indicated above, notwithstanding their retention pursuant to section 328(a) of the Bankruptcy

Code, TBP intends to submit applications for payment of compensation in this chapter 11 case.

21.     The Bankruptcy Court's approval of the Debtor's retention of TBP in accordance

with the terms and conditions of the Engagement Letter is warranted. As discussed above and in

the Crevani Declaration, TBP satisfies the disinterestedness standard in section 327(a) of the

Bankruptcy Code and retention of TBP pursuant to section 328(a) of the Bankruptcy Code is

appropriate in these circumstances. Further, TBP is familiar with the Debtor's business as TBP

has been providing services to the Debtor for eleven years.  The Debtor believes that TBP is well

qualified to provide the Services to the Debtor in a cost-effective, efficient, and timely manner.

Lastly, the Services are a necessary prerequisite to the Debtor's tax accountant preparing and

filing the Debtor's federal tax returns.

22.     The Debtor, therefore, submits that the terms and conditions of TBP's retention as

described herein, including the proposed compensation terms, are reasonable and in keeping with

the terms and conditions typical for engagements of this size and character. Given the

complexity of the work that must be completed, it is reasonable for the Debtor to seek to employ

and retain TBP to serve on the terms and conditions set forth herein.

III.    **Employment and Retention of TBP Should be Effective *Nunc Pro Tunc* to the
Petition Date**

23.    The Debtor also believes that employment of TBP effective *nunc pro tunc* to  the

Petition Date is warranted under the circumstances of these chapter 11 cases. TBP has provided,

and will continue to provide, valuable services to the Debtor. The employment and retention of

TBP is a sound exercise of the Debtor's business judgment. The Debtor believes that TBP will

provide services that benefit the Debtor's estate and creditors. In light of the foregoing, the

Debtor believes that retention of TBP and its professionals is appropriate and in the best interests

of the Debtor and its estate and creditors.

## No Prior Request

24.    No prior request for the relief sought herein has been made by the Debtor to this

or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court (a) enter the

Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein

and (b) grant such other and further relief as is just and proper.

Dated: New York, New York
  September 6, 2019

           FOLEY HOAG LLP

           By: */s/ William F. Gray, Jr.*

           William F. Gray, Jr.
           Alison D. Bauer
           1301 Avenue of the Americas
           25th Floor
           New York, New York 10019
           Tel: (646) 927-5500
           Fax: (646) 927-5599

           Meredith S. Parkinson
           155 Seaport Boulevard
           Boston, Massachusetts 02210
           Tel: (617) 832-1000
           Fax: (617) 832-7000

           *Proposed Attorneys for the Debtor*
           *and Debtor in Possession*

# **EXHIBIT A**

## **Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                  :
In re                           : Chapter 11
                                  :
LIDDLE & ROBINSON, L.L.P.,[1]   : Case No.  19-12346 (SHL)
                                  :
             Debtor       : (Jointly Administered with Case No. 19-
-------------------------------------------------------- x  10747)

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
THE BENEFIT PRACTICE AS BENEFITS CONSULTANT TO DEBTOR EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application [ECF No. [ ]]  (the "***Application***")[2] of the above-captioned debtor and debtor in possession (the "***Debtor***") for entry of an order (this "***Order***") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "***Bankruptcy Code***") authorizing the Debtor to employ and retain The Benefit Practice ("***TBP***") as benefits consultant, as more fully set forth in the Application; and upon the *Declaration of Daniel Crevani in Support of Application for Order Authorizing Retention and Employment of The Benefit Practice as Benefits Consultant Effective Nunc Pro Tunc to the Petition Date* annexed to the Application as **Exhibit C**; and the Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Application is in the best interests of the

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

- 2 -

Debtor's estate, its creditors, and other parties in interest; and the Bankruptcy Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Bankruptcy Court having reviewed the Application; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Application is granted as set forth herein.

2.     Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is hereby authorized to retain TBP as benefits consultant to the Debtor, *nunc pro tunc* to the Petition Date.

3.     TBP shall file applications and be compensated for the Services and related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013.

4.     To the extent informed by the Debtor, TBP shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in the chapter 11 case.

5.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.     To the extent there is inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

- 3 -

7.      Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

8.      The Debtor is authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Application.

9.      The Bankruptcy Court retains jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2019
          New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

- 4 -

**<u>EXHIBIT B</u>**

**Engagement Letter**

# The**Benefit**Practice



THERE ARE MANY BENEFITS
TO PARTNERING WITH US

Retirement Plan Proposal Prepared for the:

**Liddle & Robinson, LLP**
**401(k) Profit Sharing Plan**

| | |
|---|---|
| **Type of Plan:** | 401(k) Plan with Employer Profit Sharing Component |
| **Investment Platform:** | Principal and Brokerage Accounts |

**Presented in this proposal are the services and fees associated with the administration to terminate the organization's defined contribution plan**

Dan Crevani, QKA
DCrevani@BenefitPractice.com
(203) 517-3506

August 16, 2019

1055 Washington Blvd., Suite 610, Stamford, CT 06901•telephone: (203) 517-3500 •fax: (203) 517-3539
3075 E. Thousand Oaks Blvd., Suite 11, Thousand Oaks, CA 91362•telephone: (805) 496-6190
151 Southhall Lane, Suite 165, Maitland, FL 32751•telephone: (203) 517-3517

**Proposal for: Liddle & Robinson, LLP**

| Plan Termination Project | |
|---|---|
| ⮂ **Plan Re-engagement**<br>    • restoration of files<br>    • collecting census data and asset statementsConfirmation of Employer objectives | $1,500 |
| ⮂ **2017 Annual Compliance, Valuation and Government Reporting** | $10,000 |
| ⮂ **2017 Coordination for late Form 5500 filing** | $500 |
| ⮂ **2018 Annual Compliance, Valuation and Government Reporting** | $10,000 |
| ⮂ **Termination Resolution for Plan Document** | $1,000 |
| ⮂ **Distribution Paperwork and Tracking** | $1,000 |
| ⮂ **2019 Annual Compliance, Valuation and Government Reporting** | $10,000 |
| **Total Installation Fees** | **$34,000** |

1055 Washington Blvd., Suite 610, Stamford, CT 06901•telephone: (203) 517-3500 •fax: (203) 517-3539
3075 E. Thousand Oaks Blvd., Suite 11, Thousand Oaks, CA 91362•telephone: (805) 496-6190
151 Southhall Lane, Suite 310 Maitland, FL 32751•telephone: (203) 517-3517

August 16, 2019                    Page 2                    TheBenefitPractice

**Proposal for: Liddle & Robinson, LLP**

| Ancillary Services | |
|---|---|
| ↻  **The following services are usually paid for by the _employer_:** | |
| • Plan Amendments (fee dependent on issue): | $100 - $500 |
| • Preparation of IRS Form 1099 | $50 |
| • Response to IRS/DOL inquiries | **Time and Charges** |
| • Consulting (plan design issues, research on IRS issues, etc.) | **Time and Charges** |
| • Extensive Asset reconciliation | **Time and Charges** |
| • Ad hoc charges due to information provided to The Benefit Practice that is significantly incomplete, inaccurate/inconsistent, or spread over multiple sources | **Time and Charges** |
| • Drafting of IRS Forms for to address late contributions, penalties, distribution of contributions due to failed compliance test results or excess contributions | **Time and Charges** |
| • Individual Brokerage Accounts: (most individual brokerage accounts are not set-up to permit distributions for expenses generated by the participant.  Therefore, should this feature be utilized the Plan Sponsor normally pays for this option.  If the individual brokerage account can be set-up to permit the payment of this charge then the payment can be made on the individual level.) | **$150/account** |
| **The Benefit Practice makes every attempt to alert a Plan Sponsor as to the estimated cost of any ancillary services prior to the commencement of the work.** | |

**1055 Washington Blvd., Suite 610, Stamford, CT 06901•telephone: (203) 517-3500 •fax: (203) 517-3539
3075 E. Thousand Oaks Blvd., Suite 11, Thousand Oaks, CA 91362•telephone: (805) 496-6190
151 Southhall Lane, Suite 310 Maitland, FL 32751•telephone: (203) 517-3517**

# Basic Company Data

**(PLEASE COMPLETE ALL MISSING INFORMATION)**

Official Name of Company: Liddle & Robinson, L.L.P.

Date of Incorporation: N/A

Type of Entity (S-Corp, C-Corp, LLC, LLP, Partnership, S/E, etc.): LLP

Tax Identification Number: 13-3226440

Fiscal Year: December 31

Address for all Correspondence: 1177 Avenue of the Americas, 5th Floor, New York, NY 10036

Telephone Number: 646-452-7211

Email Address: jliddle@liddlerobinson.com

Trustee(s) of the Plan: Jeffrey L. Liddle

*Primary Contact:* Jeffrey L. Liddle

*Primary Contact's Email Address:* jliddle@liddlerobinson.com

*Primary Contact's Telephone Number:* 646-452-7210

*Billing Contact:* Jeffrey L. Liddle and Rose Reverendo

*Billing Contact's Email Address:* jliddle@liddlerobinson.com -and- rreverendo@liddlerobinson.com

*Would you like invoices emailed to the Billing Contact?:* Yes / No (please circle one)

## Financial Advisor Information:

Financial Advisor: James O'Hara

Firm Name: Morgan Stanley

Address: 300 Campus Drive, Florham Park, NJ 07932

Telephone Number: 973-660-4735

Email Address: james.t.ohara@morganstanley.com

## CPA Contact Information:

CPA's Name: Richard J. Lynne

Firm Name: Richard J. Lynne, CPA, PC

Address: 2 Westchester Park Drive, White Plains, NY 10604

Telephone Number: 914-831-1800 x114

Email Address: rlynne@rlynnecpa.com

(Your CPA will be copied on all relevant filings and correspondence)

1055 Washington Blvd., Suite 610, Stamford, CT 06901•telephone: (203) 517-3500 •fax: (203) 517-3539
3075 E. Thousand Oaks Blvd., Suite 11, Thousand Oaks, CA 91362•telephone: (805) 496-6190
151 Southhall Lane, Suite 310 Maitland, FL 32751•telephone: (203) 517-3517

August 16, 2019                    Page 4                    The**Benefit**Practice

# Liddle & Robinson, LLP
## 401(k) Profit Sharing Plan
## Plan Termination Service Agreement:

I, __Jeffrey L. Liddle__ (acting as a representative of the Plan Sponsor) have reviewed the attached proposal including the fees shown above and have elected to engage The Benefit Practice as the plan's retirement consultant/administrator to terminate the Plan. I hereby instruct The Benefit Practice to draft any required plan documents as reflected above and to begin the process of administrating the retirement program. I understand that Liddle & Robinson, LLP or its agent is responsible for paying any/all set-up/conversion fees and plan document drafting fees associated with the implementation of the retirement program independent of the ongoing administration. In addition, as a representative of the Plan Sponsor, I understand that the annual administration charges associated with the organization's retirement program reflects the work required to determine required contributions, to help maintain its tax qualified status and to draft the governmental forms necessary for submission to the IRS on an annual basis.

I understand that The Benefit Practice does not act as custodian or trustee of the trust assets, invest trust assets, provide investment advice, or verify trust accountings. Any and all purchase of investments or insurance shall be solely at the direction and responsibility of the plan trust, the participant or other plan representatives. In addition, The Benefit Practice performs ministerial services only and exercises no discretion as to the administration of the plan or the management of plan assets.

I understand that The Benefit Practice is neither a law firm nor a public accounting firm and therefore shall not perform and cannot accept responsibility for matters which are properly in the purview of such professionals. I understand that The Benefit Practice is not liable for any errors or penalties resulting from incomplete/inaccurate data, receipt of information after specified deadlines (especially as it applies to governmental filings) and administration of the program that does not follow the provisions of the governing Plan document.

The Benefit Practice shall not be responsible for any late tax filings, penalties, fines, taxes or other charges that may be assessed unless due to its gross negligence or willful misconduct. The Benefit Practice may charge a de-conversion fee to reflect the time and charges associated with providing information to the new provider and closing down the account.

If Liddle & Robinson, LLP or its agent does not pay in full the fees charged by The Benefit Practice for any worked requested, The Benefit Practice shall be entitled to not perform any remaining work for the plan year, including preparation of Form 5500 and its schedules.

The Benefit Practice and its affiliates shall not use, sell or exchange any Plan or participant information for purposes of cross-marketing to or soliciting Plan participants.

This Agreement constitutes the entire Agreement between the Parties and supersedes all other agreements, whether written or oral. This Agreement may be terminated at any time, for any reason, by either Party giving written notice to the other party at least sixty (60) business days prior to the proposed termination date. Failure to provide this notice may result in a deconversion fee. If The Benefit Practice reasonably believes the Employer is operating the plan in a manner in violation of tax laws or ERISA or inconsistent with the plan document it has the right to terminate the Agreement immediately.

(continued on next page)

1055 Washington Blvd., Suite 610, Stamford, CT 06901•telephone: (203) 517-3500 •fax: (203) 517-3539
3075 E. Thousand Oaks Blvd., Suite 11, Thousand Oaks, CA 91362•telephone: (805) 496-6190
151 Southhall Lane, Suite 310 Maitland, FL 32751•telephone: (203) 517-3517

August 16, 2019                          Page 5                          The**Benefit**Practice

## Liddle & Robinson, LLP
## 401(k) Profit Sharing Plan
## Plan Termination Service Agreement

This Agreement shall be governed by and construed in accordance with the laws of Connecticut, without regard to the conflicts of law principles thereof.  This Agreement may not be modified in the absence of a writing signed by both parties.

_____          9/5/2019
Signature of Plan Sponsor or its Agent          Date
  Jeffrey L. Liddle

**Retainer Policy:** payment of a retainer equal to the anticpated cost to terminate the Plan ($34,000.00) is required prior to the commencement of work by The Benefit Practice.   Any additional costs related to this project will be submitted for approval.

**Please email/fax ALL of these pages and ancillary documents to the attention of:**

**Dan Crevani, QKA - VP / Defined Contribution Manager**
**DCrevani@BenefitPractice.com**
**(203) 517-3506**
**(203) 517-3539 - Fax Number**

1055 Washington Blvd., Suite 610, Stamford, CT 06901•telephone: (203) 517-3500 •fax: (203) 517-3539
3075 E. Thousand Oaks Blvd., Suite 11, Thousand Oaks, CA 91362•telephone: (805) 496-6190
151 Southhall Lane, Suite 310 Maitland, FL 32751•telephone: (203) 517-3517

August 16, 2019          Page 6          The Benefit Practice

# **EXHIBIT C**

**Declaration of Daniel Crevani**

William F. Gray, Jr.
Alison D. Bauer
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
                                                          :
In re                                                     :   Chapter 11
                                                          :
LIDDLE & ROBINSON, L.L.P.,[1]                             :   Case No.  19-12346 (SHL)
                                                          :
              Debtor                                      :   (Jointly Administered with Case No. 19-
--------------------------------------------------------- x   10747)

### DECLARATION OF DANIEL CREVANI IN SUPPORT OF THE APPLICATION OF LIDDLE & ROBINSON, LLP FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE BENEFIT PRACTICE AS BENEFITS CONSULTANT TO LIDDLE & ROBINSON, LLP EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

DANIEL CREVANI declares under penalty of perjury that:

1.      I am a Qualified 401(K) Administrator and Vice President of The Benefit Practice ("TBP") which maintains offices at 1055 Washington Boulevard, Stamford, CT 06901 and as such am fully familiar with the facts and circumstances as set forth herein.

2.      My firm has considerable experience in benefits consulting, including the administration of profit sharing plans for professional service firms such as the Debtor.

3.      This affidavit is being submitted in connection with the application of the Debtor to retain TBP as its benefits consultant in the above-captioned Chapter 11 Debtor case.

4.      To the best of my knowledge and belief, my firm is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and has no interest, nor does it represent or will it represent any interest adverse to the Debtor, creditors, parties-in-interest or their respective attorneys or accountants.  In the course of its practice, TBP may have been retained in other matters in which some of the parties to this proceeding may have been parties.

5.      I have reviewed a list of parties in interest (the "Conflict Parties") as they are currently known, including the lists of secured and unsecured creditors and have determined to the best of my knowledge and after due inquiry that TBP has not represented any such entity.

6.      I have discussed the services required with the Debtor and its attorneys, which services consist of the following:

   a.      Collecting census data and asset statements and confirmation of employer objectives;

   b.      Annual compliance, valuation and government reporting with respect to the profit sharing plan for 2017, 2018, and 2019;

   c.      Coordination of late form filing for 2017;

   d.      Assistance with termination resolution for the profit sharing plan; and

   e.      Attention to distribution paperwork and tracking.

10503-0001 37438407.4
B5032284.3

7.     I believe that these services are not duplicative of the services being performed by EisnerAmper LLP or any other professional working with the Debtor.  These services will be narrowly focused on the administration of the Debtor's profit sharing plan, which is a necessary prerequisite to the Debtor's tax accountant preparing and filing the Debtor's federal tax returns.

8.     The fee for these Services is $34,000, which was prepaid to TBP on July 12, 2019.

9.     TBP shall seek approval of this payment upon appropriate application to this court in accordance with the bankruptcy code, bankruptcy rules, fee guidelines and the terms of any administrative procedures order entered in this case regarding the filing of applications for compensation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2019

Daniel Crevani, QKA