| | |
|---|---|
| William F. Gray, Jr. | Presentment Date and Time: October 1, 2019 at 12:00 p.m. |
| Alison D. Bauer | Objection Deadline: September 27, 2019 at 12:00 p.m. |

FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle & Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------- x
In re                                                       :
                                                            :   Chapter 11
LIDDLE & ROBINSON, L.L.P.,¹                                 :
                                                            :   Case No.  19-12346 (SHL)
                Debtor                                      :
----------------------------------------------------------- x
```

**MOTION BY DEBTOR LIDDLE & ROBINSON, L.L.P., PURSUANT TO
BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE,
FOR AN ORDER DIRECTING (I) EXAMINATION OF YIELDSTREET INC., AND (II)
PRODUCTION OF DOCUMENTS BY
<u>YIELDSTREET INC., ALONG WITH RELATED RELIEF</u>**

Liddle & Robinson, L.L.P., as debtor and debtor-in-possession (the "<u>Debtor</u>"), in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), hereby moves this Court (the "<u>Motion</u>") for the entry of an order (the "<u>Order</u>"), substantially in the form attached hereto as **Exhibit B**, directing (I) examination of YieldStreet Inc., and (II) production of documents by YieldStreet Inc., along with related relief.  In support of this Motion, the Debtor relies on the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2* filed on July 22, 2019 in the Chapter 11 Case (Document 2) (the "<u>First Day Declaration</u>"). In further support of this Motion, the Debtor respectfully states as follows:

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

## BACKGROUND

1. On July 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is a law firm partnership formed on June 4, 1979. First Day Declaration ¶ 1. Jeffrey L. Liddle is the sole remaining partner of the Firm. First Day Declaration ¶ 4. On March 11, 2019, Mr. Liddle filed a voluntary petition for relief under the Bankruptcy Code. First Day Declaration ¶ 24.

3. In August 2016, the Firm commenced a lending relationship with an organization that refers to itself as Counsel Financial and is comprised of several entities, in particular Counsel Financial II LLC (collectively, "Counsel Financial"). First Day Declaration ¶ 3.

4. Counsel Financial served as "originator" of a securitization called "Law Firm Financing II," which was offered by YieldStreet Inc. ("YieldStreet"). It is described on YieldStreet's website as "an opportunity to invest $2 million in a $7 million senior secured revolving line of credit to a law firm focused on the litigation of employment and Qui Tam (whistleblower) cases. Further, YieldStreet investors are senior secured, and "first money out" in the line of credit." The investment was issued to have an 18-month duration and by February 2019, the investment had matured.

5. YieldStreet provides investors looking for alternative investments with an opportunity, inter alia, to invest in law-firm litigation portfolios.

6. In February 2018, Counsel Financial claimed that it was owed approximately $7 million by Liddle & Robinson.

7. According to YieldStreet's website, the duration of the Law Firm Financing II securitization was 18 months; the offering was of $2 million in interests that were paid approximately 12 percent per annum, plus the return of their original investment.

8.    The Debtor was never consulted about this securitization. Moreover, Counsel Financial signed a non-disclosure agreement in which it agreed to keep the Debtor's case portfolio confidential.

## RELIEF REQUESTED

9.    Debtor seeks to examine YieldStreet under oath, pursuant to Bankruptcy Rule 2004, regarding its relationship with Counsel Financial, its discussions with Counsel Financial, or any of its representatives, regarding the Debtor and any representations made by Counsel Financial to YieldStreet regarding the Debtor or its loans to the Debtor. Debtor also requests that Yield Street be required to produce various documents, prior to the examination, which are listed on **Exhibit A**.

10.    Debtor's examination of YieldStreet will include, without limitation, the following topics:

(a) The nature of the relationship between YieldStreet and Counsel Financial.

(b) Any agreements between YieldStreet and Counsel Financial, including non-disclosure agreements, regarding the Debtor or the Debtor's cases.

(c) Communications between YieldStreet and Counsel Financial concerning the Debtor, the Debtor's cases or the proof of existence of the collateral underlying Counsel Financial's loans to the Debtor.

(d) Any investigation, assessment or analysis performed by YieldStreet concerning the collateral underlying Counsel Financial's loans to the Debtor.

(e) The portfolios underlying YieldStreet's Law Firm Financing II and any other offering relating to assets of the Debtor.

(f) All documents produced by YieldStreet in response to the document requests attached to the Motion.

11.    Bankruptcy Rule 2004 empowers the Bankruptcy Court to order the examination of any person, including the debtor, upon written motion as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004. The scope of inquiry under Rule 2004 is intended

to be very broad, unfettered and in the nature of a fishing expedition. *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Valley Forge Plaza Assocs.*, 109 B.R. 451, 453 (Bankr. D. Mass. 1983); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); I*n re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re GHR Cos.*, 41 B.R.. 655, (Bankr., D. Mass, 1983); *In re Vantage Petroleum Corp.*, 34. B.R. 650, 651 (Bankr. E.D.N.Y. 1983). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994).

12. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Debtor submits that the relief request, pursuant to Rule 2004 and as supplemented by § 105(a), is reasonable and proper and in the best interests of the Debtor's estate.

14. Debtor intends for its examination of YieldStreet and YieldStreet's production of documents to be conducted in an orderly and reasonable manner, providing YieldStreet with sufficient time to comply with all reasonable requests and demands, and with a minimum amount of intrusion into YieldStreet's legitimate privacy concerns, under the circumstances.

**NOTICE**

15. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for Southern District of New York; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) (on a consolidated basis); (c)

all secured lenders; and (d) YieldStreet. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

16.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in form attached hereto as **Exhibit B**, directing (I) examination of YieldStreet, and (II) production of documents by YieldStreet, along with related relief.

Dated:  September 10, 2019
          New York, New York

Respectfully submitted,

*/s/ William F. Gray, Jr.*
FOLEY HOAG LLP
William F. Gray, Jr.
Alison D. Bauer
1301 Avenue of the Americas
New York, New York 10019
Tel:  646.927.5500
Fax: 646.927.5599
wgray@foleyhoag.com
abauer@foleyhoag.com

*Attorneys for Jeffrey Lew Liddle*
*and Proposed Attorneys for Liddle &*
*Robinson, L.L.P.,*
*each a Debtor and Debtor in Possession*

**Exhibit A**
**Document Request For Rule 2004 Examination Of YieldStreet By Debtor**

19-12346-shl    Doc 63    Filed 09/10/19    Entered 09/10/19 22:28:38    Main Document
Pg 6 of 10

**DOCUMENT REQUEST FOR RULE 2004 EXAMINATION OF YIELDSTREET INC. BY DEBTOR**

1. Documents sufficient to show the nature of the relationship between YieldStreet Inc. ("YieldStreet") and Counsel Financial.

2. All agreements between YieldStreet and Counsel Financial regarding the Debtor or the Debtor's cases.

3. All non-disclosure agreements between YieldStreet and Counsel Financial, including without limitation non-disclosure agreements concerning the source of litigations related to Counsel Financial's loans.

4. All communications between YieldStreet, or any representative of YieldStreet, and Counsel Financial, or any representative of Counsel Financial, concerning the Debtor, the Debtor's cases or the proof of existence of the collateral underlying Counsel Financial's loans to the Debtor.  This requests includes without limitation all communications concerning Larry Hutcher's (of Davidoff Hutcher & Citron LLP) March 19, 2019 letter to Jeffrey L. Liddle.

5. Any investigation, assessment or analysis performed by YieldStreet concerning the collateral underlying Counsel Financial's loans to the Debtor.

6. All documents concerning the proof of existence of the collateral underlying YieldStreet's Law Firm Financing II or any other offering relating to assets of the Debtor.

7. All documents concerning the assets underlying YieldStreet's Law Firm Financing II or any other offering relating to assets of the Debtor.

8. All Regulation D filings concerning the Law Firm Financing II or any other offering relating to assets of the Debtor.

**Exhibit B**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK         Chapter 11
------------------------------------------------------- x
 In re                                              : Case No. 19-12346 (SHL)
                                                    :
LIDDLE & ROBINSON, L.L.P.,[1]                          :
                                                    :
          Debtor                 :
------------------------------------------------------- :
------------------------------------------------------- x

**ORDER GRANTING MOTION BY DEBTOR LIDDLE & ROBINSON, L.L.P., PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER DIRECTING (I) EXAMINATION OF YIELDSTREET INC., AND (II) PRODUCTION OF DOCUMENTS BY YIELDSTREET INC., ALONG WITH RELATED RELIEF**

Upon the motion (the "Motion")[2] of Liddle & Robinson, L.L.P., as debtor and debtor-in-possession (the "Debtor"), in the above-captioned case (the "Chapter 11 Case"), for an Order directing (I) examination of YieldStreet Inc., and (II) production of documents by YieldStreet Inc., along with related relief; it appearing that the relief requested is in the best interest of the Debtor's estate, his creditors and other parties in interest; it appearing that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

    1.    The Motion is granted as set forth herein.

    2.    A representative of YieldStreet Inc. shall be examined, under oath, by Debtor, pursuant to Bankruptcy Rule 2004, upon at least thirty (30) days prior written notice by Debtor to YieldStreet Inc., which shall be held at the office of Debtor's attorneys. Any creditor or creditors committee, if one is formed, shall be entitled to attend, but not participate in, such examination, without the written consent of both Debtor and YieldStreet Inc. or further order of this Court.

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3. YieldStreet Inc. shall produce the documents listed on Exhibit "A" to the Motion, by delivering such documents to Debtor's attorneys, within twenty-one (21) days from the date of entry of this Order.

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: _____ __, 2019
       New York, New York

                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE