DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq.
dhw@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital
LLC, Counsel Financial Holdings LLC*

**Hearing Date and Time:**
November 26, 2019 at 10:00 a.m.

**Objection Deadline:**
November 19, 2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                      Chapter 11

LIDDLE & ROBINSON, L.L.P.,                  Case No. 19-12346-shl

                                        Debtor.
-------------------------------------------------------X

**MOTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC, PURSUANT TO § 1112(b) OF
THE BANKRUPTCY CODE, TO CONVERT THIS CHAPTER 11
REORGANIZATIONTO A CHAPTER 7 LIQUIDATION**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and, collectively with CF2 and LIG, "Counsel Financial" or

"Movant"), by their attorneys, Davidoff Hutcher & Citron LLP, submit this motion, pursuant to §

1112(b) of the Bankruptcy Code, to convert this chapter 11 reorganization to a chapter 7

liquidation, and for related relief, represent and say:

### PRELIMINARY STATEMENT

1.        As a limited liability partnership with only one partner, Jeffrey Liddle, the law

firm of Liddle & Robinson, L.L.P. has been dissolved by operation of law and, therefore, must

wind up its affairs.  Because this case was impermissibly filed as a chapter 11 reorganization, it

668986v.4

cannot continue in chapter 11, under well established Second Circuit law and case law in this Court. Accordingly, this motion to convert should be granted.[1]

## BACKGROUND

2.      On July 22, 2019 (the "Petition Date"), Liddle & Robinson LLP ("Debtor") filed a chapter 11 petition (the "Petition") [Doc 1] and an order for relief was simultaneously entered. The Petition was accompanied by an affidavit of Jeffrey L. Liddle ("Liddle"), pursuant to Local Bankruptcy Rule 1007-2 ("LRA") [Doc 2].

3.      The Debtor is a limited liability partnership duly formed under the laws of the State of New York and, on the Petition Date, Liddle was the Debtor's sole remaining partner. *Id.* at ¶¶ 2, 4.

4.      Liddle stated, under oath, that he did not intend to wind up the Debtor's affairs but, rather, to reorganize. *Id.* at ¶ 6 ("I intend to continue to operate the [Debtor's] business . . . and to continue [its] robust practice . . . and develop a consensual plan for payment of all legitimate creditors.").

5.      CF2, LIG, and Holdings are creditors of the Debtor.[2]

## III.   RELIEF REQUESTED

6.      Counsel Financial seeks an order converting this chapter 11 reorganization to a liquidation under chapter 7, pursuant to §1112(b) of the Bankruptcy Code, which provides that "the court shall convert a case ... or dismiss a case ... whichever is in the best interest of creditors and the estate, if the movant establishes cause." 11 U.S.C. §1112(b).

---

[1] The United States Trustee's Office raised this issue at the outset of this case, but it was not brought before this Court for a ruling.

[2] CF2, LIG and Holdings filed claim nos. 17, 18, and 19, respectively.

7.    Section 1112(b)(4) sets forth a non-exclusive list of what constitutes "cause" to convert of dismiss a case. *In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1310-1311 (2d Cir. 1997).    "Cause" under § 1112(b) includes cases where the debtor is not eligible for reorganization under chapter 11. *See, e.g., In re Hagerstown Fiber Ltd. Partnership*, 226 B.R. 353 (Bankr. S.D.N.Y. 1998); *In re C-TC 9th Ave. Partnership*, 113 F.3d 1304 (2d Cir. 1997).  As the Second Circuit concluded, "a partnership in dissolution is not a 'person' eligible to avail itself of reorganization in Chapter 11." In re C-TC 9th Ave. Partnership, 113 F.3d at 1309.

**The Debtor Was Dissolved by Operation of Law And Must Wind Up Its Affairs**

8.    New York's Partnership Law § 10 defines a partnership as "an *association* of *two or more* persons to carry on as co-owners a business for profit. . . ." (emphasis added).

9.    The statute provides that a partnership will be dissolved, by operation of law, upon the occurrence of "any event which makes it unlawful for the business of the partnership to be carried on. . . ." N.Y. Partnership Law § 62(3).  This includes a partnership that has only one partner.  See e.g. In re C-TC 9th Ave. Partnership, 113. F3d at 1307-1308 ("...the withdrawal of Richard Cabral, one of C-TC's two partners, dissolved the partnership.").

10.    A partnership dissolved by operation of law is required to wind-up its affairs. *See* N.Y. Partnership Law § 61 ("On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."); *see also* N.Y. Partnership Law § 64 ("Except so far as may be necessary to wind up partnership affairs or to complete transactions begun but not then finished, dissolution terminates all authority of any partner to act for the partnership. . . .").

11.    Since the Debtor is a partnership with only one partner, the Debtor has been dissolved by operation of law.  *See In re C-TC 9th Ave. Partnership*, 113 F.3d at 1307-1308 ("In

New York a partnership is composed of *two or more* persons acting as partners. Thus, under New York law, the withdrawal of . . . one of [the debtor's] two partners dissolved the partnership.") (emphasis in original). As a dissolved partnership, the Debtor is ineligible to avail itself of reorganization in chapter 11. *Id.* at 1309.

12.    The decision of the Second Circuit Court of Appeals in *C-TC 9th Ave. Partnership*, which involved a partnership with only one partner that filed for reorganization under chapter 11, is directly on point. The Second Circuit held:

> If the primary purpose of Chapter 11 is to enable businesses to reorganize and emerge from bankruptcy as operating enterprises, and New York partnership law prohibits [the debtor] from engaging in any business other than liquidation, Chapter 11 reorganization is not available as a course for [the debtor] to follow.

*In re C-TC 9th Ave. Partnership*, 113 F.3d at 1308.

13.    A limited exception to this general rule, whereby a dissolved partnership is not eligible to be a chapter 11 debtor, may occur when the debtor expressly states its intent to liquidate under chapter 11. *See In re Shea & Gould*, 214 B.R. 739 (Bankr. S.D.N.Y. 1997). However, that exception is not present in this case because Liddle expressly stated that he did not intend to liquidate his law firm but, rather, to reorganize and confirm a plan. As Liddle stated, he "intend[ed] to continue to operate the [Debtor's] business" and "continue [its] robust practice … and develop a consensual plan for payment of all legitimate creditors." LRA at ¶ 46.

14.    In *In re Hagerstown Fiber Ltd. Partnership*, 1998 WL 538607 (Bankr. S.D.N.Y. Aug. 24, 1998), *adhered to on reconsideration*, 226 B.R. 353 (Bankr. S.D.N.Y. 1998), Judge Bernstein held that, when a partnership in dissolution expressly states that it intends to reorganize, it is foreclosed from reliance on Judge Garrity's *Shea & Gould* liquidation exception to oppose a conversion motion under § 1112(b):

> A partnership in dissolution cannot reorganize under chapter 11. *In re C–TC 9th Ave. Partnership,* 113 F.3d at 1309, but may file chapter 11 for the purpose of liquidating. *In re Shea & Gould,* 214 B.R. 739, 745–46 (Bankr.S.D.N.Y.1997), *aff'd Durkin v. Shea & Gould,* 97 Civ. 8879(AGS) (S.D.N.Y. Dec. 4, 1997). <u>In this case, the debtor filed for the express purpose of reorganizing,</u> (Petition, Ex. "1" (*Local Bankruptcy Rule 1007–2 Affidavit [of Andrew H. Kaufman],* sworn to Mar. 20, 1998, at ¶ 32)), which *C–TC* expressly forbids. While the debtor correctly notes that it can liquidate pursuant to a chapter 11 plan, (*Debtor's Response* at 48); *see* 11 U.S.C. § 1123(b)(4)(a plan may provide for the liquidation and distribution of all of the debtor's assets), this argument ignores that under *C–TC,* it entered chapter 11 for a purpose that is arguably improper and legally impossible.

*Id.* at *10 (emphasis added).

15.     Here, Liddle's Local Rule 1007-2 Affidavit also includes a representation that the Debtor intends to reorganize. LRA at ¶ 6. Accordingly, the Debtor cannot now claim that it intends to liquidate.[3]

16.     Thus, this motion to convert should be granted, as a matter of law, based upon binding precedent.

17.     Once cause has been established, the Court may dismiss or convert the case, whichever is in the best interests of creditors and the estate. 11 U.S.C. § 112(b). Counsel Financial submits that a conversion to chapter 7, as opposed to a dismissal of this case, is in the best interests of creditors and this estate.

18.     A proposed Order granting this motion is annexed as **Exhibit A**.

19.     Notice of this motion will be given by Counsel Financial to the Debtor, all creditors listed in the Petition or who filed a proof of claim, the U. Trustee's office, and each person or entity that filed a notice of appearance.

20.     No prior application for this relief has been made.

---

[3] After the Petition Date, the Debtor retained a headhunter and one new associate has already been hired.

668986v.4

**WHEREFORE,** Counsel Financial requests that this motion be granted, for which no previous request has been made, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
October 22, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
David H. Wander
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, Counsel Financial Holdings LLC*

# EXHIBIT - A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                                          Chapter 11

LIDDLE & ROBINSON, L.L.P.,                      Case No. 19-12346-shl

                                    Debtor.

-------------------------------------------------------X

## ORDER GRANTING MOTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC, PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE, TO CONVERT THIS CHAPTER 11 REORGANIZATIONTO A CHAPTER 7 LIQUIDATION

Upon the motion dated October 22, 2019 of Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC (collectively "Counsel Financial"), by their attorneys, Davidoff Hutcher & Citron LLP, for an order, pursuant to §1112(b) of the Bankruptcy Code, converting this chapter 11 case to a chapter 7 liquidation (the "Motion"); and it appearing that good and sufficient notice of the Motion has been given; and a hearing on the Motion having been held on November 26, 2019; and after considering all papers filed in connection with the Motion; and upon the record of the hearing; and after due deliberation; and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that this case is converted to chapter 7, pursuant to §1112(b) of the Bankruptcy Code.

Dated: New York, New York
          November __, 2019

                                                    _____
                                                    SEAN H. LANE
                                                    UNITED STATES BANKRUPTCY JUDGE

669218v.1