DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)
*Attorneys for Counsel Financial II LLC, LIG Capital*
*LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                   Chapter 11

LIDDLE & ROBINSON, LLP,                                  Case No. 19-12346-shl

                        Debtor.
---------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY STATEMENT OF FOLEY HOAG LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM JULY 22, 2019 THROUGH AUGUST 31, 2019 [DOC. 118, 119]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"), by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection[1] to the Notices of Monthly Statement of Foley Hoag LLP For Compensation For Services Rendered and Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession For the Period From April 27, 2019 Through August 31, 2019 [Doc. 118, 119] and represents and states:

---
[1] Pursuant to Federal Rule of Bankruptcy Procedure 9006(a)(1)(C), since the objection deadline of November 16, 2019 fell on a Saturday, it was automatically extended to Monday, November 18, 2019.

672078v.1

1. Counsel Financial has repeatedly stated that it does not consent to its cash collateral being used for payment of professional fees. None of the services rendered, to date, appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would have incurred such fees to protect its collateral.

2. Before any payment of fees is made, the Court should review the results in this case and make a determination regarding whether the primary purpose of the attorneys fees incurred was to benefit Counsel Financial, and whether Counsel Financial actually benefitted as a result of the expenditure. *See In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

3. While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including attorney's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984).

4. There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).

672078v.1

5. For purposes of a DIP or trustee's ability to recover expenses incurred to preserve or dispose of collateral, a secured creditor is interpreted as having received a benefit if the expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123.

6. The counsel fees incurred in this case have not enhanced the value of the Debtor's estate, rather, the Debtor is destined for liquidation with no possibility of successful reorganization. Under applicable state law, L&R is a law firm in dissolution and has not set forth any reasonable likelihood of rehabilitation.

7. Accordingly, Counsel Financial submits that no payments should be made at this time to Debtor's attorneys.

Dated: New York, New York
November 18, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
David H. Wander
Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

672078v.1