DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG
Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                  Chapter 11

LIDDLE & ROBINSON, LLP,                                  Case No. 19-12346 (SHL)

                                        Debtor.
---------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY
STATEMENT OF EISNERAMPER LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH
OCTOBER 31, 2019 [DOC. 131][1]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"), by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the Notices of Monthly Statement of EisnerAmper LLP For Compensation For Services Rendered and Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession

---

[1] References to "Doc." refer to documents filed on the docket in this case.

672078v.1

For the Period From October 1, 2019 Through October 31, 2019 [Doc. 131] and represents and states:

1. Counsel Financial has repeatedly stated that it does not consent to its cash collateral being used for payment of professional fees. None of the services rendered, to date, appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would have incurred such fees to protect its collateral.

2. Before any payment of fees is made, the Court should review the results in this case and make a determination regarding whether the primary purpose of the accountant's fees incurred was to benefit Counsel Financial, and whether Counsel Financial actually benefitted as a result of the expenditure. *See In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

3. While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including accountant's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984).

4. There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor

would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).

5. For purposes of a DIP or trustee's ability to recover expenses incurred to preserve or dispose of collateral, a secured creditor is interpreted as having received a benefit if the expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123.

6. Moreover, the retention of EisnerAmper was unnecessary. This chapter 11 reorganization should never have been filed in the first place, for two reasons. First, the Debtor is ineligible to reorganize as a debtor-in-possession because it is a law firm in dissolution, and it has not set forth any reasonable likelihood of rehabilitation. *See Motion by Counsel Financial to Convert Chapter 11 Case to Chapter 7, Doc. 103, ¶¶ 8-17.*

7. Second, the Debtor was already protected by the automatic stay as a result of Liddle's chapter 11 filing, case no. 19-10747-shl. As Counsel Financial pointed out almost immediately after Liddle filed his chapter 11 petition, the law firm was protected by a non-debtor stay because claims against the law firm would have an immediate economic effect on Liddle's estate. *See Doc. 23, ¶ 17; see also Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003); *In re Residential Capital*, 2013 WL 3491311 at *1 (2d Cir. July 15, 2013) (holding that the automatic stay applies to bar claims against a non-debtor that have "an immediate adverse economic consequence" for the debtor's estate). As the Debtor stated, "[p]aramount for reorganization is my ability to operate the business of Liddle & Robinson from which I expect to fund a plan of reorganization." *Doc. 14*, ¶ 16.

8. In addition, the law firm did not need to incur the expense of bankruptcy accountants because the income and expenses of the law firm have been intermingled with Liddle's income and expenses in the monthly operating reports filed throughout Liddle's

individual case. The law firm only needed bookkeeping services to maintain its books and records. The bankruptcy accounting services provided in this case were therefore unnecessary and duplicitous.

9. Accordingly, it was not necessary to file the law firm in bankruptcy, and the Debtor has incurred excessive and unnecessary fees as a result of doing so. L&R should have wound up its affairs and dissolved pursuant to applicable state law with the protection of the co-debtor stay, and spared its creditors the unnecessary expense of its bankruptcy accountants, which duplicated the work of the bankruptcy accountants in the individual case.

10. As a result of the foregoing, Counsel Financial submits that no payments should be made at this time to Debtor's accountants.

Dated: New York, New York
       December 3, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
    David H. Wander
    Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*