**DAVIDOFF HUTCHER & CITRON LLP**
605 Third Avenue
New York, New York 10158
212.557.7200 (tel)
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial Financial II LLC,
LIG Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                               : Chapter 11
                                                     :
LIDDLE & ROBINSON, L.L.P.,                           : Case No.19-12346(SHL)
                                                     : (Jointly Administered with Case No. 19-10747
                                                     : Related Doc. 205[1]
            Debtor.                                  :
-----------------------------------------------------------X

**MOTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC,
AND COUNSEL FINANCIAL HOLDINGS LLC FOR PERMISSION
TO APPEAL TO DISTRICT COURT FROM INTERLOCUTORY
ORDER GRANTING FEE AWARD PURSUANT TO 28
U.S.C. § 1292(b) AND 28 U.S.C. § 158**

TO THE HONORABLE JUDGE
OF THE UNITED STATES DISTRICT COURT:

Counsel Financial II LLC ("CFII"), LIG Capital LLC ("LIG"), and Counsel Financial Holdings LLC ("Holdings" and together with LIG and CFII, collectively "Counsel Financial"), by their attorneys, Davidoff Hutcher & Citron LLP, as and for their motion for permission to appeal to the District Court from an interlocutory order authorizing payment of interim

---

[1] References to "Doc." refer to documents filed on the docket in this bankruptcy case, 19-12346-shl, unless otherwise noted.

compensation to the Debtor's professionals pursuant to 28 U.S.C. § 1292(b) and 28 U.S.C. § 158, submits:

1.     On July 22, 2019, Liddle & Robinson, L.L.P. (the "Debtor" or "L&R") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *Doc. 1*.

2.     Counsel Financial is a secured creditor of L&R, with a duly perfected lien on all of L&R's assets. Counsel Financial seeks leave to appeal the Bankruptcy Court's Order Authorizing Certain Payments Pursuant to Monthly Fee Statements, entered on January 15, 2020, and annexed hereto as **Exhibit A** (the "Order").

3.     On December 19, 2019, the Bankruptcy Court ordered the appointment of a Chapter 11 Trustee for the Debtor, pursuant to 11 U.S.C. § 1104(d). *Doc. 201*. On January 6, 2020, Jonathan L. Flaxer was appointed as the Chapter 11 Trustee.

4.     Prior to appointment of the Chapter 11 Trustee, the Debtor retained Foley Hoag, LLP ("Foley") as its attorneys, EisnerAmper LLP ("EisnerAmper") as its accountants, and The Benefits Practice ("Benefits") as its benefits consultant.

5.     Golenbock Eiseman Assor Bell ("Golenbock"), is now being retained as counsel for the Chapter 11 Trustee. The Chapter 11 Trustee is also seeking to retain CBIZ MHM ("CBIZ") as his accountant.

6.     On December 5, 2019, the Debtor filed an interim fee application for Foley requesting fees of $431,647.20, and expenses of $6,385.65, in the total amount of $438,032.85. *Doc. 152* (the "Foley Fee Application").

7.     On December 5, 2019, the Debtor filed an interim fee application for Benefits, requesting fees of $7,512.50. *Doc. 153* (the "Benefits Fee Application").

2

8. On December 5, 2019, the Debtor filed an interim fee application for EisnerAmper, requesting fees of $27,896.50, and expenses of $89.30, in the total amount of $27,985.80. *Doc. 154* (the "EisnerAmper Fee Application").

9. On December 12, 2019, Counsel Financial filed an objection to the Foley Fee Application, the Benefits Fee Application, and the EisnerAmper Fee Application (collectively, the "Objections"). *Doc. 160*. Under binding Second Circuit precedent, payment to the Debtor's professionals could not be made without Counsel Financial's consent, unless the Debtor made a showing of the requisite "benefit" to Counsel Financial.

10. On December 19, 2019, the Bankruptcy Court held a hearing on the Fee Applications and the Objections (the "Hearing").

11. On January 15, 2020, the Bankruptcy Court entered an order approving (i) payment to Foley of $261,232.76, (ii) payment to EisnerAmper of $12,376.86, and (iii) payment to Benefits of the retainer it previously received in the amount of $7,308.60. *Doc. 205* (the "Order").

12. Movant seeks leave to appeal from the Order, pursuant to 28 U.S.C. § 158(a).

**There are Sufficient Grounds to Permit this Appeal**

13. Leave to appeal is to be liberally granted where it can help the expeditious resolution of the case. *In re Johns–Manville Corp.*, 45 B.R. 833, 835 (S.D.N.Y. 1984). The standard to be applied in considering whether to grant leave to appeal an interlocutory order is found in 28 U.S.C. § 1292(b). Leave should be granted if there are controlling questions of law as to which there are substantial grounds for difference of opinion and if an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id.*

14. While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such

property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including attorney's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.)*, 739 F.2d 73, 76 (2d Cir.1984); *In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

15. For purposes of a debtor in possession or trustee's ability to recover expenses incurred to preserve or dispose of collateral, a secured creditor is interpreted as having received a benefit if the expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123. Alternatively, expenses are properly charged against a secured creditor if it has consented to pay the expenses. *Flagstaff I*, 739 F.2d at 77.[2]

16. Counsel Financial has repeatedly stated that it does not consent to its cash collateral being used for payment of the Debtor's professional fees. None of the services rendered, to date, appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would have incurred such fees to protect its collateral.

---

[2] The Bankruptcy Court may have conflated the applicable standard under 11 U.S.C. § 506(c) with the standard for use of cash collateral under 11 U.S.C. § 363:

> MR. WANDER: I have one other point. One last point. I believe the Court has conflated the standard for cash collateral with payment of fees. I believe they're a different standard. It's not adequate protection.
> THE COURT: The use of your cash collateral -- you're entitled to adequate protection for the use of your cash collateral. Is that not a correct statement of the law?

*Hearing Tr., Doc. 204, 117: 16-22.*

4

17.     A decision under § 506(c) of the Bankruptcy Code is considered final for purposes of appeal so long as it does not involve continuing services or obligations. *In re Beker Indus. Corp.*, 89 B.R. 336, 340 (S.D.N.Y. 1988). Here, the services of Foley, EisenerAmper, and Benefits have been cut off due to appointment of the Chapter 11 Trustee who has retained Golenbock as counsel and, upon information and belief, has retained CBIZ as accountant. Accordingly, the fee statements submitted in connection with this appeal are final, because Foley, EisnerAmper, and Benefits will provide no further services to the Debtor.

## CONCUSION

18.     In accordance with the foregoing, Counsel Financial submits that this appeal presents a significant issue of law under 11 U.S.C. § 506(c), and requests leave to appeal the Order to the District Court.

Dated: New York, New York
      January 29, 2020

                                        DAVIDOFF HUTCHER & CITRON LLP

                                        By: /s/ David H. Wander
                                             David H. Wander
                                             Alexander R. Tiktin
                                        605 Third Avenue
                                        New York, New York 10158
                                        (212) 557-7200
                                        dhw@dhclegal.com
                                        art@dhclegal.com

                                        *Attorneys for Counsel Financial II LLC,*
                                        *LIG Capital LLC, and Counsel Financial Holdings LLC*

Official Form 417A (12/18)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ❏ Plaintiff
   ❏ Defendant
   ❏ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ❏ Debtor
   ☑ Creditor
   ❏ Trustee
   ❏ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Interim Fee Order

2. State the date on which the judgment, order, or decree was entered: January 15, 2020

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Liddle & Robinson, LLP    Attorney: Michael Weinstein, Esq.
   Golenbock, Eiseman, Assor, Bell & Peskoe, LLP
   711 Third Avenue, 17th Floor
   New York, NY 10017

2. Party: Foley Hoag LLP    Attorney: Foley Hoag LLP
   1301 Avenue of the Americas, 25th Floor
   New York, NY 10019

Official Form 417A    Notice of Appeal and Statement of Election    page 1

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 3: Identify the other parties to the appeal**

3. EisnerAmper LLP          Attorney:    Foley Hoag LLP
                                         1301 Avenue of the Americas, 25th Floor
                                         New York, NY 10019

4. The Benefits Practice    Attorney:    Foley Hoag
                                         1301 Avenue of the Americas, 25th Floor
                                         New York, NY 10019

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____    Date: January 29, 2020
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
David H. Wander, Esq.
Davidoff, Hutcher, and Citron, LLP

605 3rd Ave
New York, NY 10158

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

JS 44C/SDNY
REV. 06/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC

DEFENDANTS
LIDDLE & ROBINSON, L.L.P., Foley Hoag, LLP, EisnerAmper LLP, The Benefits Practice

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David H. Wander, Esq.
Davidoff, Hutcher & Citron LLP
605 3rd Ave, New York, NY

ATTORNEYS (IF KNOWN)
Foley Hoag LLP
1301 Avenue of the Americas, 25th Floor
New York, NY 10019

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Appeal concerning proper application of 11 U.S.C. 506(c) to professional fee application.

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ]  Yes [X]    Judge Previously Assigned  Hon. Sean H. Lane

If yes, was this case  Vol. [X]  Invol. [ ]  Dismissed. No [X]  Yes [ ]  If yes, give date _____ & Case No. 19-12346-shl

Is THIS AN INTERNATIONAL ARBITRATION CASE?    No [X]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

TORTS                                                                                   ACTIONS UNDER STATUTES

CONTRACT                        PERSONAL INJURY            PERSONAL INJURY                      FORFEITURE/PENALTY             BANKRUPTCY                          OTHER STATUTES
                                                           [ ] 367 HEALTHCARE/
[ ] 110  INSURANCE              [ ] 310 AIRPLANE           PHARMACEUTICAL PERSONAL              [ ] 625 DRUG RELATED           [X] 422 APPEAL                      [ ] 375 FALSE CLAIMS
[ ] 120  MARINE                 [ ] 315 AIRPLANE PRODUCT   INJURY/PRODUCT LIABILITY                 SEIZURE OF PROPERTY                 28 USC 158                 [ ] 376 QUI TAM
[ ] 130  MILLER ACT                     LIABILITY          [ ] 365 PERSONAL INJURY                  21 USC 881                 [ ] 423 WITHDRAWAL                  [ ] 400 STATE
[ ] 140  NEGOTIABLE             [ ] 320 ASSAULT, LIBEL &           PRODUCT LIABILITY            [ ] 690 OTHER                          28 USC 157                          REAPPORTIONMENT
         INSTRUMENT                     SLANDER            [ ] 368 ASBESTOS PERSONAL                                                                               [ ] 410 ANTITRUST
[ ] 150  RECOVERY OF            [ ] 330 FEDERAL                    INJURY PRODUCT                                                                                  [ ] 430 BANKS & BANKING
         OVERPAYMENT &                  EMPLOYERS'                 LIABILITY                    PROPERTY RIGHTS                                                    [ ] 450 COMMERCE
         ENFORCEMENT                    LIABILITY                                                                                                                  [ ] 460 DEPORTATION
         OF JUDGMENT            [ ] 340 MARINE             PERSONAL PROPERTY                    [ ] 820 COPYRIGHTS                                                 [ ] 470 RACKETEER INFLU-
[ ] 151  MEDICARE ACT           [ ] 345 MARINE PRODUCT                                          [ ] 830 PATENT                                                             ENCED & CORRUPT
[ ] 152  RECOVERY OF                    LIABILITY          [ ] 370 OTHER FRAUD                  [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION                           ORGANIZATION ACT
         DEFAULTED              [ ] 350 MOTOR VEHICLE      [ ] 371 TRUTH IN LENDING                                                                                        (RICO)
         STUDENT LOANS          [ ] 355 MOTOR VEHICLE                                           [ ] 840 TRADEMARK                                                  [ ] 480 CONSUMER CREDIT
         (EXCL VETERANS)                PRODUCT LIABILITY                                                                      SOCIAL SECURITY                     [ ] 490 CABLE/SATELLITE TV
[ ] 153  RECOVERY OF            [ ] 360 OTHER PERSONAL
         OVERPAYMENT                    INJURY             [ ] 380 OTHER PERSONAL               LABOR                          [ ] 861 HIA (1395ff)                [ ] 850 SECURITIES/
         OF VETERAN'S           [ ] 362 PERSONAL INJURY -          PROPERTY DAMAGE                                             [ ] 862 BLACK LUNG (923)                    COMMODITIES/
         BENEFITS                       MED MALPRACTICE    [ ] 385 PROPERTY DAMAGE              [ ] 710 FAIR LABOR              [ ] 863 DIWC/DIWW (405(g))                 EXCHANGE
[ ] 160  STOCKHOLDERS                                              PRODUCT LIABILITY                    STANDARDS ACT           [ ] 864 SSID TITLE XVI
         SUITS                                                                                  [ ] 720 LABOR/MGMT              [ ] 865 RSI (405(g))
[ ] 190  OTHER                                             PRISONER PETITIONS                           RELATIONS                                                  [ ] 890 OTHER STATUTORY
         CONTRACT                                          [ ] 463 ALIEN DETAINEE               [ ] 740 RAILWAY LABOR ACT                                                  ACTIONS
[ ] 195  CONTRACT                                          [ ] 510 MOTIONS TO                   [ ] 751 FAMILY MEDICAL          FEDERAL TAX SUITS                  [ ] 891 AGRICULTURAL ACTS
         PRODUCT                ACTIONS UNDER STATUTES             VACATE SENTENCE                      LEAVE ACT (FMLA)
         LIABILITY                                                 28 USC 2255                                                 [ ] 870 TAXES (U.S. Plaintiff or
[ ] 196  FRANCHISE              CIVIL RIGHTS               [ ] 530 HABEAS CORPUS                [ ] 790 OTHER LABOR                     Defendant)                 [ ] 893 ENVIRONMENTAL
                                                           [ ] 535 DEATH PENALTY                        LITIGATION             [ ] 871 IRS-THIRD PARTY                     MATTERS
                                [ ] 440 OTHER CIVIL RIGHTS [ ] 540 MANDAMUS & OTHER             [ ] 791 EMPL RET INC                    26 USC 7609                [ ] 895 FREEDOM OF
REAL PROPERTY                           (Non-Prisoner)                                                  SECURITY ACT (ERISA)                                               INFORMATION ACT
                                [ ] 441 VOTING                                                                                                                     [ ] 896 ARBITRATION
[ ] 210  LAND                   [ ] 442 EMPLOYMENT         PRISONER CIVIL RIGHTS                IMMIGRATION                                                        [ ] 899 ADMINISTRATIVE
         CONDEMNATION           [ ] 443 HOUSING/                                                                                                                           PROCEDURE ACT/REVIEW OR
[ ] 220  FORECLOSURE                    ACCOMMODATIONS     [ ] 550 CIVIL RIGHTS                 [ ] 462 NATURALIZATION                                                     APPEAL OF AGENCY DECISION
[ ] 230  RENT LEASE &           [ ] 445 AMERICANS WITH     [ ] 555 PRISON CONDITION                     APPLICATION
         EJECTMENT                      DISABILITIES -     [ ] 560 CIVIL DETAINEE               [ ] 465 OTHER IMMIGRATION                                          [ ] 950 CONSTITUTIONALITY OF
[ ] 240  TORTS TO LAND                  EMPLOYMENT                 CONDITIONS OF CONFINEMENT            ACTIONS                                                            STATE STATUTES
[ ] 245  TORT PRODUCT           [ ] 446 AMERICANS WITH
         LIABILITY                      DISABILITIES -OTHER
[ ] 290  ALL OTHER              [ ] 448 EDUCATION
         REAL PROPERTY

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 280,918.22    OTHER _____    JUDGE _____    DOCKET NUMBER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES  [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)     **ORIGIN**

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
  - [ ] a. all parties represented
  - [ ] b. At least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation (Transferred)
- [ ] 7 Appeal to District Judge from Magistrate Judge
- [ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)     **BASIS OF JURISDICTION**     *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 01/29/2020   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. March  Yr. 1985 )
Attorney Bar Code #

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
In re                                                      : Chapter 11
                                                           :
LIDDLE & ROBINSON, L.L.P.,[1]                              : Case No. 19-12346 (SHL)
                                                           :
             Debtor.                                       : (Jointly Administered with Case No. 19-
---------------------------------------------------------- x 10747)


**ORDER AUTHORIZING CERTAIN PAYMENTS PURSUANT TO MONTHLY FEE STATEMENTS**

Upon consideration of the monthly fee statements for July, August, September, October, and November (collectively, the "Monthly Statements") [Docket Nos. 85, 107, 118, 119, 131, 134, 135, and 140] of Foley Hoag LLP ("Foley Hoag"), EisnerAmper LLP ("EisnerAmper"), and the Benefit Practice ("TBP") (collectively, the "Professionals") seeking compensation for services rendered and reimbursement of expenses in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated September 4, 2019 [Docket No. 48]; and Counsel Financial II LLC, LIG Capital LLC and Counsel Financial Holdings LLC having filed a series of objections to the Monthly Statements [Docket Nos. 95, 128, 150, and 151] (collectively, the "Objections"); and the Court having held a hearing (the "Hearing") on December 19, 2019, to consider the Monthly Statements and the Objections; and the Court having heard arguments of counsel at the Hearing; and the Court having overruled the Objections and authorized certain payments of fees and reimbursements of expenses pursuant to the Monthly Statements; and the Court also having directed the appointment of a Chapter 11 trustee in the Liddle & Robinson, L.L.P. case (the "Corporate Case") at the Hearing; and the United States

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

B5081434.3

Trustee having appointed Jonathan L. Flaxer, as trustee (the "Trustee"); and the Court having approved the Trustee's appointment; and the Trustee having authorized Jeffrey Liddle, principal of Liddle & Robinson, L.L.P., to make certain payments to the Professionals pursuant to the Monthly Statements in accordance with the Court's ruling at the Hearing by check or wire on December 30, 2019, subject to entry of a court order authorizing the payments within ten (10) days therefrom; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Mr. Liddle's payment of 60% of the fees and 100% of the expenses to Foley Hoag and EisnerAmper in the amounts of $261,232.76 and $12,376.86, respectively, is approved.

2. The Benefit Practice's application of $7,512.50 of the retainer it previously received in the amount of $7,308.60, against the fees and expenses incurred in its Monthly Statements is approved.

3. The Trustee's consent and authority granted to Mr. Liddle to make any payments from the Debtor's bank account is hereby terminated.

4. The Court's authorization of certain fees and expenses under this Order is without prejudice to the Professionals' rights to seek approval of the fees and expenses held back and not approved in the Monthly Statements on proper notice at a subsequent time.

Dated:  January 15, 2020         */s/ Sean H. Lane*
       New York, New York
                                                  HONORABLE SEAN H. LANE
                                                  UNITED STATES BANKRUPTCY JUDGE