# EXHIBIT A

**Declaration of Michael S. Devorkin**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
In re                                                : Chapter 11
                                                     :
LIDDLE & ROBINSON, L.L.P.                            : Case No. 19-12346 (SHL)
                                                     :
                              Debtor.                :
                                                     :
------------------------------------------------------------------X

# **DECLARATION OF MICHAEL S. DEVORKIN**

Michael S. Devorkin, pursuant to 28 U.S.C. §1746, hereby deposes and says:

1. I am an attorney admitted to practice in the State of New York and before the United States District Courts for the Southern and Eastern Districts of New York. I am a member of the firm of Golenbock Eiseman Assor Bell & Peskoe LLP (the "**Firm**"), which maintains its office for the practice of law at 711 Third Avenue, New York, New York 10017.

2. The Firm has been requested to serve as counsel to Jonathan L. Flaxer, the chapter 11 trustee (the "**Trustee**") for the estate of the above captioned debtor (the "**Debtor**"). I am familiar with the matters set forth herein and submit this declaration to demonstrate that the Firm is eligible to serve as the Trustee's counsel under section 327 of the Bankruptcy Code.

3. The Firm possesses the requisite experience and expertise in the areas necessary to serve as the Trustee's counsel in the matters in which it is to be retained.

4. The undersigned is the attorney who will bear primary responsibility for the representation whose authority is sought herein.

5. The undersigned has read and is generally familiar with the Bankruptcy Code together with current amendments, the Bankruptcy Rules, and the Local Rules of this Court.

6. The undersigned is competent to represent the interests of the Trustee in all proceedings now pending or which may reasonably be expected.

3394346.4

7.  To the best of my knowledge, the Firm is a "disinterested person" under sections 101(14) and 327 of the Bankruptcy Code, respectively.

8.  To the best of my knowledge after due inquiry, no member, counsel, or associate of the Firm:

a.  is a creditor, an equity security holder, or an insider of the Debtor;

b.  within the two (2) years before the date of the filing of the Debtor's petition, served as a director, officer, or employee of the Debtor; or

c.  has an interest materially adverse to the interests of the Debtor's Estate or to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

9.  To the best of my knowledge after due inquiry, no member, counsel or associate of the Firm is related to or has any connections with any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, the United States Trustee (Region 2), or any person employed in the United States Trustee's office (Region 2), other than appearing before judges of the Bankruptcy Court, and communications with the United States Trustee in connection with other pending bankruptcy cases in which the Firm is involved, except that the Firm formerly employed and, in 2004, provided legal services without charge, to Andrea B. Schwartz, Esq., who is serving as a Trial Attorney for the United States Trustee. Her employment with the Firm ended in 2007.

**The Firm Does Not Hold or Represent an Interest Adverse to the Debtor's Estate**

10. To the best of my knowledge, and as fully set forth herein, for purposes of section 327 of the Bankruptcy Code, the Firm does not hold or represent an interest adverse to the Debtor's Estate.

11. Except as otherwise disclosed herein, to the best of my knowledge after due inquiry, no member, counsel, or associate of the Firm: (i) holds or represents an adverse interest

2

3394346.4

in connection with the Debtor's case, (ii) holds or represents an interest adverse to the interests of the Debtor's Estate; or (iii) has any other connection with the Debtor, its creditors, any other party in interest, or, where identified, their respective attorneys.

12. Except as otherwise disclosed herein, to the best of my knowledge after due inquiry, no member, counsel, or associate of the Firm: (i) has represented the Debtor or any Interested Party (as that term is defined below) in connection with the Debtor's chapter 11 case, or (ii) represents the Debtor or any of the Interested Parties at the present time.

### The Firm's Disclosure Procedures

13. Attorneys at the Firm may have spouses, parents, children, siblings, fiancés, or fiancées ("**Relatives**") who are attorneys at other law firms and companies. The Firm has strict policies against disclosing confidential information to anyone outside of the Firm, including Relatives. No member of the Firm will work on this engagement if a Relative of that member is working on the Debtor's case. At the present time, and to the best of my knowledge, I am not aware that any Relatives that are working on the Debtor's case.

14. In preparing this declaration, and to identify the parties relevant to this declaration and to ascertain the Firm's connection, if any, to those parties, I used a set of procedures developed by the Firm to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals under the Bankruptcy Code.

15. First, the Firm compiled a list of interested parties (the "**Interested Parties**"). The list of Interested Parties includes, without limitation:

  a. the Debtor;
  b. creditors scheduled on the Debtor's Schedules D, E, and F;
  c. counterparties to executory contracts scheduled on the Debtor's Schedule G;

3

    d.        all creditors that filed a proof of claim;

    e.        the current holders of the secured debt;

    f.        the Honorable Sean H. Lane;

    g.        all individuals identified on the "Staff Directory" on the website for the United States Trustee for Region 2;

    h.        professionals retained in the Debtor's case; and

    i.        the Debtor's officers, directors, and equity owners set for the in the Debtor's petition and Statement of Financial Affairs.

Attached hereto as <u>Exhibit 1</u> is a list of all parties described above.

    16.        After compiling the list of Interested Parties, the Firm took the following steps:

    a.        Employees of the Firm compared the Interested Parties to the names that the Firm has compiled into a master client database from its conflict clearing and billing records, comprised of the names of the entities for which any attorney time charges have been billed in the past ten years (the "**Client Database**"). The Client Database includes the name of each current or former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Firm's personnel who are or were responsible for current or former matters for such client.

    b.        The Firm did not identify any matches between the Client Database and the Interested Parties.

## The Firm's Connections with Parties in Interest

    17.        The Firm does not have any connections to disclose other than as previously set forth herein.

    18.        As part of its practice, the Firm appears in cases, proceedings and transactions involving many different attorneys, accountants, and investments bankers, some of which may represent claimants and parties in interest in this case. The Firm does not presently, has not in the past, and will not in the future represent such entities in connection with this chapter 11 case

4

and the Firm does not have any relationship with any such entity, lawyer, or accountant which would be adverse to the Debtor or its estate.

19. The Firm will continue to review potential conflicts. If the Firm learns that it has a relationship with, or has represented, a party in interest in these cases, I will supplement this declaration immediately and promptly notify the United States Trustee.

20. The Firm has not agreed to share any compensation or reimbursement received in connection with the Debtor's case with another person, except as expressly authorized by 11 U.S.C. § 504(b)(1).

21. No agreement or understanding exists between the Firm and any other person for a division of compensation to be received for services rendered in, or in connection with, the within representation, nor shall the Firm share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person, except as expressly authorized by 11 U.S.C. § 504(b)(1).

22. The Trustee seeks Court approval, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain the Firm as its counsel. As counsel, the Firm will render such professional services as the Trustee may request, including: (i) providing legal advice and all legal services necessary to assist the Trustee in his efforts to wind down the Debtor's affairs, maximize the value of the Estate and investigate the Estate's assets and financial affairs; (ii) assisting in the investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and its insiders, and the operation of the Debtor's business, including the validity of liens; (iii) evaluating and pursuing potential causes of action belonging to the Estate, including under chapter 5 of the Bankruptcy Code, if any; (iv) preparing or reviewing on behalf of the Trustee, such motions, applications, answers, orders, reports, and

other papers in connection with the administration of the Debtor's Estate; (v) at the request of the Trustee, taking such action as may be necessary to protect and preserve the Estate, including the prosecution of actions on the Trustee's or Debtor's behalf, the defense of any actions commenced against the Debtor or the Trustee, and the prosecute objections to claims designated by the Trustee as subject to objection; (vi) assisting the Trustee in negotiating, drafting and obtaining confirmation of a chapter 11 plan for the Debtor; (vii) providing tax advice; and (viii) performing such additional necessary legal services as may be required by the Trustee in his carrying out of his statutory duties.

23. The Trustee seeks to retain the Firm as counsel effective as of December 23, 2019.

24. At present, the range of hourly rates for the attorneys and paralegals expected to perform the services described herein are $305 to $800 per hour for attorneys, and $190 to $200 for paralegals. The hourly rates for the primary persons who will perform the services are: Michael S. Devorkin ($800 per hour) and Michael S. Weinstein ($450 per hour). Those rates are adjusted from time to time. The Firm will bill for the services described herein on an hourly basis, and for reimbursement for reasonable expenses incurred in connection with performing services, such as copying charges, travel charges, and long distance telephone charges, in accordance with the Local Bankruptcy Rules and applicable guidelines issued by the United States Trustee. I understand that said charges will be subject to the review and approval of the Trustee, the United States Trustee and the Court upon proper application.

25. Based on the foregoing, I believe that the Firm is a "disinterested person" within the meaning of Bankruptcy Code §§ 101(14) and 327(a).

3394346.4

26. In light of the foregoing, I respectfully submit that: (i) the Firm is a "disinterested person" for purposes of sections 101(14) and 327 of the Bankruptcy Code; and (ii) the Firm (including every member, counsel, or associate of the Firm) does not hold or represent any interest adverse to the Debtor or its estate in the matters upon which the Firm would be engaged.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 6, 2020

/s/ Michael S. Devorkin
Michael S. Devorkin