# **EXHIBIT C**

## **Engagement Letter**

3404885.4



CBIZ Corporate Recovery & Litigation Services
5 Bryant Park ■ New York, NY 10018
Main: 212.790.5882
www.cbiz.com/corporaterecovery

January 7, 2019

**PRIVILEGED AND CONFIDENTIAL**

Mr. Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
711 Third Avenue
New York, NY 10017

RE: <u>Retention by the Trustee for the Estate of Liddle & Robinson, L.L.P.</u>

Dear Mr. Flaxer:

This letter agreement ("Agreement") is entered into as of January 7, 2020 and serves to confirm that Jonathan Flaxer, Esq. (the "Trustee" or "You"), as Trustee for the Estate of Liddle & Robinson, L.L.P (the "Debtor") has retained CBIZ Accounting, Tax & Advisory of New York LLC ("CBIZ" or "Financial Advisor"), with respect to the referenced matters (the "Engagement"), effective as of the execution date of the Agreement (the "Effective Date") to serve as Financial Advisor to You as Trustee of the Debtor, all subject to approval of the Bankruptcy Court. In connection with assisting You as financial advisor, our focus ("Scope") will include, but is not limited to, the following areas:

**SCOPE OF SERVICES**

CBIZ shall perform the following services (the "Services") at the direction of the Trustee and or Trustee's counsel, Goldenbock Eiseman Assor Bell & Peskoe ("Counsel"):

1. Evaluation of accounting records, time recording and billing systems;

2. Evaluation of cash movements over time including payments to employees, partners or owners;

3. Analysis of accounts receivable, aging reports, contingent fees, historical collections and ongoing collectability;

4. Evaluation of assets, values and any potential recoveries;

5. Evaluation of transactions with lenders or third party capital providers;



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 2 of 9

6. Evaluation of partner capital accounts and loans;

7. Evaluation of current liabilities;

8. Development of plans for the wind down process and analysis of the related costs;

9. Assistance with financial record keeping and the production of required financial reporting;

10. Assistance with tax return preparation and evaluation of any tax planning or issues;

11. Investigation of potential litigation recoveries;

12. Monitoring of ancillary proceedings; and

13. Any other services requested by You and mutually agreed upon, in writing.

CBIZ shall perform those tasks that the Trustee and or Counsel request that are within our scope of services, always keeping in mind that, to the extent Trustee or Counsel asks us to reach conclusions or form opinions, CBIZ shall do so without regard to or consideration of the impact such conclusions or opinions may have upon the initiation or outcome of any litigation.

**FEES AND EXPENSES**

As compensation for providing the Services hereunder, subject to approval of the Bankruptcy Court, CBIZ shall be entitled to non-refundable professional fees based on the hours incurred by CBIZ personnel on matters pertinent to this case plus reimbursement for out-of-pocket expenses (the "Expenses"). Currently, the applicable hourly rates for employees of CBIZ are:

| Managing Directors | $695-$795 |
|---|---|
| Directors | $445-$550 |
| Senior Managers and Managers | $335-$445 |
| Senior Associates and Staff | $195-$335 |

John Sordillo will lead this engagement and his rate for purposes of this engagement will be $795/hour. Mr. Sordillo will be assisted by Mark D'Agostino and Patrick Donnelly and such other personnel as necessary.

We would propose a fixed blended hourly average rate of $395/hour for all personnel assigned to the case. We believe this will enable us to provide all of the relevant services to You within a cost effective framework for the estate. During the first 20 hours of professional time on the Engagement, we will lower our blended hourly average rate to $315/hour.



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 3 of 9

In accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Dkt. 48] filed on September 4, 2019, CBIZ will deliver monthly statements for fees and expenses on or before the 20th day of each month following the month for which compensation is sought. Such fee statements will contain reasonable detail consistent with any rules, guidelines, and or administrative orders promulgated by the Bankruptcy Court that apply to the Debtor's Chapter 11 proceeding.

Services and Expenses not posted as of the monthly closing date will appear on a subsequent monthly fee statement.

In addition, we will be compensated for any time and reasonable expenses (including without limitation, reasonable legal fees and expenses) that we may incur in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings as a result of CBIZ's performance of these services.

Periodically, CBIZ rates are adjusted to reflect changes in the costs of the business, salary increases for professionals and other factors. In the event of an hourly rate increase, we will inform the Trustee of the changes prior to implementing them.

Payments to CBIZ shall be made by wire transfer to the following account:

CBIZ Wire Instructions:
Bank of America
100 West 33rd Street
New York, NY 10001
Routing # ▮
For credit to: CBIZ, Inc.
Account # ▮
Description: CBIZ CRS ▮

**DELIVERABLES**

Materials prepared in connection with our Engagement hereunder ("Deliverables") may contain factual data, the interpretation of which may change over the project term as more information or a better understanding becomes available. The parties understand and acknowledge that CBIZ will not have an obligation to update the Deliverables as part of its Services hereunder in the event of such a change. Any Deliverables prepared by CBIZ are solely for the Trustee's confidential use as it relates to this matter, and may not be reproduced, summarized, referred to, disclosed publicly or given to any other person or institution without prior written consent, which permission shall not be unreasonably withheld, provided that such permission shall not be required if the Deliverables are required to be disclosed by process of law. CBIZ shall give the Trustee prompt notice of any demand, subpoena, discovery request or other request by any person or entity seeking disclosure of any materials prepared by CBIZ, any information provided by or to CBIZ, or any communications involving CBIZ or the Trustee, Counsel in connection with or related to this Engagement.



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 4 of 9

**LIMITATION ON SERVICES**

CBIZ services are limited to those specifically noted in this Agreement and do not included accounting, tax consulting or advisory services, except as specifically describe herein. Our Engagement is not an audit, review, or compilation in accordance with Generally Accepted Accounting Principles. We will rely on the documentation and information provided by management of the Debtor, Trustee or Counsel without audit or other verification. The accuracy and completeness of such information submitted to CBIZ for analysis, on which CBIZ relies and which will form the basis of CBIZ conclusions, are the responsibility of the Debtor, Trustee or Counsel. We wish to emphasize that our Engagement is not designed for, and cannot be relied upon, to disclose errors, irregularities, or illegal acts, including fraud or defalcations that may exist, except as included in our Scope of Services.

This Engagement does not include any services not specifically identified in this Agreement. Any additional services requested by you will be subject to a separate written understanding before the additional services are commenced.

We are in the process of performing an internal search for any potential client conflicts based upon the names of the parties provided by you. Nothing has come to our attention that, in our judgment, would impair our ability to objectively serve you in this Engagement. The Trustee agrees that he will inform us promptly of additional parties to this matter.

The parties agree that it is common that litigants challenge the bases, experience and credentials of opposition experts. The admissibility of testimony is a legal matter and we make no warranties that our testimony or our work product will be admitted into evidence by the court or trier of fact. The Trustee retains sole responsibility for assessing the admissibility of any evidence or testimony contemplated in connection herewith.

**ARBITRATION**

Any and all controversies or claims arising out of or relating to this contract, a breach of this contract or any and all work performed pursuant to this contract shall be settled by arbitration before the American Arbitration Association. Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

In any event, CBIZ's maximum liability to the Trustee for any reason relating to the services performed under this Agreement shall be limited to the fees paid to CBIZ for the services or work product giving rise to the liability, except to the extent finally determined to have resulted from the gross negligence or willful misconduct of CBIZ.



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 5 of 9

**E-MAIL COMMUNICATIONS**

In connection with this Engagement, we may communicate with you or others via e-mail transmission. As e-mails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that e-mails from us will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure or communication of e-mail transmissions, or for the unauthorized use or failed delivery of e-mails transmitted by us in connection with the performance of this Engagement. In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of e-mail transmissions including any consequential, incidental, direct, indirect, or special damages, or disclosure or communication of confidential or proprietary information.

**CONFIDENTIALITY**

Unless instructed by the Trustee, CBIZ shall not disclose any of its communications, or any of the information received or developed in the course of its work for the Trustee, to anyone apart from the Trustee and Counsel, subject to applicable law, regulations and court order. CBIZ takes no responsibility for any court or tribunal's failure to uphold any asserted privileges or doctrines that protect against disclosure of confidential or privileged information.

The Trustee on its own behalf, agrees and acknowledges that nothing in this Agreement (including, without limitation, any possible payment of the Monthly Fees or the Expenses) shall operate to modify or waive the privileged and confidential nature of the information generated by CBIZ in the course of this Engagement or consultation with CBIZ personnel as to matters relating to this Engagement.

**TERMINATION OF ENGAGEMENT**

The Trustee and CBIZ shall each have the right to terminate CBIZ Services under this Agreement upon 10 business days' prior written notice to the other party. Upon any such termination, CBIZ shall deliver to the Trustee any Deliverables, documents, analysis, reports, work in progress, and any and all files relating to this Engagement upon payment of all fees and expenses owed to CBIZ.

CBIZ, may, in its sole discretion and without any liability arising therefrom, terminate this engagement in the event that (a) a third party objects or threatens to object, or CBIZ believes that a third party may object, in the form of an objection or otherwise, to CBIZ's retention by the Trustee in the case on the terms and conditions set forth in this engagement letter, (b) a final order authorizing CBIZ's employment as financial advisor to the Trustee is not issued by the Bankruptcy Court in the case on or before sixty (60) days from the date of the filing of our retention papers with the Bankruptcy Court on the terms and conditions set forth herein or on such other terms and conditions as are satisfactory to CBIZ in its sole discretion, or (c) the application of the Trustee seeking such order is denied by the Bankruptcy Court to retain CBIZ's services in this case.



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 6 of 9

**EXCLUSIONS**

The parties intend this Agreement and the attached Terms and Conditions to be the final expression of the terms of their agreement and further intend this Agreement be the complete and exclusive statement of all the terms of their agreement. This Agreement supersedes all prior agreements and all agreements made contemporaneously with the execution of this Agreement. Any prior agreement or oral contemporaneous agreements may not be used to contradict, supplement or explain this Agreement.

We appreciate this opportunity to be of service to you. If the foregoing is in accordance with your understanding, please sign this original where indicated and return it to us.

Sincerely,
CBIZ

_____        1/7/2020
John Sordillo, CPA                Date
Managing Director
Corporate Recovery and Litigation Services


This engagement and its terms as set forth above are accepted and authorized:

_____        1/31/2020
Jonathan Flaxer, Esq.             Date
Chapter 11 Trustee
Liddle & Robinson, LLP

Attorney Client - Privilege Document



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 7 of 9

## TERMS AND CONDITIONS

These Terms and Conditions and the Engagement Letter, and any subsequent amendments or addenda thereto, (collectively, the "Agreement") constitute the entire agreement between that Jonathan Flaxer, Esq. (the "Trustee" or "You") in your capacity as Trustee to the Estate of Liddle & Robinson, LLP (the "Debtor") and CBIZ Accounting, Tax & Advisory of New York, LLC ("CBIZ") regarding the services described in the Engagement Letter. Capitalized terms not otherwise defined herein, shall have the meaning ascribed to them in the Engagement Letter.

A.      Services. CBIZ will provide the Services described in the Engagement Letter and will use reasonable efforts to perform the Services in accordance with the timeframe set out. CBIZ's work product shall be considered subject to the rules of Attorney-Client/Attorney Work Product Privilege. CBIZ has every expectation that this Engagement will be conducted by the CBIZ professionals designated for this Engagement. If for any reason any of those individuals are not able to complete this Engagement, professionals with similar qualifications and experience will do so. Where any changes are necessary, CBIZ will give reasonable notice of the changes.

B.      Changes to Services. Either party may request changes to the Services as set out in the Engagement Letter. Changes must be requested in writing with sufficient detail to enable the other party to assess the impact of the requested change on the cost, timing or any other aspect of the Services. Both parties agree to consider and, if appropriate, agree to any changes. Any changes must be in writing and signed by both parties. Until a change is agreed in writing, the latest agreed terms will apply.

C.      Limitation of Distribution of Analysis, Conclusions and Report. Our analysis, conclusions and any report, which are to be used only in their entirety, are for your use solely to assist you in the above-referenced matter. They are not to be used for any other purpose, or by any other party for any purpose, without our express written consent. Any summary of, or reference to the opinion, any oral presentation with respect thereto, or other references to CBIZ in connection with the matter, will be, in each instance, subject to CBIZ's prior review and written approval, except as may be required by a governmental agency or court. The opinion will not be included in, summarized or referred to in any manner in any materials distributed to the public without CBIZ's express prior written consent.

D.      Limited Warranties. CBIZ warrants that the Services will be performed and supervised by qualified personnel. Notwithstanding anything to the contrary contained in this agreement, ALL SERVICES PROVIDED HEREUNDER BY CBIZ ARE PROVIDED "AS IS" AND "WITH ALL FAULTS," AND TO THE EXTENT PERMITTED BY APPLICABLE LAW, CBIZ HEREBY DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES OF EVERY KIND, WHETHER EXPRESS OR IMPLIED, OR WHETHER ARISING BY OPERATION OF LAW, COURSE OF PERFORMANCE OR



Jonathan Flaxer, Esq.
Goldenbock Eiseman Assor Bell & Peskoe
January 7, 2020
Page 8 of 9

DEALING, CUSTOM, USAGE IN THE TRADE OR PROFESSION OR OTHERWISE, INCLUDING WITHOUT LIMITATION WARRANITES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE (EVEN IF ADVISED OF SUCH PURPOSE). In the event that Trustee identifies any CBIZ employee that Trustee believes is not qualified to perform the Services, Trustee may request that such employee be replaced on the Engagement. Replacement of such employee(s) is the sole remedy available to Trustee for breach of this warranty.

E.   Limitation of Liability and Indemnification. In no event shall CBIZ be liable to Trustee or any third party for any loss, damage, cost or expense attributable to any act, omission or misrepresentations by Trustee, Counsel or Debtor. In no event shall CBIZ be liable to Trustee, whether a claim be in tort, contract or otherwise for (a) any amount in excess of the total professional fees paid to CBIZ under the Engagement Letter or any addendum to which the claim relates or (b) any consequential, indirect, lost profit or similar damages relating to or arising from the Services provided under this Agreement, except to the extent finally determined to have resulted from the gross negligence, willful misconduct or fraudulent acts of CBIZ relating to such services. CBIZ shall have no liability to Trustee arising from or relating to any third party hardware, software or materials ("Third Party Materials"), including, but not limited to, the selection thereof or failure of such Third Party Materials to perform in accordance with specifications or any defects therein. There are no third party beneficiaries of this Agreement.

To the extent permissible under applicable law, the Debtor's estate agrees to indemnify and hold harmless CBIZ and its personnel from any and all third party claims, liabilities, costs, and expenses, including reasonable attorneys' fees, relating to the Services under this Agreement, except to the extent judicially determined to have resulted from the gross negligence or willful misconduct of CBIZ.

F.   No Obligation to Provide Services after Completion. CBIZ agrees to enter into the Engagement and provide services in connection therewith with the understanding that there shall be no obligation to furnish services after completion of the original assignment. If the need for subsequent services related to an assignment occurs, including updates, conferences, testimony, preparation for testimony, document production, interrogatory response preparation, or reprint and copy services whether by request of Trustee or by subpoena or other legal process initiated by a party other than Trustee, the Trustee agrees to compensate CBIZ for its time at its standard hourly rates then in effect, plus all expenses incurred in the performance of such services. CBIZ reserves the right to make adjustments to the analysis, opinion and conclusion set forth in any report as CBIZ deems necessary as a result of its consideration of additional or more reliable data that may become available.

G.   Safe Environment. As a material condition to CBIZ entering into this Agreement, Trustee agrees that in any circumstances under which a CBIZ employee is required to work at any premises or location operated or controlled by Trustee, Trustee will take all actions and precautions necessary to ensure that such work sites are free from all known or reasonably foreseeable safety hazards, and that such working environments are free from all forms of harassment and discrimination.



H.      General.

1.      Force Majeure. Neither party shall be liable to the other for any delay or failure to perform any of the Services or obligations set forth in this Agreement due to causes beyond its reasonable control.

2.      Partial Invalidity. If any provision of this Agreement is determined to be invalid under any applicable statue or rule of law, it is to that extent to be deemed omitted, and the balance of the Agreement shall remain enforceable.

3.      Headings. The section headings used herein are for reference and convenience only and shall not enter into the interpretation hereof.

4.      Independent Contractor. CBIZ, in furnishing services, is strictly an independent contractor. CBIZ does not undertake to perform any regulatory or contractual obligation of Trustee or to assume any responsibility for Debtor's business or operations.

5.      Waiver. No waiver, delay or omission by either party in exercising any right or power shall impair such right or power or be construed to be a waiver. A waiver by either party of any of the covenants to be performed by the other or any breach thereof shall not be construed to be a waiver of any succeeding breach or of any other covenant.  No waiver or discharge shall be valid unless in writing and signed by an authorized representative of the party against whom such waiver or discharge is sought to be enforced.

6.      Governing Law. This Agreement shall be governed by and construed in accordance with U.S. Bankruptcy Code and the laws of the State of New York applicable to contracts to be executed and performed within such state without regard to conflicts of law principles.

7.      Successors.  This Agreement shall be binding upon the parties and their respective successors and assigns, and no other person shall acquire or have any right under or by virtue of this agreement.

Attorney Client - Privilege Document