Michael S. Weinstein, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Counsel for Jonathan L. Flaxer, Chapter 11 Trustee for Liddle & Robinson, L.L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LIDDLE & ROBINSON, L.L.P., | : | Case No. 19-12346 (SHL) |
| | : | |
| Debtor. | : | Jointly Administered with 19-10747 (SHL) |

-----------------------------------------------------------------X

### MOTION PURSUANT TO SECTIONS 105(a), 363(b) AND 541 OF THE BANKRUPTCY CODE (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION TAXES AND (II) AUTHORIZING PAYMENT OF CERTAIN PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS

Jonathan L. Flaxer, solely in his capacity as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, hereby files this Motion (the "**Motion**") for an order, a proposed form of which is attached hereto as **Exhibit A**, authorizing the Trustee, on behalf of the Debtor, (i) to pay certain prepetition employment-related tax obligations (the "**Taxes**") that arose prior to the Petition Date to federal, state and local taxing authorities identified on **Exhibit B** hereto (collectively, the "**Taxing Authorities**"), and (ii) to pay prepetition wages, compensation and employee benefits to or on behalf of certain current and former employees of the Debtor. In support of the Motion, the Trustee respectfully states as follows:

3424776.4

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363, and 541 of chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

**Background**

4. On July 22, 2019 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under the Bankruptcy Code. Until December 23, 2019, the Debtor was authorized to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On or about December 6, 2019, the United States Trustee (the "**United States Trustee**") filed a motion for the appointment of a chapter 11 trustee [Dkt. No. 191; Case No. 19-10747, Dkt. No. 257], and on December 23, 2019, the Court granted that motion directing appointment of a chapter 11 trustee [Dkt. No. 192].

6. On December 23, 2019, the United States Trustee filed a notice appointing Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 193] as well as an application to approve the appointment of Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 195]. The Court approved the United States Trustee's application by order dated January 6, 2020 [Dkt. No. 201].

**The Debtor's Business**

7. The Debtor is a law firm partnership formed on or about June 4, 1979. Since its formation, the Debtor has had a strong litigation practice, led by Jeffrey L. Liddle, with an emphasis on corporate, real estate and employment law. Mr. Liddle is the sole remaining partner

3424776.4

of the Debtor, and thus the Debtor is obligated to wind down in accordance with New York law. The Trustee continues to operate the Debtor during this wind down.

**Pre-Petition Employment Payments**

8. In the ordinary course of its business, the Debtor incurs payroll and employee benefits obligations to its employees for the performance of services. The Debtor is required by law to withhold from its employees' wages certain amounts for federal, state, and local income taxes, as well as social security and Medicare taxes (collectively, the "**Withholding Taxes**") and to remit the same to the appropriate Taxing Authorities. In addition, the Debtor is required to make matching payments from its own funds on account of Social Security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the Taxing Authorities for, among other things, state and federal unemployment insurance (collectively, the "**Employer Payroll Taxes**" and, together with the Withholding Taxes, the "**Payroll Taxes**").

9. In addition, in the ordinary course of business, the Debtor has established various benefit plans and policies for its employees that can be divided into the following categories: (i) medical insurance and disability insurance (collectively, the "**Health and Welfare Plans**"), (ii) pre-tax transit benefits (the "**Transit Benefit Plan**"), and (iii) a 401(k) pension plan (the "**401(k) Plan**," together with the Health and Welfare Plans and the Transit Benefit Plan, the "**Employee Benefits**"). For each Employee Benefit in which an employee participates, the Debtor directly deducts specified amounts from such employees' wages.

10. In addition to deductions for Employee Benefits and Withholding Taxes, the Debtor is obligated to deduct from its employees' wages other amounts that are properly

3424776.4

requested or directed to be withheld, such as garnishments and repayments of loans made to an employee from the 401(k) Plan (the "**Other Deductions**").

11. The Debtor uses Paychex as its payroll provider to process the Debtor's payrolls and ensure the proper withholding and payment of Payroll Taxes, Employee Benefits, and Other Deductions. During the course of his investigation (conducted with the assistance of his financial advisor, CBIZ Accounting, Tax & Advisory of NY LLC), the Trustee discovered that, prior to the Petition Date, the Debtor did not use Paychex to process approximately six payrolls between November 13, 2018 and April 1, 2019. Instead, for those payrolls, the Debtor wrote checks directly to its employees that were net of the Withholding Taxes, Employee Benefits, and Other Deductions for each such employee. As a result of not processing these payrolls through Paychex, the affected employees' wages were not accurately reported to Paychex. In addition, the Debtor failed to (i) pay Payroll Taxes with respect to such amounts, or (ii) apply certain withholdings for Employee Benefits and Other Deductions for the designated purpose of those funds based upon the withholding.

12. With respect to the foregoing, the Trustee investigation reveals that $56,307.61 in Payroll Taxes were not paid to the appropriate federal, state, or local Taxing Authority ($44,909.40 for Withholding Taxes and $11,398.21 for Employer Payroll Taxes). Moreover, the Trustee understands that the Debtor may not have correctly applied $16,093.11 in Other Deductions for the designated purpose of such withholding.

13. Assuming the foregoing amounts are accurate, the maximum amount of the Debtor's liability (without penalties and interest) is estimated to be approximately $72,400.72. The Trustee, however, has requested that Paychex conduct an audit for the relevant periods determine how much in fact is owed (without penalties and interest) for the previously

4

unreported wages, which amount may be more or less than the foregoing estimate, although any variations are expected to be nominal.

### Relief Requested

14. By this Motion, the Trustee seeks to correct these payroll issues and return to the Debtor to the *status quo ante* as if it had made the payments at the correct time (except as to any penalties or fees that may be incurred relating to the late payment thereof). The Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee, on behalf of the Debtor, to (i) pay all Payroll Taxes outstanding as of the Petition Date (but not any penalties and interest thereon) to the appropriate Taxing Authority, and (ii) to pay current and former employees an amount equal to any Employee Benefits or Other Deductions that should have been withheld and paid in accordance with the withholding, but were not, except as to unpaid garnishments, which would be paid to the relevant garnishing authority.

### Basis for Relief

15. Section 363(b) of the Bankruptcy Code, which provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," is the source of statutory authority for the relief sought herein. 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). To approve the use of a debtor's assets outside the ordinary course of business pursuant to section 363(b), a court must find that a sound business justification existed for the use of such assets. *See, e.g., In re Enron Corp.,* 335 B.R. 22, 27-28 (S.D.N.Y. 2005). Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or

3424776.4

appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor submits that ample cause exists to grant the relief requested herein.

### A. The Withholding Taxes Must be Paid

16. Section 541 of the Bankruptcy Code provides that all of the Debtor's legal and equitable interests in property as of the petition date are property of the bankruptcy estate. 11 U.S.C. §541. Most, if not all, of the Withholding Taxes are collected by the Debtor on behalf of the applicable Taxing Authority and are held in trust by the Debtor for the benefit of the Taxing Authorities. As such, these taxes do not constitute property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code. *See, e.g., Begier v. IRS,* 496 U.S. 53, 59-61 (1990) (withholding taxes are property held by the debtor in trust for another and, as such, are not property of the debtors' estates).

17. The Debtor is in the process of filing amended tax returns, and in the course of preparing those tax returns, the wages paid to employees will be properly reported and amounts for previous unpaid Payroll Taxes will be due. Because the Withholding Taxes are not property of the Debtor's estate, these funds are not available for the satisfaction of creditors' claims. Accordingly, such Withholding Taxes may (and indeed must) be paid to the appropriate Taxing Authority.

### B. The Employer Payroll Taxes Should be Paid

18. In addition to Withholding Taxes, the Debtor's amended returns will result in Employer Payroll Taxes being due. Such Employer Payroll Taxes are entitled to priority status pursuant to section 507(a) of the Bankruptcy Code, and thus must be paid in full before any general unsecured obligations. If those Employer Payroll Taxes are not promptly paid, the Trustee understands that Paychex will cease processing payroll. Although the Trustee is winding down the Debtor's operations, the Trustee shall continue to fund the Debtor's payroll from some

6
3424776.4

period of time as it is not yet clear when that wind down will be fully completed. Payment of the Employment Payroll Taxes would avoid the unnecessary additional cost and administrative burden for the Trustee manually processing payroll. Thus, the Trustee seeks authority to pay these Employment Payroll Taxes now.

### C. The Unapplied Withholdings for Employee Benefits and Other Deductions Should be Paid to Employees

19. Based on the Trustee's investigation to date, it is clear that the net payrolls funded outside of Paychex were not correctly reported as wages to the Debtor's employees. The Trustee, however, is still investigating whether the monies that should have been withheld for the Employee Benefits and Other Deductions were in fact used for those purposes notwithstanding that the Debtor did not actually withhold funds for Employee Benefits or Other Deductions from affected employees' wages. For example, the Trustee believes that although the Debtor continued to pay medical insurance premiums for all employees, the Debtor did not report the affected employees' share of such premiums as wages to either the employee or to the appropriate Taxing Authority.

20. To the extent that the Debtor failed to (i) report and/or (ii) properly apply amounts that should have been withheld, such amounts are wages that are due and owing to the affected employees. The Trustee thus seeks authorization to pay affected employees solely those amounts that the Debtor withheld (and did not report as wages) from an employee's paycheck and not properly applied by the Debtor, except in the case of garnishments, which will be paid to the appropriate garnishing authority (the "**Unapplied Withholdings**").

21. For each employee, the amount to be paid to or on behalf of such employee with respect to Unapplied Withholdings is less than the cap provided in Section 507(a)(4) of the Bankruptcy Code. Thus, like the Employer Payroll Taxes, the amounts owed for Unapplied

7

3424776.4

Withholdings are entitled to priority status pursuant to section 507(a) of the Bankruptcy Code, and thus must be paid in full before any general unsecured obligations. The Trustee believes that it is inequitable to withhold these wages owed to current and former employees due to errors made by the Debtor.

22. With respect to Unapplied Withholdings and Employer Payroll Taxes, the Trustee has discussed these matters with counsel to Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC (collectively, "**Counsel Financial**"), who each assert a security interest in all of the Debtor's assets, and Counsel Financial has consented to the payments of the Employer Payroll Taxes and the Unapplied Withholdings, which are set forth in the approved budget [Dkt. No. 227].

## Notice

23. Notice of this Motion has been given to the following parties: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) (on a consolidated basis); (c) counsel to Counsel Financial; and (d) the affected employees. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: New York, New York
      February 28, 2020

GOLENBOCK EISEMAN ASSOR
 BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

By:   /s/ Michael S. Weinstein
     Michael S. Weinstein

*Counsel for Jonathan L. Flaxer,*
*Chapter 11 Trustee for Liddle & Robinson, L.L.P.*