# EXHIBIT A

**Proposed Order**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                              :
In re                                         :    Chapter 11
                                              :
LIDDLE & ROBINSON, L.L.P.,                    :    19-12346 (SHL)
                                              :
              Debtor.                         :    (Jointly Administered with Case N
---------------------------------------------------------------X   19-10747)
```

# ORDER AUTHORIZING (I) PAYMENT OF CERTAIN PREPETITION TAXES AND (II) PAYMENT OF CERTAIN PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS

Upon the motion, dated February __, 2020 (the "**Motion**")[1] of Jonathan L. Flaxer, solely in his capacity as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, for entry of an order (this "**Order**") authorizing the Debtor to (i) to pay certain prepetition employment-related tax obligations (the "**Taxes**") that arose prior to the Petition Date to the Taxing Authorities, and (ii) to pay prepetition wages, compensation and employee benefits to or on behalf of certain current and former employees of the Debtor, pursuant to sections 105(a), 363 and 541 of the Bankruptcy Code**;** and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided adequate and appropriate notice of the Motion under the circumstances; and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and upon the record of the Hearing; and it appearing that the relief requested in the Motion is in the best

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3424776.4

interests of the estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted to the extent provided herein.

2. Pursuant to section 541 of the Bankruptcy Code, the Debtor is authorized to satisfy unpaid Withholding Taxes, without further Order of the Court, by making payments to the appropriate Taxing Authorities (either directly or through Paychex).

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee, on behalf of the Debtor, is authorized to satisfy prepetition employee obligations, without further Order of the Court, with respect to unpaid (i) Employer Payroll Taxes, (ii) health and welfare benefit plans, (iii) pre-transit benefit plans, (iv) payments with respect to any 401(k) plan of the Debtor, or (v) garnishments.

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee, on behalf of the Debtor, is authorized to pay employees amounts owed prior to the Petition Date related to Unapplied Withholdings up to the statutory cap provided in Section 507(a)(4) of the Bankruptcy Code in the aggregate, provided, however, that the Trustee is authorized to pay any unapplied garnishments on behalf of employees to the appropriate garnishing authority.

5. Pursuant to sections 105(a), 363(b), and 541, the Trustee, on behalf of the Debtor, is authorized to pay all Taxes relating to the period prior to the Petition Date (without penalties or interest therein) to the Taxing Authorities listed on **Exhibit B** to the Motion.

6. The Trustee, on behalf of the Debtor is authorized to pay costs and expenses incidental to the calculations of the Payroll Taxes and Other Deductions, including all administration and processing costs and payments to outside professionals or independent contractors, in the ordinary course of business; and it is further

3424776.4

7. Nothing in this Order or the Motion waives, releases or affects any rights the Trustee or the Debtor have to contest the amount of or basis for any Taxes allegedly due to any Taxing Authority.

8. Nothing in this Order shall impair the ability of the Trustee or the Debtor or appropriate parties in interest to contest any claim of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      March __, 2020

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE