**Hearing Date and Time: April 1, 2020 at 11:00 a.m.**
**Objection Date: March 25, 2020 at 4:00 p.m.**

| | |
|---|---|
| Alison D. Bauer | Michael J. Licker |
| William F. Gray, Jr. | Meredith S. Parkinson |
| Jiun-Wen Bob Teoh | James Fullmer |
| FOLEY HOAG LLP | FOLEY HOAG LLP |
| 1301 Avenue of the Americas, 25th Floor | 155 Seaport Boulevard |
| New York, New York 10019 | Boston, Massachusetts 02210 |
| Tel: (646) 927-5500 | Tel: (617) 832-1000 |
| Fax: (646) 927-5599 | Fax: (617) 832-7000 |

*Attorneys for Jeffrey Lew Liddle*

Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR BELL &
PESKOE
711 Third Avenue
New York, New York 10019
Tel: (212) 907-7300
Fax: (212) 754-0330

*Attorneys for Chapter 11 Trustee to Liddle & Robinson, L.L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| JEFFREY LEW LIDDLE,<br><br>　　　　　　Debtor. | Case No. 19-10747 (SHL)<br>(Jointly Administered) |
| In re | Chapter 11 |
| LIDDLE & ROBINSON, L.L.P.,[1]<br><br>　　　　　　Debtor. | Case No. 19-12346 (SHL)<br>(Jointly Administered) |

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

B5111820.1

# AMENDED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH MICHAEL BARR PURSUANT TO SECTION 9019 OF THE BANKRUPTCY RULES

Jeffrey Lew Liddle, and Liddle & Robinson, L.L.P. ("Liddle & Robinson" or the "Firm," and collectively with Liddle, the "Debtors"), hereby file this motion (the "Motion") for approval of the settlement agreement attached hereto as **Exhibit A** (the "Settlement Agreement"), by and among Michael Barr ("Barr") and the Debtors. This Motion amends and supersedes the *Motion for Approval of Settlement Agreement with Michael Barr Pursuant to 9019 of the Bankruptcy Rules*, previously filed under pending motion to seal. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

5. Through this Motion, the Debtors request approval of the Settlement Agreement attached to this Motion as **Exhibit A**.

B5111820.1

6. The terms of the Settlement Agreement are incorporated by reference. Below is a description of the key terms of the Settlement Agreement[2]:

(a) The Debtors will pay ███████████████████████████████████████████████████████████, to resolve the Action (as defined herein). The full Settlement Amount will be paid from the Debtors' malpractice insurance policy,

(b) The Debtors vigorously and wholly deny Barr's allegations, and the Settlement Agreement does not constitute an admission by the Debtors of any liability or violation.

(c) The Debtors agree to an amicable resolution through the Settlement Agreement to avoid the costs of litigation.

(d) Barr irrevocably and unconditionally releases and discharges the Debtors and waives his right to file a claim or complaint for the underlying Action.

(e) Barr agrees not to disclose any information regarding the terms and conditions of the Settlement Agreement.

## **BACKGROUND**

7. On March 11, 2019 (the "JLL Petition Date"), the Debtor Jeffrey Lew Liddle, acting *pro se*, commenced a voluntary case under chapter 11 of the Bankruptcy Code. On July 22, 2019 (the "Firm Petition Date"), the Debtor Liddle & Robinson commenced a voluntary case under chapter 11 of the Bankruptcy Code. The two cases are jointly administered. Jonathan L. Flaxer has been appointed chapter 11 trustee in the Firm's case [Case No. 19-12346, Docket No. 193].

8. Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2*, sworn to and filed with the Court on the JLL Petition Date [Docket No. 1 in Case No. 19-10747], and the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2*, sworn to and filed with the Court on the Firm Petition Date [Docket No. 2 in Case No. 19-12346].

---

[2] To the extent there is a discrepancy between this summary of the terms and the terms in the Settlement Agreement, the Settlement Agreement will govern.

B5111820.1

9. Prior to the JLL Petition Date and the Firm Petition Date, on October 6, 2014, Barr filed a complaint against the Debtors (together with Barr, the "Parties") in the Supreme Court of the State of New York, County of New York, commencing an action entitled *Michael Barr v. Liddle & Robinson, LLP and Jeffrey L. Liddle*, bearing Index Number 159781/14 (the "Action"). The Action was pending for several years prior to either petition date.

10. On September 5, 2019, Barr filed a *Notice of Motion to Lift Automatic Stay* [Docket No. 168 in Case No. 19-10747 and Docket No. 54 in Case No. 19-12346] (the "Stay Motion") against both Debtors, in which he sought relief from the automatic stay to pursue the Action. The Debtors and Barr negotiated a series of adjournments of the Stay Motion while attempting to negotiate a resolution of the Action.

11. The Parties have negotiated at arms' length and in good faith and have agreed to settle the Action on the terms and conditions set forth in the Settlement Agreement. The Parties acknowledge that the merits of the controversy are in dispute and have not been adjudicated, and that no party admits any liability to any other. As set forth in more detail below, the entire settlement is being funded by an insurance policy and neither estate will be obligated for any portion of the settlement amount.

## BASIS FOR RELIEF

12. Bankruptcy Rule 9019 provides that, upon the motion of the debtor-in-possession, "after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Code authorizes the Court to enter any order "that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

B5111820.1

13. A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)); *see also In re Chemtura Corp.*, 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010) (same); *In re Lehman Bros. Holdings*, 435 B.R. 122, 134 (S.D.N.Y. 2010) (same).

14. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Chemtura*, 439 B.R. at 594 (quoting *In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir.1983)) (internal quotations omitted). But the court is not required to go so far as to conduct a "mini-trial" on the terms to approve a settlement. *See id.* Before making a determination, however, the court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (quoting *TMT Trailer Ferry*, 390 U.S. at 424, 88 S.Ct. 1157). Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis. *See JP Morgan Chase Bank, N.A. v. Charter Commc'ns Operating LLC (In re Charter Commc'ns)*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009). "At the same time, a court may not simply defer to a debtor in possession's judgment, but must independently evaluate the reasonableness of the settlement." *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009) (citations omitted). In addition, courts may give weight to the opinion of bankruptcy counsel supporting the settlement. *See id.* ("In [approving the settlement agreement], the court is permitted to rely upon 'opinions of the trustee, the parties, and their attorneys.'"); *Chemtura*, 439 B.R. at 594.

15. To that end, courts have developed standards to evaluate if a settlement is fair and equitable and identified factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry, Inc.*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in *Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452 (2d Cir. 2007). The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
> (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;
> (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"
> (4) whether other parties in interest support the settlement;
> (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;
> (6) "the nature and breadth of releases to be obtained by officers and directors;" and
> (7) "the extent to which the settlement is the product of arm's length bargaining."

*Id.* at 462.

16. The Settlement Agreement should be approved because it is fair, equitable, and in the best interests of the creditors.

17. The Settlement Agreement balances the uncertainties inherent in litigation and will bring a swift end to the Action, thereby allowing the Debtors to avoid the costs of litigation.

18. The Settlement Agreement is in the best interest of the Debtors' estates, creditors and interested parties because the Settlement Amount will be covered fully by a professional liability insurance policy under Darwin Select Insurance Company (the "Policy"). As set forth in the accompanying declaration of Michael Goldenberg, Mr. Liddle's counsel in the Action, the Action ████████████████████████████████████████. Declaration of Michael Goldenberg at ¶ 3. The Policy is a claims-made and reported policy for the period between August 15, 2014 and

B5111820.1

August 15, 2015, which means it covers only those claims made and reported to the insurance carrier during the policy period. *Id*. at ¶ 4. ███████████████████████████████████ ███████████████████████████████████████. *Id*. at ¶ 5. The Debtors have not scheduled any other malpractice claims that were filed during the Policy period, nor have any proofs of claim been filed for malpractice claims that were filed during the Policy period. Accordingly, the payment of the Settlement Amount pursuant to the Policy will not impact any of the Debtors' other creditors.

19. The counsel appearing and the Court have more than sufficient knowledge and experience to negotiate, evaluate, and approve the Settlement Agreement.

20. The Settlement Agreement was negotiated at arms-length by and among the Parties.

21. The Debtors submit that entry into the Settlement Agreement represents a sound exercise of the business judgment of the Debtors.

22. Accordingly, the Debtors respectfully request the Court approve and authorize the Settlement Agreement.

## NO PREVIOUS REQUEST

23. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

B5111820.1

WHEREFORE, for the reasons set forth above, the Debtors respectfully request the Court enter the Approval Order substantially in the form attached hereto as **Exhibit B** (i) approving the Settlement Agreement and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate.

Dated: March 18, 2020
      New York, New York

Respectfully submitted,

/s/ Alison D. Bauer

FOLEY HOAG LLP
Alison D. Bauer
William F. Gray
Jiun-Wen Bob Teoh
1301 Avenue of the Americas
New York, New York 10019
Tel: 646.927.5500
Fax: 646.927.5599
abauer@foleyhoag.com
wgray@foleyhoag.com
jteoh@foleyhoag.com

Michael J. Licker
Meredith S. Parkinson
James Fullmer
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Jeffrey Lew Liddle Debtor and Debtor-in-Possession*

/s/ Michael S. Weinstein

B5111820.1

                                          Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR BELL & PESKOE
711 Third Avenue
New York, New York 10019
Tel: (212) 907-7300
Fax: (212) 754-0330

*Attorneys for Chapter 11 Trustee to Liddle & Robinson, L.L.P.*