# Exhibit A

**Settlement Agreement**

## CONFIDENTIAL RELEASE

THIS RELEASE is given by, **Michael Barr,** (hereinafter "Plaintiff") to **Jeffrey L. Liddle, Liddle & Robinson, L.L.P. and its current and former partners, attorneys, agents and employees, and defendants' insurer(s)** (hereinafter "Defendants"),

WHEREAS, plaintiff filed a Complaint against the defendants Jeffrey L. Liddle, Liddle & Robinson, L.L.P. (the "L&R Defendants") in the Supreme Court of the State of New York, County of New York, entitled <u>Michael Barr v. Liddle & Robinson, LLP and Jeffrey L. Liddle,</u> bearing Index Number 159781/14 (the "Action"), with no admissions of liability or wrongdoing on the part of any party, on the terms set forth in this Agreement.

WHEREAS, for the Settlement Amount defined below, the Plaintiff has settled with the L&R Defendants in the Action and any and all related claims which could have been asserted, whether they are presently known or unknown and releases the defendants of all claims.

WHEREAS, the parties acknowledge that the merits of the controversy are in dispute and have not been adjudicated, and that no party admits any liability to any other, but all have reasons to desire amicable resolution of the matter, including to avoid the costs of litigation;

NOW, for and in consideration of the agreements, covenants and conditions herein contained, the adequacy and sufficiency of which is hereby expressly acknowledged by the parties hereto, the parties agree as follows:

1. **The Terms of Settlement:**

    (a) [REDACTED]

    (b) Plaintiff understands and acknowledges that the L&R Defendants vigorously and wholly deny the Plaintiff's allegations and are settling this matter for reasons other than the merits of the Plaintiff's claims, including the avoidance of the cost of litigation. Settlement does not represent an admission of liability, fault or wrongdoing by any party.

    (c) [REDACTED]

    (d) Plaintiff agrees that, but for this Release, the Stipulation (defined below) and Approval (defined below), he would not be receiving the aforesaid Settlement

Page 1 of 6

Amount and other terms of settlement described in subsections (a)-(c) above and (e)-(f) below.

(e)  Plaintiff certifies and warrants to the Defendants, their counsel and any insurance carriers that he has no outstanding judgment for child support. In the event that the Plaintiff does have outstanding child support judgments the Plaintiff hereby agrees that he will fully and completely indemnify, hold harmless and defend (with counsel of Plaintiff's choice reasonably acceptable to the Defendants) the L&R Defendants, Braff, Harris, Sukoneck & Maloof and L&R Defendants' insurer(s) for any sums that may be required to be paid for outstanding child support judgments including reasonable and necessary attorneys' fees and costs with respect to any such outstanding judgments.



Payment shall be made upon receipt by Michael S. Goldenberg, Esq. of Braff, Harris, Sukoneck & Maloof of (i) an original of this Release executed by Plaintiff, (ii) a signed Stipulation of Discontinuance, with prejudice ("Stipulation") of the Action and W-9 executed by Plaintiff's counsel, and (iii) following approval or consent by the U.S. District Court Bankruptcy Judge presiding over the bankruptcy proceedings (the "Bankruptcy Proceedings") concerning Jeffrey L. Liddle and Liddle & Robinson, L.L.P (the "Approval"). (Items (i), (ii) and (iii) herein are collectively referred to as the "Conditions".) The Settlement Amount shall be delivered or wired to Plaintiff's counsel within ten (10) days of the satisfaction of the Conditions. In the event payment in full of the Settlement Amount is not received by Plaintiff's counsel within the time period set forth herein and such failure is not cured within five (5) days of written notice to the L&R Defendants' counsel by email to msgoldenberg@bhsm-law.com, Plaintiff may deem this Release, the Stipulation and the Approval (by written email notice to Defendants' counsel) to be null and void and of no force or effect and may resume prosecution of the Action as if no settlement had been reached. For the avoidance of doubt, this Release is subject to the approval of the United States Bankruptcy Court for the Southern District of New York. The Release shall have no enforceability or effect until such approval and the Settlement Payment shall not be made until such approval.

2. **No Admission of Liability:** It is expressly understood that this Release and the settlement it represents are entered into solely for the purpose of allowing the parties to avoid further expenses of litigation. This Release does not constitute an admission by the L&R Defendants of any violation of any federal, state or local law, regulation or local requirement, contractual obligation, or any duty whatsoever whether based in statute, regulation, common law, or otherwise. Defendants expressly deny that any liability or any such violation has occurred as to the Plaintiff.

3. **Dismissal of Action:** The plaintiff understands and agrees that upon clearance of the Settlement Amount counsel for the L&R Defendants will electronically file with the Supreme Court of the State of New York, County of New York, the executed Stipulation, and without costs or fees to either party. Plaintiff understands and agrees that the terms of the aforesaid discontinuance are expressly incorporated by reference within this Release as if fully set forth herein.

4. **Release in Consideration for the Payment and Other Consideration Provided for in this Agreement:** In consideration of the payment and clearance of the Settlement Amount, Plaintiff personally and for his estate and/or his heirs waive, release and give up any and all claims, demands, obligations, damages, liabilities, causes of action and rights, in law or in equity, known and unknown, that he may have against the L&R Defendants, their agents, servants, insurance carriers, representatives and employees (present and former) and their respective successors and assigns, heirs, executors and personal or legal representatives, based upon any act, event or omission occurring before the execution of this Agreement. In consideration of the payment and clearance of the Settlement Amount, Plaintiff specifically hereby consents to irrevocably and unconditionally release and discharge the Defendants and their agents, employees and servants (collectively "releasees") from any and all obligations, claims, demands, judgments or causes of action of any kind whatsoever in tort, contract, by statute, or on any other basis for compensatory, punitive or other damages, expense, reimbursements or costs of any kind, including but not limited to any and all federal, state and local law claims which you have or may have as of the date you sign this Release, whether statutory or common law.

5. **No claims Permitted/Covenant Not to Sue:** In consideration of the payment and clearance of the Settlement Amount, Plaintiff waives his right to file any charge or complaint on his own behalf and/or to participate as a complainant, plaintiff, or charging party in any charge or complaint which may be made by any other person or organization on his behalf, with respect to anything which has happened up to the execution of this Agreement before any federal, state or local court or administrative agency against the Defendants, except if such waiver is prohibited by law. Should any charge or complaint be filed, Plaintiff agrees that he will not accept any relief or recovery therefrom. Plaintiff confirms that no such charge, complaint, or action exists in any forum or form other than the Complaint bearing Index Number 159781/14 and the proofs of claim filed in the Bankruptcy Proceedings and covenants not to file any charge, complaint or action in any forum or form against the Defendants based upon anything which is encompassed by the terms of this Release. Except as prohibited by law, in the event that any such charge, complaint or action is filed by Plaintiff, it shall be dismissed with prejudice upon presentation of this Release, the Approval and proof of payment in

full and clearance of the Settlement Amount and plaintiff shall reimburse the Defendants for the cost, including reasonable and necessary attorneys' fees of defending any such action.

6. **Non-Disparagement:** Plaintiff agrees that he shall not disparage defendants, or any present or former partners, attorneys, agents or employees of the L&R Defendants, whether to any current or former employee of the L&R Defendants, the press, general public, media, or any other business entity or third party. Plaintiff also agrees not to authorize any person to make any disparaging statements about the L&R Defendants or to defame them to any person, entity or third party. The filing of any court documents (including Affidavits) that may be required by a court to facilitate the terms of the settlement agreement referenced in this Release shall not in any way be deemed to be disparaging statement. This non-disparagement obligation shall expire on the fifth anniversary of the execution of this release.

7. **No Cooperation/Participation:** Plaintiff covenants and agrees that he will not provide information or consulting advice or counsel to, or otherwise cooperate with or assist in any manner, any entity or person, including, but not limited to, any employee or former employee of the L&R Defendants asserting, or seeking to assert any cause of action, charge for any claim whatsoever against the L&R Defendants unless compelled to do so by force of law or subpoena, with respect to any matter that is the subject of the Action.

8. **Attorney's Fees and Costs:** Plaintiff agrees that he will bear his own costs and attorney's fees which have been incurred in connection with the within matter and in connection with the negotiation and preparation of this Release and that no amounts other than the Settlement Amount to be made pursuant to paragraph 1 of this Release shall be sought by or owed to Plaintiff or his attorneys in connection with this matter, and that no monies shall be sought by the Defendants from the Plaintiff.

9. **Reliance of the Plaintiff:** Plaintiff is executing this Release and has authorized his counsel to execute the Stipulation in reliance upon the understanding that the L&R Defendants have agreed to, approved and will not object to the Settlement Amount and/or its payment to Plaintiff. In the event any of the L&R Defendants object to the settlement of the Action and/or the Settlement Amount and/or seek in any way to delay, nullify or void the payment of the Settlement Amount to Plaintiff, Plaintiff may deem this Release and the Stipulation, by written notice by email to the L&R Defendants' counsel, to be null and void and of no further force or effect and may restore the Action to the trial calendar.

10. **Entire Agreement:** This Release (including, but not limited to, the obligation of the Defendants to pay the Settlement Amount to Plaintiff) contains the sole and entire agreement between the parties hereto and fully supersedes any and all prior agreements and understandings pertaining to the subject matter hereof. Plaintiff represents and acknowledges that, prior to executing this Release, he has consulted his attorney, that he had ample time to do so, that he obtained the advice of counsel prior to making the decision to execute the Release and that he has not relied upon any

representation or statement not set forth in this Release made by any other party thereto, or their counsel or representatives, with regard to the subject matter of this Release. No other promises or agreements shall be binding unless in writing, signed by the Plaintiff and/or the parties hereto and expressly stated to represent an amendment to this Release.

11. **Severability:** Plaintiff agrees that if any court declares any portion of this Release (other than the obligations set forth in paragraph 1) unenforceable, the remaining portions shall be fully enforceable.

12. **Applicable Law:** This Release shall be construed and interpreted in accordance with the Laws of the State of New York. All parties agree that any action to enforce or interpret this General Release shall only be brought in a court of competent jurisdiction in the State of New York.

13. **Liens:** Plaintiff personally guarantees and warrants that all liens and/or monetary obligations owed including any worker's compensation lien and/or medical bill liens, whether public, private or otherwise, for any medical, wage, or other benefits received by the Plaintiff or paid by any third party on the plaintiff's behalf have been satisfied and paid off in their entirety by Plaintiff and/or an authorized agent out of the funds received pursuant to this Release. This includes all liens, known and unknown, including any liens in connection with the alleged claim.

14. **Confidentiality:** Plaintiff and his attorney agree and promise that unless directed to do so by Court Order, they will not disclose, either directly or indirectly, in any manner whatsoever, any information regarding the existence or terms of this Agreement or the facts giving rise to his claims in the Action, to any person or organization including, but not limited to, any governmental body, entity or official, members of the press or other media, present and former partners, attorneys, employees and agents of the defendants and other members of the public. For purposes of this paragraph, the term "Court Order" shall not mean deposition notice or subpoena.

This paragraph shall not preclude the plaintiff or his counsel from disclosing the existence or terms of this Agreement: to their accountants, attorneys, or the appropriate taxing authorities.

Under circumstances expressly permitted above, the Plaintiff shall advise all persons to whom he discloses the existence or terms of this Agreement pursuant to this paragraph of the Confidentiality restrictions before making such disclosure and obtaining from each such person, other than their attorneys, accountants and immediate family members, an agreement to honor the Confidentiality provisions of this Agreement before making any disclosure. If asked by anyone about the status of their litigation against the L&R Defendants, the Plaintiff may respond that "<u>the matter has been resolved</u>". The Plaintiff represents and confirms that prior to execution of this Agreement, he has not revealed the terms of settlement to anyone other than his counsel, spouse, and/or tax professionals he has engaged for representation. Plaintiff understands that this is a material inducement to the Defendants' entry into this Agreement.

15. **Waiver of Further Actions.** Plaintiff further agrees to waive any and all future actions against the L&R Defendants, including its present and former partners, attorneys, employees and/or agents.

15. **No Assignment:** No party to this Release may assign any of its benefits or delegate any of its duties thereunder without the express written consent of all other parties evidenced by a duly authorized and executed written instrument.

16. **No Waiver of Breach:** The waiver of any provision of this Release shall not be construed or operate as a waiver of any subsequent breach.

17. **Effective Date:** This Release will become effective on the date on which the Plaintiff has executed it.

### BY SIGNING THIS AGREEMENT, MICHAEL BARR STATES THAT:

(A) He has read it;
(B) He understands it and knows that he is giving up important rights, and that he is giving up any such rights or claims in exchange for a payment to which he was not already entitled;
(C) He agrees to abide by all of his obligations in said Agreement;
(D) His attorney negotiated this General Release with his knowledge and consent;
(E) He has been advised to consult with his attorney prior to executing this Settlement Agreement and Release, and has in fact done so;
(F) He has signed this Settlement Agreement and Release knowingly and voluntarily;
(G) The parties agree that the plaintiff has had an opportunity to obtain advice regarding taxation of settlement proceeds, if any. The plaintiff represents and warrants that no representation regarding taxation or tax consequences of receipt of settlement proceeds has been made to him by the defendants, counsel, and/or defendants' insurer(s).

PLEASE READ CAREFULLY. THIS AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES.

_/s/ Michael Barr_
Michael Barr

WITNESS: _/s/_

DATED: FEBRUARY 7, 2020

GSB:10701740.1