UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re

LIDDLE & ROBINSON, L.L.P.,[1]

                        Debtor

-------------------------------------------------------- x

:   Chapter 11
:
:   Case No.  19-12346 (SHL)
:
:   Jointly Administered with 19-10747 (SHL)
:

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Application (the "**Application**")[2] of Liddle & Robinson, L.L.P. (the "**Debtor**"), for entry of an order, pursuant to sections 105(a), 501, 502(b)(9), and 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"),  Rules 2002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1 and 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and its creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby,

      **ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

which arose on or prior to the filing of the Debtor's chapter 11 petition on July 22, 2019 (the

"**Petition Date**"), including claims pursuant to sections 503(b)(9) of the Bankruptcy Code, shall

file a proof of such claim in writing or electronically on the Court's website at

www.nysb.uscourts.gov so that it is received on or before 5:00 p.m., prevailing Eastern Time, **July**

**10, 2020** (the "General Bar Date"); and it is further

> **ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

> (a)    Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

> (b)    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.  Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, 1 Bowling Green, New York, NY 10004;

> (c)    Proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the General Bar Date;

> (d)    Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; (iv) be legible; (v) be signed by the claimant or by an authorized agent or legal

representative of the claimant; and (vi) include a claim amount denominated in United States currency;

(e)     In addition to the requirements set forth above, any proof of claim asserting a 503(b)(9) claim must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) claim was satisfied by payments made by the Debtor pursuant to any order of the Court authorizing the Debtor to pay prepetition claims; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the General Bar Date:

(a)     Any person or entity that has already filed a proof of claim against the Debtor in this cases in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated;" <u>and</u> (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     Any holder of a claim that has heretofore been allowed in this case by Order of this Court;

(d)      Any holder of a claim which has been paid in full by the Debtor;

(e)      Any holder of a claim for which different specific deadlines have previously been fixed by this Court;

(f)      Any holder of an equity interest in the Debtor with respect to the ownership of such equity interest, *provided*, *however*, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the General Bar Date pursuant to procedures set forth herein; or

(g)      Any current employee of the Debtor on account of any claim the Court has authorized the Debtor to honor in the ordinary course of business as a wage, commission, or benefit, *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims, if any, for wrongful termination, discrimination, harassment, hostile work environment, and retaliation and claims covered by the Debtors' workers' compensation insurance; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the General Bar Date or the date that is thirty (30) days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the

rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection (the "**Rejection Bar Date**" and, together with the General Bar Date, the "**Bar Date**"); and it is further

ORDERED, that if Jonathan L. Flaxer (the "**Trustee**"), solely in his capacity as chapter 11 trustee for the Debtor, amends or supplements the Schedules subsequent to the date hereof, the Trustee shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that is not excepted from the requirements of this Order and fails to comply with this Order by timely filing a proof of claim in appropriate form shall be forever barred, estopped, and enjoined from (a) asserting such claim against the Debtor and the chapter 11 estate, (b) voting on any chapter 11 plan filed in this case on account of such claim, and (c) participating in any distribution in this chapter 11 case on account of such claim; and it is further

ORDERED, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the General Bar Date on:

(a)    The United States Trustee;

3451671.3

(b)     All persons or entities that have requested notice of the proceedings in this Chapter 11 case;

(c)     All persons or entities that have filed claims;

(d)     All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(e)     All parties to executory contracts and unexpired leases of the Debtor;

(f)     All parties to litigation with the Debtor;

(g)     The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(h)     Such additional persons and entities as deemed appropriate by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order; and it is further

**ORDERED**, that due to the number of creditors and the circumstances of the case, notice by publication is not required under Bankruptcy Rule 2002(l); and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Trustee to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: May 26, 2020
   New York, New York

*/s/ Sean H. Lane*

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

3451671.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
                                                          :   Chapter 11
In re                                                     :
                                                          :   Case No.  19-12346 (SHL)
LIDDLE & ROBINSON, L.L.P.,                                :
                                                          :   Jointly Administered with 19-10747 (SHL)
                        Debtor                            :
--------------------------------------------------------- x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE JULY 10, 2020 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST LIDDLE & ROBINSON, L.L.P.:**

The United States Bankruptcy Court for the Southern District of New York has entered an Order (the "**Bar Date Order**") establishing **July 10, 2020** (the "**General Bar Date**") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against Liddle & Robinson, L.L.P., the above-captioned debtor (the "**Debtor**").

The Bar Date (as defined herein) and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to July 22, 2019 (the "**Petition Date**"), the date on which the Debtor commenced its case under chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

2.      **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan in this chapter 11 case or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Petition Date, and it is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or

prior to the Bar Date, even if such claims are not now fixed, liquidated or certain, or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

3.    **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; a copy accompanies this Notice.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

4.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before July 10, 2020 at 5:00 p.m. (Prevailing Eastern Time)**.  Attorneys (with full access

accounts) and employees of institutional creditors (with limited access accounts) should file proofs

of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their

Proofs of claim through the "File A Proof of Claim" link on the Court's website,

www.nysb.uscourts.gov, or by mailing or delivery the original proof of claim to the Court at the

address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 614**
> **New York, New York 10004-1408**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or

before the Bar Date.  Proofs of claim may not be delivered by facsimile, telecopy or electronic

mail transmission.

### 5.    WHO NEED NOT FILE A PROOF OF CLAIM

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

(a)    Any person or entity that has already filed a proof of claim against the

Debtor in this cases in a form substantially similar to Official Bankruptcy

Form No. 410;

(b)    Any person or entity whose claim is listed on the Schedules filed by the

Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed,"

"contingent," or "unliquidated;" <u>and</u> (ii) the claimant agrees with the

amount, nature and priority of the claim as set forth in the Schedules;

(c)    Any holder of a claim that has heretofore been allowed in this case by Order

of this Court;

(d)     Any holder of a claim which has been paid in full by the Debtor;

(e)     Any holder of a claim for which different specific deadlines have previously been fixed by this Court;

(f)     Any holder of an equity interest in the Debtor with respect to the ownership of such equity interest, *provided*, *however*, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the General Bar Date pursuant to procedures set forth herein; or

(g)     Any current employee of the Debtor on account of any claim the Court has authorized the Debtor to honor in the ordinary course of business as a wage, commission, or benefit, *provided*, *however*, that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims, if any, for wrongful termination, discrimination, harassment, hostile work environment, and retaliation and claims covered by the Debtors' workers' compensation insurance.

This Notice is being sent to many persons and entities that have had some relationship with, or have done business with, the Debtor, but may not have an unpaid claim against the Debtor.  The fact that you have received this Notice does not mean that you have a claim or that the Debtor or that the Court or Jonathan L. Flaxer (the "**Trustee**"), solely in his capacity as chapter 11 trustee for the Debtor, believes that you have a claim against the Debtor.

6.     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, you must file a proof of claim based on such rejection on or before the later of the General Bar Date or the date that is thirty (30) days after the date of the order authorizing such rejection.  Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease (the "**Rejection Bar Date**" and, together with the General Bar Date, the "**Bar Date**").

7.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF LIQUIDATION FILED IN THIS CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH CLAIM.

8.      **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need

to file a proof of claim. Otherwise, you must file a proof of claim before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 A.M. and 4:30 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004. Copies of the Debtor's Schedules may also be obtained by written request to the Trustee's counsel addressed to Golenbock Eiseman Assor Bell & Peskoe LLP, Attn: Michael S. Weinstein, 711 Third Avenue, 17th Floor, New York, New York 10017.

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated: _____ __, 2020
       New York, New York

**BY ORDER OF THE COURT**

/s/ Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP
Michael S. Weinstein
711 Third Avenue
New York, New York 10017
Tel:  646.927.5500
Fax: 646.927.5599
mweinstein@golenbock.com

*Counsel for Jonathan L. Flaxer, the chapter 11 trustee for Liddle & Robinson, L.L.P.*