DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Robert L. Rattet, Esq. (rlr@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG
Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                    Chapter 11

LIDDLE & ROBINSON, LLP,                         Case No. 19-12346 (SHL)

                              Debtor.
-------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL
LLC, AND COUNSEL FINANCIAL HOLDINGS LLC TO (I)
MONTHLY FEE STATEMENTS OF EISNERAMPER LLP FOR
COMPENSATION AS ACCOUNTANTS FOR THE DEBTOR FOR
JANUARY 2020 [DOC 268] AND FEBRUARY 2020 [DOC. 269]; (II)
MONTHLY FEE STATEMENTS OF FOLEY HOAG LLP FOR
COMPENSATION FOR SERVICES AS COUNSEL TO THE
DEBTOR AND DEBTOR-IN-POSSESSION FOR NOVEMBER 2019
[DOC. 278], DECEMBER 2019  [DOC. 279], JANUARY 2020 [DOC.
280], FEBRUARY 2020 [DOC. 281], MARCH 2020 [DOC. 282], AND
<u>APRIL 2020 [DOC. 286]</u>[1]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

    Counsel Financial II LLC ("<u>CF2</u>"), LIG Capital LLC ("<u>LIG</u>"), and Counsel Financial

Holdings LLC ("<u>Holdings</u>" and together with LIG and CF2, collectively "<u>Counsel Financial</u>"), by

---

[1] References to "Doc." refer to documents filed on the docket in this case.

their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the (i) Monthly Fee Statements Of EisnerAmper For Compensation As Accountants For The Debtor for January 2020 [Doc. 268] and February 2020 [Docs. 269, 287]; (ii) Monthly Fee Statements Of Foley Hoag LLP For Compensation For Services As Counsel to the Debtor And Debtor-In-Possession For The Period November 2019 [Doc. 278], December 2019 [Doc. 279], January 2020 [Doc. 280], February 2020 [Doc. 281], March 2020 [Doc. 282], and April 2020 [Doc. 286] and represent and state:

1. Counsel Financial incorporates by reference the objections it previously filed to the monthly statements of Foley Hoag LLP ("Foley Hoag") or EisnerAmper LLP ("EisnerAmper") [*Docs. 128, 151, 160, 220*] (the "Prior Objections"), as if set forth in full herein. (*Copies are attached as Exhs. A, B, C, and D*).

2. Counsel Financial does not consent to use of its cash collateral for professional fees of EisnerAmper and Foley Hoag.

3. Foley Hoag is seeking $342,013.14 for the months of November 2019 and December 2019. EisnerAmper is seeking $46,678.50 for November and December. These fees were primarily incurred litigating against Counsel Financial.

4. Clearly, the services performed by Foley Hoag and EisnerAmper were not performed for Counsel Financial's benefit.

5. The services performed by Foley Hoag and EisnerAmper did not confer a benefit on Counsel Financial.

6. Additionally, Foley Hoag submitted time records showing multiple attorneys billing for intraoffice meetings, resulting in a combined billing rate of up to $4,110 per hour.[2] *See, 11 U.S.C. § 330(a)(1); In re New Bos. Coke Corp.,* 299 B.R. 432 (Bankr. E.D. Mich. 2003) (Bankruptcy court held that excessive intra-office conferences by debtor's counsel warranted 90% reduction in hours billed for such conferences); *In re Bennett Funding Grp., Inc.*, 213 B.R. 234, 245 (Bankr. N.D.N.Y. 1997) (Bankruptcy court disallowed percentage of total time entries categorized as intra-office conferences in fee application filed by counsel for Chapter 11 trustee, for failure to explain why multiple professionals were required in such conferences); *In re Am. Int'l Airways, Inc.*, 47 B.R. 716, 724 (Bankr. E.D. Pa. 1985) (Disallowing compensation for multiple attorneys present at conferences).

7. In accordance with the foregoing, no awards of monthly compensation should be made at this time and no payments should be approved.

---

[2] *See, e.g., time records for 12/06/2019, stating that six attorneys attended a 1.2-hour meeting at the following billing rates:*

| Attorney | Hourly Rate |
|---|---|
| Bauer, Alison D. | $900.00 |
| Gray Jr., William F. | $925.00 |
| Licker, Michael | $715.00 |
| Fullmer, James S. | $505.00 |
| Parkinson, Meredith S. | $595.00 |
| Teoh, Jin-Wen | $470.00 |

Dated: New York, New York
June 1, 2020

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
        David H. Wander
        Robert L. Rattet
        Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
rlr@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC,
and Counsel Financial Holdings LLC*

# EXHIBIT A

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)
*Attorneys for Counsel Financial II LLC, LIG Capital*
*LLC, and Counsel Financial Holdings LLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          Chapter 11

LIDDLE & ROBINSON, LLP,                     Case No. 19-12346 -shl

                                   Debtor.
-------------------------------------------------------X


**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY
STATEMENT OF FOLEY HOAG LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION FOR THE PERIOD FROM JULY 22, 2019 THROUGH
<u>AUGUST 31, 2019 [DOC. 118, 119]</u>**


TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("<u>CF2</u>"), LIG Capital LLC ("<u>LIG</u>"), and Counsel Financial

Holdings LLC ("<u>Holdings</u>" and together with LIG and CF2, collectively "<u>Counsel Financial</u>"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection[1] to the

Notices of Monthly Statement of Foley Hoag LLP For Compensation For Services Rendered and

Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession For the

Period From April 27, 2019 Through August 31, 2019 [Doc. 118, 119] and represents and states:

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 9006(a)(1)(C), since the objection deadline of November 16, 2019 fell on a Saturday, it was automatically extended to Monday, November 18, 2019.

1.      Counsel Financial has repeatedly stated that it does not consent to its cash collateral being used for payment of professional fees.  None of the services rendered, to date, appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would have incurred such fees to protect its collateral.

2.      Before any payment of fees is made, the Court should review the results in this case and make a determination regarding whether the primary purpose of the attorneys fees incurred was to benefit Counsel Financial, and whether Counsel Financial actually benefitted as a result of the expenditure. *See In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

3.      While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including attorney's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984).

4.      There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).

2

5.      For purposes of a DIP or trustee's ability to recover expenses incurred to preserve or dispose of collateral, a secured creditor is interpreted as having received a benefit if the expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123.

6.      The counsel fees incurred in this case have not enhanced the value of the Debtor's estate, rather, the Debtor is destined for liquidation with no possibility of successful reorganization. Under applicable state law, L&R is a law firm in dissolution and has not set forth any reasonable likelihood of rehabilitation.

7.      Accordingly, Counsel Financial submits that no payments should be made at this time to Debtor's attorneys.

Dated: New York, New York
       November 18, 2019

                        DAVIDOFF HUTCHER & CITRON LLP

                        By: /s/ David H. Wander
                            David H. Wander
                            Alexander R. Tiktin
                        605 Third Avenue
                        New York, New York 10158
                        (212) 557-7200
                        dhw@dhclegal.com
                        art@dhclegal.com
                        *Attorneys for Counsel Financial II LLC, LIG Capital LLC,*
                        *and Counsel Financial Holdings LLC*

3

# EXHIBIT B

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG
Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                          Chapter 11

LIDDLE & ROBINSON, LLP,                         Case No. 19-12346 (SHL)

                         Debtor.
-------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY
STATEMENT OF EISNERAMPER LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH
OCTOBER 31, 2019 [DOC. 131][1]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the

Notices of Monthly Statement of EisnerAmper LLP For Compensation For Services Rendered

and Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession

---

[1] References to "Doc." refer to documents filed on the docket in this case.

672078v.1

For the Period From October 1, 2019 Through October 31, 2019 [Doc. 131] and represents and states:

1.    Counsel Financial has repeatedly stated that it does not consent to its cash collateral being used for payment of professional fees.  None of the services rendered, to date, appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would have incurred such fees to protect its collateral.

2.    Before any payment of fees is made, the Court should review the results in this case and make a determination regarding whether the primary purpose of the accountant's fees incurred was to benefit Counsel Financial, and whether Counsel Financial actually benefitted as a result of the expenditure. *See In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

3.    While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including accountant's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984).

4.    There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor

2

would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).

5.      For purposes of a DIP or trustee's ability to recover expenses incurred to preserve or dispose of collateral, a secured creditor is interpreted as having received a benefit if the expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123.

6.      Moreover, the retention of EisnerAmper was unnecessary. This chapter 11 reorganization should never have been filed in the first place, for two reasons. First, the Debtor is ineligible to reorganize as a debtor-in-possession because it is a law firm in dissolution, and it has not set forth any reasonable likelihood of rehabilitation. *See Motion by Counsel Financial to Convert Chapter 11 Case to Chapter 7, Doc. 103, ¶¶ 8-17.*

7.      Second, the Debtor was already protected by the automatic stay as a result of Liddle's chapter 11 filing, case no. 19-10747-shl. As Counsel Financial pointed out almost immediately after Liddle filed his chapter 11 petition, the law firm was protected by a non-debtor stay because claims against the law firm would have an immediate economic effect on Liddle's estate. *See Doc. 23, ¶ 17; see also Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003); *In re Residential Capital*, 2013 WL 3491311 at *1 (2d Cir. July 15, 2013) (holding that the automatic stay applies to bar claims against a non-debtor that have "an immediate adverse economic consequence" for the debtor's estate). As the Debtor stated, "[p]aramount for reorganization is my ability to operate the business of Liddle & Robinson from which I expect to fund a plan of reorganization." *Doc. 14*, ¶ 16.

8.      In addition, the law firm did not need to incur the expense of bankruptcy accountants because the income and expenses of the law firm have been intermingled with Liddle's income and expenses in the monthly operating reports filed throughout Liddle's

3

individual case. The law firm only needed bookkeeping services to maintain its books and records. The bankruptcy accounting services provided in this case were therefore unnecessary and duplicitous.

9.    Accordingly, it was not necessary to file the law firm in bankruptcy, and the Debtor has incurred excessive and unnecessary fees as a result of doing so. L&R should have wound up its affairs and dissolved pursuant to applicable state law with the protection of the co-debtor stay, and spared its creditors the unnecessary expense of its bankruptcy accountants, which duplicated the work of the bankruptcy accountants in the individual case.

10.    As a result of the foregoing, Counsel Financial submits that no payments should be made at this time to Debtor's accountants.

Dated: New York, New York
December 3, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
    David H. Wander
    Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

4

# EXHIBIT C

DAVIDOFF HUTCHER & CITRON LLP                **Hearing Date and Time:**
605 Third Avenue                             December 19, 2019 at 11:00 a.m.
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG*
*Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                       Chapter 11

LIDDLE & ROBINSON, LLP,                      Case No. 19-12346 (SHL)

                              Debtor.
--------------------------------------------------------X


**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO (I) FIRST APPLICATION OF
FOLEY HOAG LLP FOR INTERIM ALLOWANCE OF COMPENSATION
AS COUNSEL TO THE DEBTOR [DOC 152]; (II) FIRST APPLICATION OF
THE BENEFIT PRACTICE FOR INTERIM ALLOWANCE OF
COMPENSATION AS BENEFITS CONSULTANT TO THE DEBTOR [DOC
153]; AND (III) FIRST INTERIM APPICATION OF EISNERAMPER LLP,
AS ACCOUNTANTS TO DEBTOR [DOC 154][1]**


TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the (i) first

application of Foley Hoag LLP ("Foley") for interim allowance of compensation as counsel to

the Debtor [Doc. 152], (ii) first application of The Benefit Practice ("Benefits Practice") for

---

[1] References to "Doc." refer to documents filed on the docket in this case.

674204.1

Interim Allowance of Compensation as Benefits Consultant to the Debtor [Doc. 153], and (iii)

first interim application of EisnerAmper LLP ("EisnerAmper") [Doc. 154] and represent and

state:

1.      Counsel Financial incorporates by reference the objections it previously filed to

the monthly statements of Foley [Doc. 128], Benefits Practice [Doc. 150], and EisnerAmper

[Doc. 151] (collectively the "Prior Objections"), as if set forth in full herein. (Copies are attached

as Exhs. A, B, and C).

2.      In addition to the points and authorities in the Prior Objections, showing why no

payments of interim compensation should be made at this time, additional grounds have recently

arisen.  Specifically, the Debtor recently filed monthly operating reports (the "MORs") for July,

August, September, and October of 2019 with the bank statements heavily redacted.  The filing

of such redacted MORs is extraordinary event and very concerning.  An explanation has been

requested from Debtor's counsel but, to date, Counsel Financial's attorneys have received no

response.

3.      Counsel Financial is concerned there may be improper transactions that are being

concealed.[2]  Until there is an opportunity for a thorough and complete review of the Debtor's

DIP account, as well as the DIP account in the related case, previously used by the Debtor, no

payments of compensation to professionals should be made.

4.      Additionally, three motions to convert this case to a chapter 7 liquidation have

been filed and those motions are scheduled for December 19th, the same date as the hearing on

---

[2] Upon information and belief, certain income and expenses relating to a racquet club membership the Debtor's
principal shared with others was run through the Debtor's account.  While these transactions may not be for large
sums, they are indicative of the reason why a third party, other than EisnerAmper, needs to review the Debtor's
transactions.

these fee applications.   Before any ruling is made on these fee applications, they should be reviewed by any trustee appointed in this case.

5.      Counsel Financial's review of these fee applications is continuing and reserves its rights to supplement or amend this objection.

6.      In accordance with the foregoing, no awards of interim compensation should be made at this time and no payments should be approved.

Dated: New York, New York
        December 12, 2019         DAVIDOFF HUTCHER & CITRON LLP

                                  By: /s/ David H. Wander
                                        David H. Wander
                                        Alexander R. Tiktin
                                  605 Third Avenue
                                  New York, New York 10158
                                  (212) 557-7200
                                  dhw@dhclegal.com
                                  art@dhclegal.com

                                  *Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

# EXHIBIT D

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG*
*Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                            Chapter 11

LIDDLE & ROBINSON, LLP,                           Case No. 19-12346 (SHL)

                          Debtor.
--------------------------------------------------------X


**OBJECTIONS BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC,**
**AND COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF**
**MONTHLY STATEMENT OF EISNERAMPER LLP FOR**
**COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE**
**DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM**
**DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019 [DOC. 211][1]**


TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

       Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"), by

their attorneys, Davidoff Hutcher & Citron LLP, submit the following objections to the Notices of

Monthly Statement of EisnerAmper LLP For Compensation For Services Rendered and

---

[1] References to "Doc." refer to documents filed on the docket in this case.

672078v.1

Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession For the Period From December 1, 2019 Through December 31, 2019 [*Doc. 211*] and represents and states:

1.      Counsel Financial objects to payment for any services relating to the preparation of the Declaration of Allen Wilen in Support of the Debtor's Omnibus Objection to Counsel Financial's Motion to Convert this Chapter 11 Reorganization to a Chapter 7 Liquidation (the "Wilen Declaration") [*Doc. 163-3*]. The Wilen Declaration lacks proper evidentiary support, pursuant to Federal Rule of Bankruptcy Procedure 9011(b)(3), as shown by Counsel Financial's Reply in Further Support of Their Motions to Convert the Debtors' Chapter 11 Reorganization to Chapter 7 Liquidation ("CF Reply"), and the Declarations referenced therein.[2] *See CF Reply, Doc. 173, ¶¶ 34-43 (citing Wander Dec., Exh. E, Doc. 174; Declaration of Megan Payne, Doc. 175, Exhs. E-I).*

2.      Counsel Financial also reserves its rights to object to payment to EisnerAmper to the extent it is determined that Counsel Financial has a perfected lien on the funds that will be used to pay EisnerAmper.

---

[2] Counsel Financial's objection extends to other documents filed with the Debtor's Omnibus Objection to Convert this Chapter 11 Reorganization to a Chapter 7 Liquidation, to the extent that they advance demonstrably false factual claims. *Docs. 163, 163-1, 163-2.*

2

Dated: New York, New York
     February 6, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
     David H. Wander
     Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC,
and Counsel Financial Holdings LLC*

672078v.1