Michael S. Weinstein, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*Counsel for Jonathan L. Flaxer, Chapter 11 Trustee for Liddle & Robinson, L.L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
In re                                           :    Chapter 11
                                                :
LIDDLE & ROBINSON, L.L.P.,                      :    Case No. 19-12346 (SHL)
                                                :
                        Debtor.                 :    Jointly Administered with 19-10747 (SHL)
------------------------------------------------------------------X

**OBJECTION OF JONATHAN L. FLAXER, AS CHAPTER 11 TRUSTEE
FOR THE ESTATE OF LIDDLE & ROBINSON, L.L.P., TO (1) THE
MONTHLY FEE STATEMENTS OF FOLEY HOAG LLP [DKT. NOS. 278-282, 286],
(2) THE FIRST AND SECOND INTERIM FEE APPLICATIONS OF FOLEY HOAG
LLP [DKT. NOS. 152 & 289], AND (3) THE FIRST INTERIM AND SECOND INTERIM
AND FINAL FEE APPLICATIONS OF EISNERAMPER LLP [DKT. NOS. 154 & 292]**

Jonathan L. Flaxer, solely in his capacity as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, hereby files this Objection to (i) the Monthly Statement of Foley Hoag LLP ("**Foley Hoag**") for Compensation for Services Rendered and Expenses Incurred as Counsel to the Debtor for the Period from November 1, 2019 through November 30, 2019 [Dkt. No. 278], December 1, 2019 through December 31, 2019 [Dkt. No. 279], January 1, 2020 through January 31, 2020 [Dkt. No. 280], February 1, 2020 through February 29, 2020 [Dkt. No. 281], March 1, 2020 through March 31, 2020 [Dkt. No. 282], and April 1, 2020 through April 30, 2020 [Dkt. No. 286] (collectively, the "**Monthly Fee Statements**"), (2) the First and Second Applications of Foley Hoag for Interim Allowance of Compensation for

3507694.3

Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtor and Debtor in Possession for the Period of July 22, 2019 through April 30, 2020 [Dkt. Nos. 152 & 289] (the "**Foley Hoag Fee Applications**"), and (3) the First Interim and Second Interim and Final Applications of EisnerAmper LLP ("**EisnerAmper**") for Compensation and Reimbursement of Expenses as Accountants to the Debtor and Debtor-in-Possession for the Period July 22, 2019 through February 29, 2020 [Dkt. Nos. 154 & 292] (the "**EisnerAmper Fee Applications**"), and in support thereof states as follows:

## BACKGROUND

1. On July 22, 2019 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under the Bankruptcy Code. Until December 23, 2019, the Debtor was authorized to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On or about December 6, 2019, the United States Trustee (the "**United States Trustee**") filed a motion for the appointment of a chapter 11 trustee [Dkt. No. 191; Case No. 19-10747, Dkt. No. 257], and on December 23, 2019, the Court granted that motion directing appointment of a chapter 11 trustee [Dkt. No. 192].

3. On December 23, 2019, the United States Trustee filed a notice appointing Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 193] as well as an application to approve the appointment of Jonathan L. Flaxer as the chapter 11 trustee [Dkt. No. 195]. The Court approved the United States Trustee's application by order dated January 6, 2020 [Dkt. No. 201].

4. Prior to Trustee's appointment, by Order dated September 4, 2019 [Dkt. No. 48], the Court approved procedures for professionals to seek interim compensation in this chapter 11

case (the "**Procedures Order**").  Such Procedures Order permits professionals to submit monthly statements of fees and expenses in accordance with requirements of the Procedures Order, and parties shall have ten (10) days from receipt of a monthly statement to object to such statement.  If an objection to a monthly statement is filed and served, the Estate shall withhold payment of that portion of the monthly statement to which the objection is directed.

## OBJECTION TO MONTHLY FEE STATEMENTS

5. The Monthly Fee Statements were filed on May 20, 2020, except for the April Monthly Fee Statement, which was filed on May 26, 2020.  Notwithstanding the Procedures Order, the Trustee and Foley Hoag agreed that the Trustee may object to any of the Monthly Fee Statements by June 5, 2020.

6. The Trustee hereby objects to the Monthly Fee Statements in the reasons set forth herein.  The Estate is entering into a new phase in this chapter 11 case as the Trustee is winding down operations as of June 30, 2020.  As part of this new phase, the Trustee expects to be filing a plan of liquidation in the near future.  As part of the plan process, the Trustee is evaluating the cash needs of the estate for the wind down as well as post-confirmation for the continued pursuit of assets of the Estate.  It is the Trustee's view that it would be inadvisable to pay, at this time, relatively substantial professionals fees and expenses to counsel who is not currently representing the Estate, particularly since most of such fees and expenses were incurred prior to the Trustee's appointment.  The Trustee is hopeful that final fee applications will be considered within the next several months.

7. In addition, Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC (collectively, "**Counsel Financial**") have sought leave to appeal the order permitting payment of 60% of fees and 100% of expenses to Foley Hoag pursuant to prior

monthly fee statements. While the Trustee takes no position on the merits of such appeal, the Trustee favors an expeditious resolution of the appeal so as to not further delay the administration of the Estate. As Counsel Financial has already objected to the Monthly Fee Statements, a further decision by the Court concerning the Monthly Fee Statements would likely result in a further increase in administrative costs to address the matter and could potentially delay any resolution of the appeal.

8. In light of the foregoing, at this time the Trustee opposes the Monthly Fee Statements. This is a continuing objection to any Monthly Fee Statements filed by Foley Hoag after the date hereof. The Trustee notes that he is not objecting to the substance of the Monthly Fee Statements at this time. Rather, the Trustee reserves the right to object to any such fees and expenses in any final fee application filed by Foley Hoag in the ordinary course.

## **OBJECTION TO THE FEE APPLICATIONS**

9. For the reasons that the Trustee objects to the Monthly Fee Statements, which are set forth above, the Trustee also objects to the Foley Hoag Fee Applications and EisnerAmper Fee Applications. The Trustee also notes that the fee applications filed on June 4, 2020 were filed too late to be considered at the June 18, 2020 hearing. *See* Bankruptcy Rule 2002(a)(6) (twenty-one (21) days' notice required for "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000").

Dated: New York, New York　　　　　　　Respectfully submitted,
　　　　　June 5, 2020

　　　　　　　　　　　　　　　　　By: /s/ Michael S. Weinstein
　　　　　　　　　　　　　　　　　　　Michael S. Weinstein
　　　　　　　　　　　　　　　　　　　GOLENBOCK EISEMAN ASSOR BELL
　　　　　　　　　　　　　　　　　　　 & PESKOE LLP
　　　　　　　　　　　　　　　　　　　711 Third Avenue
　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　(212) 907-7300

　　　　　　　　　　　　　　　　　　　*Counsel for Jonathan L. Flaxer, chapter 11 trustee*
　　　　　　　　　　　　　　　　　　　*for Liddle & Robinson, L.L.P.*