DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Robert L. Rattet, Esq. (rlr@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG*
*Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          Chapter 11

LIDDLE & ROBINSON, LLP,                        Case No. 19-12346 (SHL)

                                    Debtor.
-------------------------------------------------------X


**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO (I) SECOND APPLICATION
OF FOLEY HOAG LLP FOR INTERIM ALLOWANCE OF
COMPENSATION AS COUNSEL TO THE DEBTOR [DOC 289]; AND (II)
SECOND INTERIM APPICATION OF EISNERAMPER LLP, AS
ACCOUNTANTS TO DEBTOR [DOC 292][1]**


TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

        Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the (i)

Second Application of Foley Hoag LLP ("Foley") for Interim Allowance of Compensation as

Counsel to the Debtor [Doc. 289] and (ii) First Interim Application of EisnerAmper LLP

("EisnerAmper") as Accountants to the Debtor [Doc. 292] and represent and state:

---
[1] References to "Doc." refer to documents filed on the docket in this case.

674204.1

1.      Counsel Financial incorporates by reference the objections it previously filed to the monthly statements of Foley and EisnerAmper and all exhibits thereto [Doc. 288] (collectively the "Prior Objections"), as if set forth in full herein. (Attached as **Exhibit A**).

2.      Foley Hoag is seeking compensation of $370,171.98 and expenses of $4,622.06. EisnerAmper is seeking compensation of $78,593 and expenses of $444.96.

3.      On March 20, 2020, the Court entered the Eighth Interim Cash Collateral Order, providing that each of the Counsel Financial entities has an allowed claim of at least the principal amount of their claims, secured by all assets of the Debtor.[2] *Doc. 251.*

4.      Foley Hoag and EisnerAmper are not professionals for the trustee or the debtor-in-possession and, accordingly, the Movants have no standing to surcharge Counsel Financial's collateral. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 1947, 147 L. Ed. 2d 1 (2000) (quoting 11 U.S.C. § 506(c)) ("The statute is 'quite plain in specifying who may use § 506(c) – 'the trustee.'").

5.      Counsel Financial does not consent to use of its cash collateral for professional fees of EisnerAmper and Foley Hoag.

6.      The Cash Collateral Orders provide that the chapter 11 trustee may use cash collateral pursuant to a stipulated budget, which does not include carve-outs for professional fees, in return for Adequate Protection Liens on the Debtor's receivables.

7.      To date, Counsel Financial has received no adequate protection payments and the chapter 11 trustee continues to use its cash collateral, pursuant to a stipulated budget, to operate and wind-up the affairs of the law firm.

---

[2] On May 22, 2020, the Court entered the Ninth Interim Cash Collateral Order, restating that the Counsel Financial entities have an allowed claim of at least the principal amount of their claims, secured by all assets of the Debtor. *Doc. 284.*

8. Once the secured creditor has established that the interest in cash collateral is valid, the burden is on the debtor-in-possession to prove that the secured creditor will receive the value for which he bargained. *In re 680 Fifth Ave. Associates*, 154 B.R. 38, 43 (Bankr. S.D.N.Y. 1993) (citing *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985); *Delbridge v. Production Credit Association and Federal Land Bank*, 104 B.R. 824, 827 (E.D.Mich.1989)).

9. Foley Hoag and EisnerAmper must show that Counsel Financial is oversecured and adequately protected if they charge their professional fees to what otherwise constitutes Counsel Financial's cash collateral.

10. Foley Hoag and EisnerAmper seek payment of professional fees from cash collateral but fail to address section 506(c) of the Bankruptcy Code.

11. Generally, unless the creditor is oversecured, the administrative expenses of a debtor's case are not to be charged against his collateral because a secured creditor's interest in collateral is a property right which is not impaired in bankruptcy proceedings. *General Electric Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984) ("Payment of administration expenses traditionally has been the responsibility of the debtor's estate, not its secured creditors); *Matter of CD Elec. Co., Inc.*, 146 B.R. 786, 788 (Bankr.N.D.Ind.1992); *In re Trim–X, Inc.*, 695 F.2d 296, 301 (7th Cir.1982); *In re Evanston Beauty Supply, Inc.*, 136 B.R. 171, 175 (Bankr.N.D.Ill.1992); *In re Blue Ridge Motel*, 126 B.R. 477, 479 (Bankr.W.D.Pa.1991).

12. Administrative expenses are to be paid from the debtor's unencumbered assets. *In re 680 Fifth Ave. Associates*, 154 B.R. 38, 43 (Bankr. S.D.N.Y. 1993) (citing *In re Evanston Beauty Supply, Inc.*, 136 B.R. 171, 175 (Bankr. N.D. Ill. 1992)). However, a trustee or debtor in possession may collect fees and expenses from encumbered assets if either (i) the party on whose

behalf the cash is held as cash collateral consents impliedly or expressly, or (ii) if the trustee or debtor-in-possession meets the exception set forth in § 506(c). *In re Flagstaff Foodservice Corp.*, 762 F.2d 10, 12 (2d Cir. 1985).

13.     A professional must forego compensation and reimbursement of expenses if an estate has no unencumbered assets and the professional is unable to prove that the secured creditor consented to payment of the professional's fees and expenses or, otherwise, the professional meets the standards of § 506(c). In re Flagstaff Foodservice Corp., 739 F.2d 73, 77 (2d Cir. 1984) (quoting *Matter of S & S Indus., Inc.*, 30 B.R. 395, 399 (Bankr. E.D. Mich. 1983)) ("Although it has been well said that 'professionals should not be expected to finance the administration of liquidation or reorganization cases,' 2 *Collier on Bankruptcy* ¶ 331.01, at 331-3 (15th ed. 1984), 'it does not follow that in the event the estate has no unencumbered funds from which to pay such expenses, the secured creditor becomes obligated to satisfy these obligations.'")

14.     Simply put, services performed by Foley Hoag and EisnerAmper were not performed for Counsel Financial's benefit and, additionally, did not confer a benefit on Counsel Financial.

15.     Counsel Financial also notes that the fee applications filed on June 4, 2020 were filed too late to be considered at the June 18, 2020 hearing. *See* Bankruptcy Rule 2002(a)(6) (twenty-one (21) days' notice required for "a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000").

16.     In accordance with the foregoing, no awards of monthly compensation should be made at this time and no payments should be approved.

Dated: New York, New York
      June 15, 2020

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
      David H. Wander
      Robert L. Rattet
      Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC,
and Counsel Financial Holdings LLC*

# EXHIBIT A

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Robert L. Rattet, Esq. (rlr@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG*
*Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                              Chapter 11

LIDDLE & ROBINSON, LLP,                             Case No. 19-12346 (SHL)

                           Debtor.
-------------------------------------------------------X


**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL
LLC, AND COUNSEL FINANCIAL HOLDINGS LLC TO (I)
MONTHLY FEE STATEMENTS OF EISNERAMPER LLP FOR
COMPENSATION AS ACCOUNTANTS FOR THE DEBTOR FOR
JANUARY 2020 [DOC 268] AND FEBRUARY 2020 [DOC. 269]; (II)
MONTHLY FEE STATEMENTS OF FOLEY HOAG LLP FOR
COMPENSATION FOR SERVICES AS COUNSEL TO THE
DEBTOR AND DEBTOR-IN-POSSESSION FOR NOVEMBER 2019
[DOC. 278], DECEMBER 2019  [DOC. 279], JANUARY 2020 [DOC.
280], FEBRUARY 2020 [DOC. 281], MARCH 2020 [DOC. 282], AND
APRIL 2020 [DOC. 286][1]**


TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"), by

---

[1] References to "Doc." refer to documents filed on the docket in this case.

their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the (i) Monthly

Fee Statements Of EisnerAmper For Compensation As Accountants For The Debtor for January

2020 [Doc. 268] and February 2020 [Docs. 269, 287]; (ii) Monthly Fee Statements Of Foley Hoag

LLP For Compensation For Services As Counsel to the Debtor And Debtor-In-Possession For

The Period November 2019 [Doc. 278], December 2019 [Doc. 279], January 2020 [Doc.

280], February 2020 [Doc. 281], March 2020 [Doc. 282], and April 2020 [Doc. 286] and

represent and state:

1.      Counsel Financial incorporates by reference the objections it previously filed to the

monthly statements of Foley Hoag LLP ("Foley Hoag") or EisnerAmper LLP ("EisnerAmper")

[*Docs. 128, 151, 160, 220*] (the "Prior Objections"), as if set forth in full herein. (*Copies are

attached as Exhs. A, B, C, and D*).

2.      Counsel Financial does not consent to use of its cash collateral for professional fees

of EisnerAmper and Foley Hoag.

3.      Foley Hoag is seeking $342,013.14 for the months of November 2019 and

December 2019. EisnerAmper is seeking $46,678.50 for November and December. These fees

were primarily incurred litigating against Counsel Financial.

4.      Clearly, the services performed by Foley Hoag and EisnerAmper were not

performed for Counsel Financial's benefit.

5.      The services performed by Foley Hoag and EisnerAmper did not confer a benefit

on Counsel Financial.

6.      Additionally, Foley Hoag submitted time records showing multiple attorneys billing for intraoffice meetings, resulting in a combined billing rate of up to $4,110 per hour.[2] *See, 11 U.S.C. § 330(a)(1); In re New Bos. Coke Corp.,* 299 B.R. 432 (Bankr. E.D. Mich. 2003) (Bankruptcy court held that excessive intra-office conferences by debtor's counsel warranted 90% reduction in hours billed for such conferences); *In re Bennett Funding Grp., Inc.*, 213 B.R. 234, 245 (Bankr. N.D.N.Y. 1997) (Bankruptcy court disallowed percentage of total time entries categorized as intra-office conferences in fee application filed by counsel for Chapter 11 trustee, for failure to explain why multiple professionals were required in such conferences); *In re Am. Int'l Airways, Inc.*, 47 B.R. 716, 724 (Bankr. E.D. Pa. 1985) (Disallowing compensation for multiple attorneys present at conferences).

7.      In accordance with the foregoing, no awards of monthly compensation should be made at this time and no payments should be approved.

---

[2] *See, e.g., time records for 12/06/2019, stating that six attorneys attended a 1.2-hour meeting at the following billing rates:*

| Attorney | Hourly Rate |
| --- | --- |
| Bauer, Alison D. | $900.00 |
| Gray Jr., William F. | $925.00 |
| Licker, Michael | $715.00 |
| Fullmer, James S. | $505.00 |
| Parkinson, Meredith S. | $595.00 |
| Teoh, Jin-Wen | $470.00 |

Dated: New York, New York
      June 1, 2020

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
     David H. Wander
     Robert L. Rattet
     Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
rlr@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

# EXHIBIT A

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)
*Attorneys for Counsel Financial II LLC, LIG Capital*
*LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                Chapter 11

LIDDLE & ROBINSON, LLP,                                  Case No. 19-12346 -shl

                                        Debtor.
--------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY
STATEMENT OF FOLEY HOAG LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN
POSSESSION FOR THE PERIOD FROM JULY 22, 2019 THROUGH
AUGUST 31, 2019 [DOC. 118, 119]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

         Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection[1] to the

Notices of Monthly Statement of Foley Hoag LLP For Compensation For Services Rendered and

Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession For the

Period From April 27, 2019 Through August 31, 2019 [Doc. 118, 119] and represents and states:

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 9006(a)(1)(C), since the objection deadline of November 16,
2019 fell on a Saturday, it was automatically extended to Monday, November 18, 2019.

672078v.1

1.      Counsel Financial has repeatedly stated that it does not consent to its cash collateral being used for payment of professional fees.  None of the services rendered, to date, appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would have incurred such fees to protect its collateral.

2.      Before any payment of fees is made, the Court should review the results in this case and make a determination regarding whether the primary purpose of the attorneys fees incurred was to benefit Counsel Financial, and whether Counsel Financial actually benefitted as a result of the expenditure. *See In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

3.      While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including attorney's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984).

4.      There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).

2

5.      For purposes of a DIP or trustee's ability to recover expenses incurred to preserve or dispose of collateral, a secured creditor is interpreted as having received a benefit if the expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123.

6.      The counsel fees incurred in this case have not enhanced the value of the Debtor's estate, rather, the Debtor is destined for liquidation with no possibility of successful reorganization. Under applicable state law, L&R is a law firm in dissolution and has not set forth any reasonable likelihood of rehabilitation.

7.      Accordingly, Counsel Financial submits that no payments should be made at this time to Debtor's attorneys.

Dated: New York, New York
       November 18, 2019

                                DAVIDOFF HUTCHER & CITRON LLP

                                By: /s/ David H. Wander
                                    David H. Wander
                                    Alexander R. Tiktin
                                605 Third Avenue
                                New York, New York 10158
                                (212) 557-7200
                                dhw@dhclegal.com
                                art@dhclegal.com
                                *Attorneys for Counsel Financial II LLC, LIG Capital LLC,*
                                *and Counsel Financial Holdings LLC*

3

# EXHIBIT B

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG
Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| LIDDLE & ROBINSON, LLP, | Case No. 19-12346 (SHL) |
| Debtor. | |

-------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY STATEMENT OF EISNERAMPER LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH OCTOBER 31, 2019 [DOC. 131][1]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the

Notices of Monthly Statement of EisnerAmper LLP For Compensation For Services Rendered

and Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession

---

[1] References to "Doc." refer to documents filed on the docket in this case.

For the Period From October 1, 2019 Through October 31, 2019 [Doc. 131] and represents and
states:

1.      Counsel Financial has repeatedly stated that it does not consent to its cash
collateral being used for payment of professional fees.  None of the services rendered, to date,
appear to have provided any benefit to CF2, LIG or Holdings, and no reasonable creditor would
have incurred such fees to protect its collateral.

2.      Before any payment of fees is made, the Court should review the results in this
case and make a determination regarding whether the primary purpose of the accountant's fees
incurred was to benefit Counsel Financial, and whether Counsel Financial actually benefitted as
a result of the expenditure. *See In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009) (to recover
expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code,
the trustee or DIP must show that the expenditure (i) was incurred primarily for the benefit of the
secured creditor and (ii) that the secured creditor directly benefited from the expenditure).

3.      While a debtor in possession "may recover from property securing an allowed
secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such
property to the extent of any benefit to the holder of such claim, under § 506(c), absent an
agreement to the contrary, a secured creditor's collateral may only be charged for administrative
expenses, including accountant's fees, to the extent these expenses directly benefited that secured
creditor. *See General Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice
Corp.*), 739 F.2d 73, 76 (2d Cir.1984).

4.      There is a point beyond which an expense cannot be said to benefit a creditor's
lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the
expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor

would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr.
S.D.N.Y. 2016).

5.       For purposes of a DIP or trustee's ability to recover expenses incurred to preserve
or dispose of collateral, a secured creditor is interpreted as having received a benefit if the
expense preserved the value of creditor's collateral. *In re Kohl*, 421 B.R. at 123.

6.       Moreover, the retention of EisnerAmper was unnecessary. This chapter 11
reorganization should never have been filed in the first place, for two reasons. First, the Debtor is
ineligible to reorganize as a debtor-in-possession because it is a law firm in dissolution, and it
has not set forth any reasonable likelihood of rehabilitation. *See Motion by Counsel Financial to
Convert Chapter 11 Case to Chapter 7, Doc. 103, ¶¶ 8-17.*

7.       Second, the Debtor was already protected by the automatic stay as a result of
Liddle's chapter 11 filing, case no. 19-10747-shl. As Counsel Financial pointed out almost
immediately after Liddle filed his chapter 11 petition, the law firm was protected by a non-debtor
stay because claims against the law firm would have an immediate economic effect on Liddle's
estate. *See Doc. 23, ¶ 17; see also Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003); *In
re Residential Capital*, 2013 WL 3491311 at *1 (2d Cir. July 15, 2013) (holding that the
automatic stay applies to bar claims against a non-debtor that have "an immediate adverse
economic consequence" for the debtor's estate). As the Debtor stated, "[p]aramount for
reorganization is my ability to operate the business of Liddle & Robinson from which I expect to
fund a plan of reorganization." *Doc. 14*, ¶ 16.

8.       In addition, the law firm did not need to incur the expense of bankruptcy
accountants because the income and expenses of the law firm have been intermingled with
Liddle's income and expenses in the monthly operating reports filed throughout Liddle's

3

individual case. The law firm only needed bookkeeping services to maintain its books and records. The bankruptcy accounting services provided in this case were therefore unnecessary and duplicitous.

9.      Accordingly, it was not necessary to file the law firm in bankruptcy, and the Debtor has incurred excessive and unnecessary fees as a result of doing so. L&R should have wound up its affairs and dissolved pursuant to applicable state law with the protection of the co-debtor stay, and spared its creditors the unnecessary expense of its bankruptcy accountants, which duplicated the work of the bankruptcy accountants in the individual case.

10.     As a result of the foregoing, Counsel Financial submits that no payments should be made at this time to Debtor's accountants.

Dated: New York, New York
     December 3, 2019

                    DAVIDOFF HUTCHER & CITRON LLP

                    By: /s/ David H. Wander
                       David H. Wander
                       Alexander R. Tiktin
                    605 Third Avenue
                    New York, New York 10158
                    (212) 557-7200
                    dhw@dhclegal.com
                    art@dhclegal.com

                    *Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

4

672078v.1

# EXHIBIT C

DAVIDOFF HUTCHER & CITRON LLP

605 Third Avenue

New York, New York 10158

(212) 557-7200

David H. Wander, Esq. (dhw@dhclegal.com)

Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG*
*Capital LLC, and Counsel Financial Holdings LLC*

**Hearing Date and Time:**
December 19, 2019 at 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                             Chapter 11

LIDDLE & ROBINSON, LLP,                            Case No. 19-12346 (SHL)

                              Debtor.

-------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO (I) FIRST APPLICATION OF
FOLEY HOAG LLP FOR INTERIM ALLOWANCE OF COMPENSATION
AS COUNSEL TO THE DEBTOR [DOC 152]; (II) FIRST APPLICATION OF
THE BENEFIT PRACTICE FOR INTERIM ALLOWANCE OF
COMPENSATION AS BENEFITS CONSULTANT TO THE DEBTOR [DOC
153]; AND (III) FIRST INTERIM APPICATION OF EISNERAMPER LLP,
<u>AS ACCOUNTANTS TO DEBTOR [DOC 154]</u>[1]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

    Counsel Financial II LLC ("<u>CF2</u>"), LIG Capital LLC ("<u>LIG</u>"), and Counsel Financial

Holdings LLC ("<u>Holdings</u>" and together with LIG and CF2, collectively "<u>Counsel Financial</u>"),

by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the (i) first

application of Foley Hoag LLP ("Foley") for interim allowance of compensation as counsel to

the Debtor [Doc. 152], (ii) first application of The Benefit Practice ("<u>Benefits Practice</u>") for

---

[1] References to "Doc." refer to documents filed on the docket in this case.

674204.1

Interim Allowance of Compensation as Benefits Consultant to the Debtor [Doc. 153], and (iii)

first interim application of EisnerAmper LLP ("EisnerAmper") [Doc. 154] and represent and

state:

1.      Counsel Financial incorporates by reference the objections it previously filed to

the monthly statements of Foley [Doc. 128], Benefits Practice [Doc. 150], and EisnerAmper

[Doc. 151] (collectively the "Prior Objections"), as if set forth in full herein. (Copies are attached

as Exhs. A, B, and C).

2.      In addition to the points and authorities in the Prior Objections, showing why no

payments of interim compensation should be made at this time, additional grounds have recently

arisen.  Specifically, the Debtor recently filed monthly operating reports (the "MORs") for July,

August, September, and October of 2019 with the bank statements heavily redacted.  The filing

of such redacted MORs is extraordinary event and very concerning.  An explanation has been

requested from Debtor's counsel but, to date, Counsel Financial's attorneys have received no

response.

3.      Counsel Financial is concerned there may be improper transactions that are being

concealed.[2]  Until there is an opportunity for a thorough and complete review of the Debtor's

DIP account, as well as the DIP account in the related case, previously used by the Debtor, no

payments of compensation to professionals should be made.

4.      Additionally, three motions to convert this case to a chapter 7 liquidation have

been filed and those motions are scheduled for December 19th, the same date as the hearing on

---

[2] Upon information and belief, certain income and expenses relating to a racquet club membership the Debtor's
principal shared with others was run through the Debtor's account.  While these transactions may not be for large
sums, they are indicative of the reason why a third party, other than EisnerAmper, needs to review the Debtor's
transactions.

these fee applications.  Before any ruling is made on these fee applications, they should be

reviewed by any trustee appointed in this case.

5.      Counsel Financial's review of these fee applications is continuing and reserves its

rights to supplement or amend this objection.

6.      In accordance with the foregoing, no awards of interim compensation should be

made at this time and no payments should be approved.

Dated: New York, New York
       December 12, 2019                    DAVIDOFF HUTCHER & CITRON LLP

                                            By: /s/ David H. Wander
                                                    David H. Wander
                                                    Alexander R. Tiktin
                                            605 Third Avenue
                                            New York, New York 10158
                                            (212) 557-7200
                                            dhw@dhclegal.com
                                            art@dhclegal.com

                                            *Attorneys for Counsel Financial II LLC, LIG Capital LLC,*
                                            *and Counsel Financial Holdings LLC*

3

# EXHIBIT D

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG*
*Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                    Chapter 11

LIDDLE & ROBINSON, LLP,                    Case No. 19-12346 (SHL)

                                  Debtor.
-------------------------------------------------------X

**OBJECTIONS BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC,
AND COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF
MONTHLY STATEMENT OF EISNERAMPER LLP FOR
COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE
DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM
DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019 [DOC. 211][1]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

    Counsel Financial II LLC ("CF2"), LIG Capital LLC ("LIG"), and Counsel Financial

Holdings LLC ("Holdings" and together with LIG and CF2, collectively "Counsel Financial"), by

their attorneys, Davidoff Hutcher & Citron LLP, submit the following objections to the Notices of

Monthly Statement of EisnerAmper LLP For Compensation For Services Rendered and

---

[1] References to "Doc." refer to documents filed on the docket in this case.

Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession For the Period From December 1, 2019 Through December 31, 2019 [*Doc. 211*] and represents and states:

1.    Counsel Financial objects to payment for any services relating to the preparation of the Declaration of Allen Wilen in Support of the Debtor's Omnibus Objection to Counsel Financial's Motion to Convert this Chapter 11 Reorganization to a Chapter 7 Liquidation (the "Wilen Declaration") [*Doc. 163-3*]. The Wilen Declaration lacks proper evidentiary support, pursuant to Federal Rule of Bankruptcy Procedure 9011(b)(3), as shown by Counsel Financial's Reply in Further Support of Their Motions to Convert the Debtors' Chapter 11 Reorganization to Chapter 7 Liquidation ("CF Reply"), and the Declarations referenced therein.[2] *See CF Reply, Doc. 173, ¶¶ 34-43 (citing Wander Dec., Exh. E, Doc. 174; Declaration of Megan Payne, Doc. 175, Exhs. E-I)*.

2.    Counsel Financial also reserves its rights to object to payment to EisnerAmper to the extent it is determined that Counsel Financial has a perfected lien on the funds that will be used to pay EisnerAmper.

---

[2] Counsel Financial's objection extends to other documents filed with the Debtor's Omnibus Objection to Convert this Chapter 11 Reorganization to a Chapter 7 Liquidation, to the extent that they advance demonstrably false factual claims. *Docs. 163, 163-1, 163-2.*

672078v.1

Dated: New York, New York
     February 6, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
     David H. Wander
     Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC,*
*and Counsel Financial Holdings LLC*

672078v.1