# EXHIBIT A

# Proposed Order

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re                                    : Chapter 11
                                         :
LIDDLE & ROBINSON, L.L.P.,[1]            : Case No. 19-12346 (SHL)
                                         :
                                         : Jointly Administered with 19-10747 (SHL)
                         Debtor          :
------------------------------------------------------------x
```

## ORDER APPROVING AND AUTHORIZING PROCEDURES
## FOR DISPOSITION OF CLIENT FILES

Upon the motion, dated July ___, 2020 (the "**Motion**")[2] of Jonathan L. Flaxer, solely in his capacity as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, for entry of an order (this "**Order**") authorizing and approving procedures for disposing of certain of the Debtor's former client files; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided adequate and appropriate notice of the Motion under the circumstances; and the Court having held a hearing to consider the requested relief (the "**Hearing**"); and upon the record of the Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is granted to the extent provided herein.

2. Pursuant to sections 105(a), 363(b), 541(a) and 554(a) of the Bankruptcy Code, the following procedures (the "**Client File Procedures**") are hereby approved and shall govern the disposition of the Client Files:

    A. Upon the entry of an order approving the Client File Procedures, the Trustee shall make reasonable efforts to send a copy of the "Notice of Intent to Dispose of Client and/or Client Related Files", substantially in the form attached hereto as Exhibit 1 (the "**Notice of Intent**"), via regular mail and electronic mail to those former clients of the Debtor for which the Debtor has rendered services in the past ten (10) years and whose files may be included in the Client Files (collectively, the "**Former Clients**"), to the last known physical and email address for such clients based on the Debtor's business records.

    B. To claim a client file, a Former Client shall complete and return to the Trustee a "Client File Retrieval Form", substantially in the form attached hereto as Exhibit 2 (the "**File Retrieval Form**") on or before the deadline set forth therein, which deadline shall be no earlier than ninety (90) days from the date of service of the Notice of Intent on the Former Clients (the "**Response Deadline**"). The Trustee shall include a copy of the File Retrieval Form with each mailed Notice of Intent, and shall make a copy of the File Retrieval Form available upon request.

    C. Those Client Files for which no properly completed File Retrieval Form is timely received by the Trustee, and which are not Necessary Files (defined below), shall be deemed abandoned by the Trustee and the Former Client as of the Response Deadline without the need for further order of this Court.

D. As soon as is reasonably practicable following receipt of a timely and properly completed File Retrieval Form, the Trustee shall perform an inquiry to confirm: (i) that the Former Client presenting the File Retrieval Form has no outstanding payment obligations to the Debtor; (ii) that the files described in the File Retrieval Form are not Necessary Files (defined below); and (iii) the present location, if possible, of the requested files.

E. The Trustee shall inform the Former Client of the results of the inquiry set forth in paragraph "D" above, and if the Client Files are found, the costs associated with retrieval and mailing of the Client Files (the "**Trustee Notification**"). In the event the Former Client seeks retrieval of Necessary Files (defined below), the Trustee shall so inform the Former Client, and the Trustee shall be authorized to retain said Necessary Files notwithstanding anything else set forth herein, but shall provide the costs to provide a copy of such files to the Former Client as part of the Trustee Notification.

F. In the event the Former Client has outstanding payment obligations to the Debtor, the Trustee shall provide the Former Client notice of same, and said Former Client shall not be permitted to retrieve any files pursuant to the Client File Procedures until such obligations are paid; or, if the Former Client's claim involving such file is incomplete and fees are contingent upon the completion of litigation, arbitration, or other resolution of the claim, the Former Client provide the Trustee with an acknowledgement of an attorneys' lien in favor of the bankruptcy estate against such file(s) and any monies recovered in connection with such legal matter. If the acknowledgment of an attorneys' lien is not received by the Trustee within one week from the date of the Trustee Notification, such File Retrieval Form shall be deemed null and void, and the Client Files requested by the

File Retrieval Form shall be deemed abandoned by the Former Client and the Estate in accordance with paragraph "C" above. For avoidance of doubt, if the Former Client submits a File Retrieval Form that is deemed null and void pursuant to this Paragraph "F", such Former Client must submit a new File Retrieval Form that complies with the terms of this Order prior to the expiration of the Retrieval Period otherwise such Client Files will be deemed abandoned pursuant to the terms of this Order.

      G.    In the event that the Former Client has no outstanding obligations to the Debtor and the files described in the File Retrieval Form are not Necessary Files, the Former Client will then have thirty days (30) days from the Trustee Notification to make payment to the Trustee for the costs associated with retrieval and mailing of the Client Files, after which time the files will be immediately deemed abandoned by the Former Client and by the Trustee without the need for further order of the Court. The Former Client shall be responsible for all fees and expenses incurred in retrieving his or her files, and in no event shall the Trustee or the Estate be responsible for any such fees, expenses, or obligations.

      H.    To the extent any dispute arises with respect to (a) ownership or entitlement to certain Client Files, or (b) other matters related to the Client File Procedures, the Trustee shall attempt to resolve such dispute among the interested parties in good faith and without the need for Bankruptcy Court intervention. If, after good faith efforts among the parties to a dispute, such dispute continues and any party expresses to the Trustee a desire for a hearing before the Bankruptcy Court, the Trustee shall schedule a hearing on not less than fourteen (14) days' notice to the interested parties so that the Court may consider and resolve the dispute. All persons wishing to be heard related to the noticed dispute must file

and serve papers upon counsel to the Trustee no later than seven (7) days prior to the established hearing date. The Trustee shall have an opportunity to respond by filing and serving papers not less than three (3) days prior to the established hearing date.

I. The Trustee shall identify those Client Files that are necessary for administration of the chapter 11 case (collectively, the "**Necessary Files**"). Absent further Court order, the Trustee shall be authorized to pay a reasonable charge, plus sales tax, to the storage company(ies) holding Necessary Files to ensure their continued storage and/or their retrieval for use by the Trustee in the administration of this chapter 11 case.

3. Pursuant to Section 554(a) of the Bankruptcy Code, all Client Files for former clients of the Debtor for which the Debtor has not rendered services in the past ten (10) years shall be deemed abandoned by the Former Client and the Estate as of the date of this Order.

4. The Client File Procedures are fair, appropriate and necessary to protect the best interests of the Estate.

5. The Trustee is authorized to withhold a Client File, to the extent such withholding is consistent with applicable Ethical Rules, if the Debtor maintains a claim against a Former Client for attorneys' fees.

6. The Client File Procedures do not violate any ethical or professional rules that would otherwise require a law firm outside of bankruptcy to retain copies of client files for a set number of years after the file is closed.

7. The Trustee or any successor to the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The Trustee shall be, and hereby is, authorized to make any payments to storage companies or other disposal services to dispose of Client Files that are abandoned in accordance with this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      July __, 2020

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# Notice of Intent

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re                                                : Chapter 11
                                                     :
LIDDLE & ROBINSON, L.L.P.[1]                         : Case No. 19-12346 (SHL)
                                                     :
                                                     : Jointly Administered with 19-10747 (SHL)
                          Debtor                     :
---------------------------------------------------------x

# NOTICE OF INTENT TO DISPOSE OF CLIENT
# AND/OR CLIENT RELATED FILES

**TO: FORMER CLIENTS OF LIDDLE & ROBINSON, L.L.P.**

Liddle & Robinson, L.L.P. ("L&R") was a limited liability partnership operating as a law firm. On July 22, 2019, L&R filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Jonathan L. Flaxer (the "Trustee") has been appointed by the Bankruptcy Court as the chapter 11 bankruptcy trustee for the bankruptcy estate of L&R. The Trustee is now seeking to abandon and dispose of certain former L&R client files which are currently being held in the Debtor's former office and at an offsite storage facility (collectively, the "Client Files").

If you believe that your file(s) are included in the Client Files, and you want to retrieve such file(s), you MUST follow the procedures set forth below.

**IF WE DO NOT RECEIVE A RESPONSE FROM YOU ON OR BEFORE NINETY (90) DAYS FROM THE DATE OF THIS NOTICE, YOUR FILES MAY AUTOMATICALLY BE PERMANENTLY DESTROYED WITHOUT FURTHER NOTICE TO YOU.**

YOU HAVE NO OBLIGATION TO RETRIEVE YOUR FILE(S).

      a.    <u>HOW TO REQUEST AN OPPORTUNITY TO RETRIEVE YOUR FILE:</u>

If you believe that you have files in the Client Files, and you want to retrieve those file(s), you must complete and return the attached File Retrieval Form, according to the instructions contained therein, **such that it is received by the Trustee or its counsel no later than ninety (90) days from the date of this notice (the "Retrieval Deadline").** The File Retrieval Form can also be obtained by contacting the Trustee's bankruptcy counsel at:

---
[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

1

>Michael S. Weinstein
>Golenbock Eiseman Assor Bell & Peskoe LLP
>711 Third Avenue
>New York, New York 10017
>Telephone: (212) 907-7300
>Facsimile: (212) 754-0777
>Email: mweinstein@golenbock.com

Upon receipt of a timely File Retrieval Form, the Trustee will: (i) confirm that you have no outstanding bills or payment obligations to L&R, (ii) confirm that the files you have requested are not necessary to the administration of the L&R bankruptcy case, and (iii) attempt to identify the location of your file(s). The Trustee or his agent will inform you of the results of his inquiry, as well as the costs for transferring the file(s) to you.

PLEASE BE ADVISED:

1.      **In connection with the retrieval and transfer of your file(s), by submitting a File Retrieval Form, you agree to pay the Trustee for the reasonable costs associated with the retrieval and transfer of such file(s)**. Information regarding payment will be relayed to you by the Trustee or his agent after the timely submission of a File Retrieval Form and your file has been located. All payments must be made payable and remitted as follows:

>Jonathan L. Flaxer, as Chapter 11 Trustee for Liddle & Robinson, L.L.P.
>Golenbock Eiseman Assor Bell & Peskoe LLP
>711 Third Avenue
>New York, New York 10017

Absent an agreement with the Trustee in writing otherwise, failure to pay the Trustee the costs for the transfer of the Client File within thirty (30) days after the Trustee or its agent has advised you of the costs associated with the retrieval and transfer will result in the file(s) being destroyed or otherwise disposed of.

2.      To the extent monies are owed by you to L&R in connection with legal services, you will be required to pay the outstanding fees, or if your claim involving such file is incomplete and fees are contingent upon the completion of litigation, arbitration, or other resolution of the claim, provide the Trustee with an acknowledgement of an attorneys' lien in favor of the bankruptcy estate against such file(s) and any monies recovered in connection with such legal matter. Your file(s) cannot be retrieved or transferred until this acknowledgement is received. This acknowledgement must be received within one week from the date the Trustee or his agent informs you of the outstanding fees you owe (if any); otherwise, such File Retrieval Form shall be deemed null and void, and the Trustee may destroy or otherwise dispose of the Client Files requested by the File Retrieval Form upon the expiration of the ninety (90) day Retrieval Period.

3. To the extent a dispute exists as to the right of possession as to any Client Files, the disputing parties shall be jointly and severally responsible to pay the Trustee any and all reasonable costs incurred to maintain such files pending resolution of the dispute.

4. **Pursuant to the attached Order, to the extent a completed Retrieval Form has not been received for any Client Files prior to the expiration of the ninety (90) day Retrieval Period, or payment for the transfer of the Client File has not been made within thirty (30) days after you have been advised of such costs, such files shall be deemed abandoned and the Trustee may destroy and dispose of such Client Files promptly, as the Trustee deems necessary within his business judgment, and without further order of the Court, pursuant to 11 U.S.C. §§ 105, 363, 541 and 554. The Trustee shall not be required to retain any Client Files, notwithstanding any applicable non-bankruptcy laws, rules or regulations to the contrary.**

Dated: New York, New York  **BY ORDER OF THE COURT**
      July \_\_\_, 2020

**EXHIBIT 2**

**Retrieval Form**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re                                              : Chapter 11
                                                   :
LIDDLE & ROBINSON, L.L.P.,                         : Case No. 19-12346 (SHL)
                                                   :
                                                   : Jointly Administered with 19-10747 (SHL)
                     Debtor                        :
------------------------------------------------------------x

**LIDDLE & ROBINSON, L.L.P.**
**<u>CLIENT FILE RETRIEVAL FORM</u>**

**MUST BE COMPLETED AND RETURNED WITHIN
90 DAYS OF THE DATE OF ATTACHED NOTICE**

**1.  Name of Client(s) (include all names under which you believe you may have been listed):**

_____

**2.  Provide your current address and any and all additional addresses that you may have had while a client of Liddle & Robinson, L.L.P.:**

_____
Current Address: House/Apt. No., Street, City, State and Zip Code

_____
Additional Address: House/Apt. No., Street, City, State and Zip Code

_____
Additional Address: House/Apt. No., Street, City, State and Zip Code

**3.  Provide your current phone number and any and all phone numbers that you may have had while a client of Liddle & Robinson, L.L.P.:**

_____

**4.  Provide your current e-mail address:**

_____

**5. Check the appropriate box indicating whether you want to retrieve your file by mail or if you want the file destroyed and disposed of by the Trustee.**

  Retrieve
  Destroy

## ACKNOWLEDGEMENTS:

A.  I acknowledge that I am the Liddle & Robinson, L.L.P. client for whose benefit these Client Files were generated and that I have full authority to control these files and the information contained in these files. I understand that these files may contain personal or confidential information and I assume full responsibility for the information.

B.  I acknowledge that I am under no obligation to retrieve or transfer my file and that if I choose not to retrieve or transfer my file within ninety (90) days of the date of the Notice, such files shall be deemed abandoned and the Trustee may destroy and/or otherwise dispose of such files as the Trustee deems necessary within his business judgment and without further order of the Court.

C.  I acknowledge by submitting this File Retrieval Form, that I agree to pay the Trustee all reasonable costs associated with the retrieval and/or transfer of my files, and if I fail to do so within thirty (30) days of receiving those costs from the Trustee or his agents, the Trustee may destroy and/or otherwise dispose of such files as the Trustee deems necessary within his business judgment and without further order of the Court.

D.  I acknowledge that to the extent I owe monies to Liddle & Robinson, L.L.P., I agree to pay the amount or, if my payment is contingent upon the results of the claim, I will execute an acknowledgement of an attorneys' lien (the "Attorneys' Lien Acknowledgement") in favor of the bankruptcy estate against such file and any monies recovered in connection with such legal matter and I understand that my file cannot be retrieved or transferred until such Attorneys' Lien Acknowledgement is received by the Trustee. I further acknowledge that the Attorneys' Lien Acknowledgement must be provided to the Trustee within one week from the date that the Trustee or his agent advises me of the outstanding fees that are owed (if any); otherwise, this File Retrieval Form shall be deemed null and void, and the Trustee may destroy or otherwise dispose of the Client Files requested by the File Retrieval Form upon the date which is ninety (90) days of the date of this Notice.

E.  I acknowledge that to the extent a dispute exists as to the right of possession as to any of my files, the disputing parties I am jointly and severally responsible to pay the Trustee all reasonable costs incurred to maintain such files pending resolution of the dispute.

**[SIGNATURE(S) ON FOLLOWING PAGE]**

_____
Signature (Signatures are required to retrieve or transfer your file)

_____
Print Name

Dated: _____


_____
Signature (Signatures are required to retrieve or transfer your file)

_____
Print Name

Dated: _____