James Halter  
RASCO KLOCK PEREZ & NIETO, LLC  
555 Fifth Avenue, 17th Floor  
New York, New York 10017  
Tel:   (646) 970-4770  
Fax:   (305) 718-0639  
*Attorneys for former Liddle & Robinson clients*  
*Thomas Devane, Craig Franklin, Charles Lawrence,*  
*Dexsi Rotger, and Renata Santos,*

James Halter  
LAW OFFICE OF JAMES HALTER, P.C.  
450 Lexington Avenue, #101  
New York, New York 10163-0101  
Tel: (646) 329-2739  
*Attorneys for former Liddle & Robinson client Melissa Parvis*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LIDDLE & ROBINSON, L.L.P.,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 19-12346 (SHL)<br>(Jointly Administered with<br>Case No. 19-10747) |

**OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER APPROVING AND AUTHORIZING PROCEDURES FOR DISPOSITION OF CERTAIN CLIENT FILES (DKT. NO. 306)**

We represent six former clients of Liddle & Robinson in separate, on-going litigations (Thomas Devane, Craig Franklin, Charles Lawrence, Melissa Parvis,[1] Dexsi Rotger, and Renata Santos, collectively, the "Former Clients.").[2] The on-going litigations of the Former Clients are not related to each other. The Former Clients object and seek clarification of the Trustee's proposed procedures for so-called "disposition" of client files.

---

[1] The undersigned represents Melissa Parvis through the Law Office of James Halter, P.C., not through Rasco Klock Perez & Nieto, LLC.

[2] The undersigned is also personally a creditor of the estate.

1

Due to their respective ongoing litigations, the Former Clients are likely to request their files from Liddle & Robinson. Thus, the Former Clients request that the Court implement procedures for them to obtain those files. However, the procedures proposed by the Trustee are vague and insufficient for that purpose.

At the outset, the Trustee's motion is based on a faulty premise. Unequivocally, the files at issue are the property ***of the clients***, not the law firm. *See, e.g., Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 36 (1997) ("when the attorney's file is sought in connection with a pending matter, courts also have refused to recognize a property right of the attorney in the file superior to that of the client."). Thus, the Trustee's analysis of purported value to the estate is fundamentally flawed – the Former Clients have a presumptive right to their files and Liddle & Robinson has an affirmative duty to convey the files to the Former Clients. *Sage Realty*, 91 N.Y.2d at 34 ("upon termination of the attorney-client relationship, where no claim for unpaid legal fees is outstanding," a client is "presumptively accord[ed] . . . full access to the entire attorney's file on a represented matter with narrow exceptions").

Against that backdrop, the Trustee's request is problematic and inappropriately vague.

**I.      The Trustee's Motion Appears to Ignore the Clients' Electronic Files**

It is unclear from the Trustee's motion whether it is discussing Liddle & Robinson's hard-copy files, electronic files, or both. From the Trustee's description of the burden of maintaining the files, it appears he is solely discussing the hard-copy files which appear to be maintained by a third-party vendor, presumably a storage company. The Former Clients – and presumably all clients – should be provided with the option to obtain ***both*** the electronic files and the hard copy files in the possession of Liddle & Robinson.

The electronic files include emails related to the clients' matters and draft and final correspondence, pleadings, and other documents created during the representation. Those electronic files should be conveyed to the clients upon request.

## II. The Trustee's Motion Fails to Define "Costs"

The Trustee's Motion references that the clients who elect to obtain their files will be responsible for the "costs associated with retrieval and mailing." However, the Trustee never defines what he intends to be covered by "costs" or the anticipated order of magnitude of the purported "costs."

Certainly, if a storage vendor charges a nominal cost to obtain a file from somewhere in its warehouse and bring the file to a place where it can be picked up, it makes sense to pass that nominal charge on to the clients at cost. But this process cannot be used to extract an inappropriate or large fee from clients who are assumed to be entitled to their files. "Costs" should not, for example, include attorney time involved in corresponding with the clients or the vendors.

Thus, Former Clients request that the Court make a specific inquiry of the Trustee regarding the purported "costs" at issue and clearly delineate what costs are reasonable and allowed. In addition, there should be no costs associated with clients receiving electronic files which can be uploaded to an ftp or cloud site without any incurred expense.

## III. The Proposed Lien Procedures

The Trustee's proposed procedures include the following statement to the clients: "To the extent monies are owed by you to L&R in connection with legal services, you will be required to pay the outstanding fees, or if your claim involving such file is incomplete and fees are contingent upon the completion of litigation, arbitration, or other resolution of the claim, provide the Trustee with an acknowledgement of an attorneys' lien in favor of the bankruptcy estate against such file(s) and any monies recovered in connection with such legal matter." In addition, unless the client pays

the "monies owed" or agrees to the lien within one week, the Trustee intends to destroy the files as if the client never requested the file.

This aspect of the proposed order is problematic because the Former Clients may not agree with the amount that Liddle & Robinson claims is owed or the amount of an asserted lien. The Trustee's proposed procedures give the Trustee unilateral power and leverage to force clients to abandon their positions or risk losing their files. That is not appropriate.

The Former Clients request that the proposed procedures be amended to require that the clients with contingent fee arrangements accept *service* of a lien, if requested, but that the clients reserve all rights to challenge the amount of the lien, if any, before this Court or another court of competent jurisdiction at a later date – presumably when a recovery occurs. In addition, should a dispute arise regarding monies owed immediately, that dispute should be raised with the Court and the relevant client files should not be disposed of until an appropriate amount of time after resolution by the Court.

## **CONCLUSION**

For the foregoing reasons, the Former Clients object and request that the Court order a procedure for client files that: (1) includes offering to return both electronic and hardcopy files, (2) clearly defines and controls the costs charged to clients for doing so, and (3) alters any lien or payment-demand procedures to permit the clients to challenge liens or bills at a later date but still maintain their files.

Dated: New York, New York
July 23, 2020

RASCO KLOCK PEREZ & NIETO, LLC

_____
James W. Halter
555 Fifth Avenue, 17th Floor
New York, New York 10017
Tel: (646) 970-4770
Fax: (305) 718-0639
*Attorneys for former Liddle & Robinson clients Thomas Devane, Craig Franklin, Charles Lawrence, Dexsi Rotger, and Renata Santos,*

James W. Halter
LAW OFFICE OF JAMES HALTER, P.C.
450 Lexington Avenue, #101
New York, New York 10163-0101
(646) 329-2739
*Attorneys for former Liddle & Robinson client Melissa Parvis*