| | |
|---|---|
| DAVIDOFF HUTCHER & CITRON LLP<br>605 Third Avenue<br>New York, New York 10158<br>(212) 557-7200<br>David H. Wander, Esq.<br>Alexander R. Tiktin, Esq.<br>dhw@dhclegal.com<br>art@dhclegal.com<br>*Attorneys for Counsel Financial II LLC, LIG Capital LLC, Counsel Financial Holdings LLC* | **Hearing Date and Time:**<br>August 20, 2020 at 10:00 a.m.<br><br>**Objection Deadline:**<br>August 13, 2020 at 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Chapter 11

LIDDLE & ROBINSON, L.L.P.,                                 Case No. 19-12346-shl

                                   Debtor.
---------------------------------------------------------X

## MOTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC, PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE, TO CONVERT THIS CHAPTER 11 <u>REORGANIZATION TO A CHAPTER 7 LIQUIDATION</u>

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC (collectively, "<u>Counsel Financial</u>" or "<u>Movant</u>"), by their attorneys, Davidoff Hutcher & Citron LLP, submit this motion, pursuant to § 1112(b) of the Bankruptcy Code, to convert this chapter 11 reorganization to a chapter 7 liquidation, and for related relief, represent and say:

### **PRELIMINARY STATEMENT**

1.      As a limited liability partnership with only one partner, Jeffrey Liddle, the law firm of Liddle & Robinson, L.L.P. has been dissolved by operation of law and, therefore, must

wind up its affairs. Because this case was impermissibly filed as a chapter 11 reorganization, it cannot continue in chapter 11 under well-established Second Circuit law.

2. First, Jeffrey Liddle continued the regular operations of the firm including taking on new clients. Then a chapter 11 trustee was appointed in this case, on December 19, 2019, and continued the regular operations of the law firm for more than six months.

3. Moreover, the law firm has been hemorrhaging cash, since the Chapter 11 Trustee was appointed, and has lost almost a million dollars plus hundreds of thousands of dollars in unpaid professional fees.

4. There appear to be insufficient funds to pay Counsel Financial's secured claim, let alone all the administrative expenses and priority claims. Thus, a plan of liquidation is not a viable alternative.

5. Accordingly, converting this case to a chapter 7 liquidation is in the best interests of the estate, as opposed to a dismissal.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory bases for the relief requested herein are sections 105(a) and 1112(b) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## BACKGROUND

9. On July 22, 2019 (the "Petition Date"), Liddle & Robinson LLP ("Debtor") filed a chapter 11 petition (the "Petition") [Doc 1] and an order for relief was simultaneously entered.

10. The Petition was accompanied by an affidavit of Jeffrey L. Liddle ("Liddle") [Doc 2], stating that he did not intend to wind up the Debtor's affairs but, rather, sought to reorganize the law firm. Local Rule 1007-2 at ¶ 6 ("I intend to continue to operate the [Debtor's] business . . . and to continue [its] robust practice . . . and develop a consensual plan for payment of all legitimate creditors.").[1]

11. While the law firm was in chapter 11, Liddle signed up new clients. Liddle also had the law firm hire additional employees.

12. Counsel Financial is the largest creditor with a noncontingent, liquidated, allowed secured claim in excess of $9 million. *See Ninth Interim Cash Collateral Order, Doc. 284*, ¶ 9 (incorporating the Chapter 11 Trustee's claims are valid and binding, and stating that Counsel Financial has an allowed claim that is secured by all of the Debtor's assets). Counsel Financial was the Debtor's pre-petition lender and has a lien on all the Debtor's pre-petition assets.

13. On October 23, 2019, Counsel Financial filed a motion to convert this chapter reorganization to a chapter 7 liquidation (the "Prior Conversion Motion") (Doc. 103), stating that the Debtor was a partnership with only one partner and, accordingly, had been dissolved by operation of law. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1307-1308 (2d Cir. 1997) ("In New York a partnership is composed of two or more persons acting as partners. Thus, under New York law, the withdrawal of . . . one of [the debtor's] two partners dissolved the partnership.") (emphasis in original) ROM- please add emphasis). As set forth in the Prior Conversion Motion, "[a]s a dissolved partnership, the Debtor is ineligible to avail itself of reorganization in chapter 11." *Id.* at 1309; Prior Conversion Motion at 3.

---

[1] After the Petition Date, the Debtor retained a headhunter and one new associate was hired.

14. After the Prior Conversion Motion was filed but before the return date, the United States Trustee (the "UST") filed a motion, on or about December 6, 2019, for conversion of the case, or in the alternative, the appointment of a chapter 11 trustee [Doc. 191; Case No. 19-10747, Doc. 257].

15. On December 19, 2019, the Court granted the UST's motion and directed the appointment of a chapter 11 trustee [Doc. 192] in lieu of converting the case. The public perception of L&R, which was still conducting business – and it not being in chapter 7 – militated against a conversion, in the Court's view and that of the Debtor at that time.[2]

16. On or about January 6, 2020, Jonathan L. Flaxer was appointed chapter 11 trustee [Doc. 195] and has continued to serve in such capacity (the "Chapter 11 Trustee").

17. Prior to appointment of the Chapter 11 Trustee, the Debtor had income of $3,614,503, between July 2019 and December 2019, and total net cash flow of $2,684,519.00.

18. After the Chapter 11 Trustee was appointed, this estate lost almost one million dollars:

| Month | Income | Expenses | Net Cash Flow |
|---|---|---|---|
| January 2020 | 164,175 | 304,539 | (140,364) |
| February | 45,680 | 197,971 | (152,291) |
| March | 67,840 | 91,981 | (24,141) |

---

[2] Immediately before ordering appointment of a chapter 11 trustee, the Court had the following colloquy with Debtor's counsel:

> THE COURT: My understanding is, among the options that have been thrown out there, that you would advocate for a Chapter 11 trustee rather than a conversion, I would think, because it looks -- it's still a Chapter 11 case, and it's, for purposes of -- as we've discussed. But it's, I think -- you talked about sort of having to battle public perception and clients' perceptions, rightly or wrongly, about certain things, in bankruptcy. I would think that Chapter 11 option is -- would seem to be a better option among the two. Am I misreading that? Or maybe you don't have a view. Or maybe I'm misreading the view.
>
> MR. GRAY: If those were the only choices, Your Honor, Chapter 11 is vastly preferable.

December 19, 2019 Hearing Tr., 67:6-18.

| | | | |
|---|---|---|---|
| April | 9,678 | 130,311 | (120,633) |
| May | 36,841 | 70,219 | (33,378) |
| June | 8,627 | 433,316 | (424,689) |

19. Additionally, there are hundreds of thousands of dollars in unpaid chapter 11 expenses, primarily consisting of professional fees of the Chapter 11 debtor and the Chapter 11 Trustee.

20. Notably, after his appointment, the Chapter 11 Trustee permitted Liddle to continue to operate the law firm without any semblance of a wind-down. Throughout the first half of 2020, Liddle continued "taking on new clients and maintaining a robust practice." Affirmation of Jeffrey Lew Liddle dated June 4, 2020 (the "Liddle Aff."), Doc. 290-3, ¶ 20.

21. The Chapter 11 Trustee only started to wind down L&R, in June of 2020, when Counsel Financial refused to consent to the continued use of its cash collateral to operate the law firm. For months before that, the Chapter 11 Trustee was hoping that Liddle would form a new firm and obtain financing for that firm, as part of a plan of reorganization in Liddle's individual chapter 11 case.[3] None of that, however, came to pass.

22. When the Chapter 11 Trustee finally terminated the law firm's operations, on June 30th, there was no transition plan in place. Specifically, the law firm's current clients had no

---

[3] At the April 30, 2020 hearing, Mr. Flaxer explained his "hope" that exit financing could be secured:

> A part of this, an important part of this, is a hoped- for -- what I'll call an exit loan -- in the personal case. And I will say that nothing has been signed, but there've been extensive discussions about that, and I remain hopeful that in the next thirty days we can come back with something much more real and something that the Court can, kind of, sink its teeth into, but as this point I'll say I'm cautiously optimistic that there's hopefully a path out of both of these cases that's beginning to take shape.

April 30 Hearing Tr. 10:22-25, 11:1-5.

advance warning that the firm was shutting down its operations and there was no agreement for Liddle to continue prosecuting any of L&R's cases.[4] Furthermore, on or about July 9, 2020, the Chapter 11 Trustee found out that Liddle had no intention of continuing to prosecute the firm's most important cases.[5] Upon information and belief, Liddle has given the Chapter 11 Trustee very little cooperation in connection with the wind-down of the firm and the current status of the cases.

23. On July 10, 2020, the Trustee filed a motion to dispose of the law firm's books and records. Doc. 305. Six former clients of L&R filed an objection to the motion asserting that the Chapter 11 Trustee's proposed disposition of the clients' files was "problematic and inappropriately vague." Doc. 311. Another plaintiff echoed these concerns, stating that the Chapter 11 Trustee did not adequately respond to her concerns regarding the cost of picking up her files. Doc. 312.

24. L&R was (and still is) in a free fall.

### III. RELIEF REQUESTED

25. Counsel Financial seeks an order converting this chapter 11 reorganization to a liquidation under chapter 7, pursuant to §1112(b) of the Bankruptcy Code, which provides that "the court shall convert a case … or dismiss a case … whichever is in the best interest of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b). There should be no issue that cause to convert exists.

26. Section 1112(b)(4) sets forth a non-exclusive list of what constitutes "cause" to convert of dismiss a case. *C-TC 9th Ave. P'ship*, 113 F.3d at 1310-1311. "Cause" under § 1112(b)

---

[4] On or about June 23, 2020, the Chapter 11 Trustee sent a letter to L&R's clients stating the law firm was closing and that Liddle "will be continuing to practice law under the name 'The Liddle Law Firm' (the "New Firm") at the same address, with the same telephone number with several colleagues."

[5] One law firm apparently unaffiliated with Liddle recently contacted the Chapter 11 Trustee and advised that they had been retained by various clients of L&R.

includes cases where the debtor is not eligible for reorganization under chapter 11. *See, e.g., In re Hagerstown Fiber Ltd. P'ship*, 226 B.R. 353 (Bankr. S.D.N.Y. 1998); *C-TC 9th Ave. P'ship*, 113 F.3d at 1304. As the Second Circuit concluded, "a partnership in dissolution is not a 'person' eligible to avail itself of reorganization in Chapter 11." *Id*. at 1309.

**Debtor Was Dissolved by Operation of Law And Must Wind Up Its Affairs**

27. New York's Partnership Law § 10 defines a partnership as "an *association* of *two or more* persons to carry on as co-owners a business for profit. . . ." (emphasis added).

28. The statute provides that a partnership will be dissolved, by operation of law, upon the occurrence of "any event which makes it unlawful for the business of the partnership to be carried on. . . ." N.Y. Partnership Law § 62(3). This includes a partnership that has only one partner. *See e.g. C-TC 9th Ave. P'ship*, 113. F.3d at 1307-1308 ("…the withdrawal of Richard Cabral, one of C-TC's two partners, dissolved the partnership.").

29. A partnership dissolved by operation of law is required to wind-up its affairs. *See* N.Y. Partnership Law § 61 ("On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."); *see also* N.Y. Partnership Law § 64 ("Except so far as may be necessary to wind up partnership affairs or to complete transactions begun but not then finished, dissolution terminates all authority of any partner to act for the partnership. . . .").

30. Since the Debtor is a partnership with only one partner, the Debtor has been dissolved by operation of law. *See C-TC 9th Ave. P'ship*, 113 F.3d at 1307-1308 ("In New York a partnership is composed of *two or more* persons acting as partners. Thus, under New York law, the withdrawal of . . . one of [the debtor's] two partners dissolved the partnership.") (emphasis in original). As a dissolved partnership, the Debtor is ineligible to avail itself of reorganization in chapter 11. *Id*. at 1309.

31. The decision of the Second Circuit Court of Appeals in *C-TC 9th Ave. P'ship*, which involved a partnership with only one partner that filed for reorganization under chapter 11, is directly on point. The Second Circuit held:

> If the primary purpose of Chapter 11 is to enable businesses to reorganize and emerge from bankruptcy as operating enterprises, and New York partnership law prohibits [the debtor] from engaging in any business other than liquidation, Chapter 11 reorganization is not available as a course for [the debtor] to follow.

*Id*. at 1308.

32. A limited exception to this general rule, whereby a dissolved partnership is not eligible to be a chapter 11 debtor, may occur when the debtor <u>expressly</u> states its intent to liquidate under chapter 11. *See In re Shea & Gould*, 214 B.R. 739 (Bankr. S.D.N.Y. 1997). However, when a partnership in dissolution expressly states that it intends to reorganize, it is foreclosed from reliance on the liquidation exception to oppose a conversion motion under § 1112(b). *In re Hagerstown Fiber Ltd. P'ship*, 1998 WL 538607, at *10 (Bankr. S.D.N.Y. Aug. 24, 1998), *adhered to on reconsideration*, 226 B.R. 353 (Bankr. S.D.N.Y. 1998).

33. That limited exception is not present in this case because Liddle expressly stated that he did not intend to liquidate his law firm but, rather, to reorganize and confirm a plan. As Liddle stated, he "intend[ed] to continue to operate the [Debtor's] business" and "continue [its] robust practice … and develop a consensual plan for payment of all legitimate creditors." LRA at ¶ 46.

34. Moreover, Liddle made no effort to liquidate L&R while he was in control of the Debtor's case. Nor did the Chapter 11 Trustee take any real action to liquidate L&R during the next six months; he allowed Liddle to continue operating the firm and continue taking on new clients. Liddle Aff., dated June 4, 2020, Doc. 290-3, at ¶ 20 ("There have been very few client

departures over the past year; instead, the Firm is taking on new clients and maintaining a robust practice.").

35. The Court's main consideration in ordering the appointment of a chapter 11 trustee rather than converting this case to chapter 7 was "public perception and clients' perceptions, rightly or wrongly, about certain things, in bankruptcy." December 19, 2019 Hearing Tr., 67:6-18. Since L&R has recently shut down as an operating law firm, this consideration no longer justifies continuity of this case in chapter 11.

36. Under § 1112(b)(4)(A), cause for conversion or dismissal of a case is established if there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). Here, both prongs are easily established.

**<u>Substantial and Continuing Losses</u>**

37. Courts have held that "negative cash flow post-petition and an inability to pay current expenses" is sufficient to show a substantial or continuing loss to the estate. *In re Adbrite Corp.* 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003); *see In re BH S & B Holdings LLC*, 439 B.R. 342, 347 (Bankr. S.D.N.Y. 2010) (Debtor's monthly Statement of Operations showing a cumulative loss of $128,968,353 since the bankruptcy filing date satisfied the substantial or continuing loss prong); *In re Sillerman*, 605 B.R. 631, 656 (Bankr. S.D.N.Y. 2019) (where debtor's only consistent source of disclosed income was his monthly social security payment of $3,721.00 and the monthly operating reports showed that "the cash on hand in the estate has continued to decline throughout the life of the estate," was deemed sufficient to satisfy the substantial or continuing loss prong).

38. Since the Chapter 11 Trustee was appointed, the estate has been cash flow negative and it continues to accrue losses. Significantly, the estate is on the verge of administrative insolvency.[6] This estate has accrued $2,190,322.86 in professional fees, $581,747 of which have been paid out of the Debtor's DIP account. As of the June operating report, the Debtor only has $1,904,630 in remaining funds and there is $1,608,575 in outstanding professional fees. This estate only has a cushion of $296,055 before it reaches administrative insolvency. And that is with no funds being distributed to Counsel Financial, on account of its super-priority claim let alone its secured claim.[7]

**No reasonable likelihood of rehabilitation**

39. There also is no reasonable likelihood of rehabilitation in this case.

40. Regarding § 1112(b)(4), rehabilitation does not mean the same thing as reorganization. *Adbrite Corp.*, 290 B.R. at 215. Instead, "[r]ehabilitation of a debtor's estate implies the re-establishment of a sound financial basis, a concept which necessarily involves establishing a cash flow from which current obligations can be met. Reorganization on the other hand, can involve simple liquidation and distribution of assets." *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988).

41. To prove "an absence of a reasonable likelihood of rehabilitation, the movant must show that there is no more than a hopeless and unrealistic prospect of rehabilitation." *Adbrite Corp.*, 290 B.R. at 215. The second prong "may be satisfied if the movant demonstrates that the

---

[6] Administrative insolvency is a ground to convert a chapter 11 case because it is a clear indication that the estate has no hope of rehabilitation. *In re BH S & B Holdings, LLC*, 439 B.R. 342, 350 (Bankr. S.D.N.Y. 2010) (holding that administrative insolvency of the estate was a sound basis to convert the chapter 11 reorganization to a chapter 7 liquidation); *see also In re Acme Cake Co., Inc.*, 495 B.R. 212, 223 (Bankr. E.D.N.Y. 2010) (administrative insolvency established cause to dismiss chapter 11 case).

[7] Counsel Financial intends to object to any applications for professional fees that seek payment from its cash collateral and do not satisfy the *Flagstaff* standard.

debtor will not have cash flow from which its current obligations can be met." *Sillerman*, 605 B.R. at 656; *see e.g. Matter of Denrose Diamond*, 49 B.R. 754, 757 (Bankr. S.D.N.Y. 1985) (rehabilitation was not possible where "persons knowledgeable of Debtor's finances reported both the need to infuse large amounts of money into the Debtor and the absence of any realistic prospect of obtaining such funding").

42. In the present case, L&R has insufficient funds or other assets to fund a plan. L&R cannot even pay secured, administrative and priority creditors,[8] let alone unsecured creditors. *In re FRGR Managing Member LLC*, 419 B.R. 576 (Bankr. S.D.N.Y. 2009) (Conversion of Chapter 11 case to one under Chapter 7 rather than dismissal was in best interest of creditors and estate, based, inter alia, on fact that debtor had no operating assets, business, or funds for continued operation).

43. Cause to convert this case under § 1112(b) has clearly been established. There are no unusual circumstances the Debtor can establish to show that converting this case is not in the best interests of creditors and the estate. Nor can the Debtor show that there is a reasonable likelihood of rehabilitation. *Kanterman*, 88 B.R. at 29 (holding that absence of a reasonable likelihood of rehabilitation was based on the debtor's lack of a sound cash flow from which its current obligations could be met).

44. Once cause has been established, the Court may dismiss or convert the case, whichever is in the best interests of creditors and the estate.[9] 11 U.S.C. § 1112(b). Counsel

---

[8] *See e.g.,* Motion Pursuant To Sections 105(A), 363(B) And 541 Of The Bankruptcy Code (I) Authorizing Payment Of Certain Prepetition Taxes And (Ii) Authorizing Payment Of Certain Prepetition Wages, Compensation And Employee Benefits, Doc. 239.

[9] Counsel Financial is the largest creditor in this case with an allowed, noncontingent, liquidated, and secured claim. Counsel Financial will not consent to a liquidating plan and a plan cannot be confirmed pursuant to § 1129(a)(10).

Financial submits that a conversion to chapter 7, as opposed to a dismissal of this case, is in the best interests of creditors and this estate.

45. A proposed Order granting this motion is annexed as **Exhibit A**.

46. Notice of this motion will be given by Counsel Financial to the Debtor, all creditors listed in the Petition or who filed a proof of claim, the U. Trustee's office, and each person or entity that filed a notice of appearance.

47. No prior application for this relief has been made.

**WHEREFORE,** Counsel Financial requests that this motion be granted, for which no previous request has been made, and for such other and further relief this Court deems just and proper.

Dated: New York, New York
July 28, 2020

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
　　　David H. Wander
　　　Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, Counsel Financial Holdings LLC*

**EXHIBIT – A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                              Chapter 11

LIDDLE & ROBINSON, L.L.P.,                          Case No. 19-12346-shl

                       Debtor.
-------------------------------------------------------X

**ORDER GRANTING MOTION BY COUNSEL
FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC, PURSUANT
TO§ 1112(b) OF THE BANKRUPTCY CODE, TO
CONVERT THIS CHAPTER 11 REORGANIZATION TO
<u>A CHAPTER 7 LIQUIDATION</u>**

Upon the motion dated July 28, 2020 of Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC (collectively <u>"Counsel Financial"),</u> by their attorneys, Davidoff Hutcher & Citron LLP, for an order, pursuant to § ll12(b) of the Bankruptcy Code, converting this chapter 11 case to a chapter 7 liquidation (the <u>"Motion");</u> and it appearing that good and sufficient notice of the Motion has been given; and a hearing on the Motion having been held on November 26, 2019; and after considering all papers filed in connection with the Motion; and upon the record of the hearing; and after due deliberation; and good and sufficient cause appearing therefor, it is hereby

**ORDERED,** that the Motion is granted; and it is further

**ORDERED,** that this case is converted to chapter 7, pursuant to §l112(b) of the Bankruptcy Code.

Dated: New York, New York
       August __, 2020

                                               _____
                                               SEAN H. LANE
                                               UNITED STATES BANKRUPTCY JUDGE

DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq.
Alexander R. Tiktin, Esq.
dhw@dhclegal.com
art@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, Counsel Financial Holdings LLC*

**Hearing Date and Time:**
August 20, 2020 at 10:00 a.m.

**Objection Deadline:**
August 13, 2020 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                  Chapter 11

LIDDLE & ROBINSON, L.L.P.,                              Case No. 19-12346-shl

                      Debtor.
-------------------------------------------------------X

### NOTICE OF MOTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC, PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE, TO CONVERT THIS CHAPTER 11 REORGANIZATION TO A CHAPTER 7 LIQUIDATION

**PLEASE TAKE NOTICE** that a hearing will be held on **August 20, 2020, at 10:00 a.m.,** before the Hon. Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, ("Court"), Courtroom 701, One Bowling Green, New York , NY 10004-1408 , to consider the motion by Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC for an order converting this chapter 11 case to a chapter 7 liquidation pursuant to 11 U.S.C. §1112(b)(1).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9006-1, any answering papers shall be filed and served upon the undersigned so as to be

received not later than seven (7) days before the hearing date, along with a copy to chambers, by such date.

Dated: New York, New York
July 28, 2020

                                        DAVIDOFF HUTCHER & CITRON LLP

                                        By: /s/ David H. Wander
                                              David H. Wander
                                              Alexander R. Tiktin
                                      605 Third Avenue
                                      New York, NY 10158
                                      (212) 557-7200

                                      *Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

To: All Persons on the attached Service List

Jeffrey Lew Liddle
420 East 54th Street
Apt. 713
New York, NY 10022
jliddle@liddlerobinson.com

Alison D. Bauer
William F. Gray, Jr.
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
abauer@foleyhoag.com
wgray@foleyhoag.com

Andrea B. Schwartz
Office of the United States Trustee (Region 2)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
andrea.b.schwartz@usdoj.gov
USTPRegion02.NYECF@usdoj.gov

Andrea M. Paparella
150 West 28th Street, Ste. 1603
New York, NY 10001
ap@andreapaparella.com

Effat S. Emamian
c/o Andrew Lavoott Bluestone
233 Broadway, Ste. 2702
New York, NY 10279
effatemamian@luxsci.net

Michael Barr
c/o Alan Heller
Garvey Schubert Barer, PC
100 Wall Street, 20th Fl.
New York, NY 10005
aheller@gsblaw.com

M&T Bank
Legal Document Processing
626 Commerce Drive
Amherst, NY 14228
jdubuc@schillerknapp.com

Counsel Financial Holdings LLC
6400 Main Street, Ste. 120
Williamsville, NY 14221
dhw@dhclegal.com

Joseph P. Day Realty
9 East 40th Street, 8th Floor
New York, NY 10016
nick8003rd@aol.com

LIG Capital
6400 Main Street, Ste. 120
Williamsville, NY 14221
dhw@dhclegal.com

800 Third Avenue Associates LLC
c/o Jeffrey Klarsfeld, Esq.
10 East 40th Street
46th Floor
New York, NY 10016
jklarsfeld@plattelaw.com

DeLage Landen Fin'l Services, Inc.
c/o Bryan E. Wolkind, Esq.
Foster & Wolkind, P.C.
80 Fifth Avenue, Suite 1401
New York, NY 10011-8002
bwolkind@foster-wolkind.com

Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
rshank@kasowitz.com

Veritext New York Reporting Co
PO Box 71303
Chicago, IL 60694-1303
dneiderfer@veritext.com

Dr. Areta Podhorodecki
44 St. Marks Place
New York, NY 10003
areta.daria@gmail.com

Eisner, LLP
152 West 57th Street
48th Floor
New York, NY 10019-3310
lcorwin@eisnerlaw.com
rfoley@eisnerlaw.com

Bret Losquadro
South Shore Auto Works
19 The Green
Shirley, NY 11967
southshoreautoworks@live.com

Anthony Losquadro
4986 SouthEast Inkwood Way
Hobe Sound, FL 33455
tonmar52@aol.com

Quintus von Bonin
11 Foster Lane
Westhampton Beach, NY 11978
sqvb@vonbonin.com

Receiver of Taxes
Town of Southampton
116 Hampton Road
Southampton, NY 11968
cwatts@southamptontownny.gov

Blank Rome LLP
Attn. Finance Dept.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-2757
dmbrown@blankrome.com

CitiCard Mastercard
PO Box 9001037
Louisville, KY 40290-1037
citicards@info.citibank.com

Globe Storage & Moving Co.
c/o Law Firm of Elias Schwartz
343 Great Neck Road
Great Neck, NY 11021
afleisher@globemoving.com

Solarus Technologies
14 Penn Plaza, Suite 1402
New York, NY 10122
matthew@solarustech.com

Hon. Melvin L. Schweitzer
1050 Park Avenue, Apt 13A
New York, NY 10028
mschweit715@gmail.com

Canon Financial Services, Inc.
c/o Platzer, Swergold, Levine, Goldberg,
Katz & Jaslow, LLP
475 Park Ave South
New York, NY 10016
stephanielevine@platzerlaw.com

Iron Mountain Records Mgmt
PO Box 27128
New York, NY 10087-7128
curtis.winters@iqor.com

Bloomberg BNA
PO Box 17009
Baltimore, MD 21297-1009
dbrooks@bna.com

Rose Reverendo
811 Floral Avenue
Elizabeth, NJ 07208
rreverendo@liddlerobinson.com

Wilson Elser Moscowitz Edelman
& Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
nyasha.goodyear@wilsonelser.com

US Legal Support – TX
PO Box 4772-99
Houston, TX 77210-4772
jklok@biaprotect.com

West Group
Thomson Reuters – West
PO Box 6292
Carol Stream IL 60197-6292
jodi.newsom@lawmoss.com

Diane Nardone, Esq.
Escrow Agent
11 Fifth Avenue
New York, NY 10003
dcnardone@gmail.com

Arnold E. Reiter, Esq.
Attorney for Tara J. Liddle
Reiter Law Firm
75 Montebello Road
Suffern, NY 10901
areiter@reiterlawfirm.com

Jeffrey K. Cymbler
NYS Department of Taxation & Finance
15 MetroTech Center
Brooklyn, NY 11201
Jeffrey.Cymbler@tax.ny.gov

Wesley T. Kozeny, Esq.
Kozeny & McCubbin, LC
12400 Olive Blvd. Ste. 555
St. Louis, MO 63141
nybk@km-law.com

James Halter, Esq.
Rasco Klock Perez & Nieto, LLC
555 Fifth Avenue, 17th Fl.
New York, NY 10017
jhalter@rascoklock.com

John M. Dubuc, Esq.
Schiller, Knapp, Lefkowitz & Hertzel, LLP
950 New Loudon Road, Suite 109
Latham, NY 12110
jdubuc@schillerknapp.com

Peter B. Foster
80 Fifth Avenue
Suite 1203
New York, NY 10011-8002
pfoster@foster-wolkind.com

David Koch
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
dkoch@kasowitz.com

Joshua Siegel
Kasowitz Benson Torres LLP 1633
Broadway
New York, NY 10019
jsiegel@kasowitz.com

Kara Marie Steger Foster
Garvey P.C.
100 Wall Street, 20th Floor New
York, NY 10005
kara.steger@foster.com

Randolph E. White
White & Wolnerman,
PLLC 950 Third Avenue,
11th Floor New York, NY
10022
rwhite@wwlawgroup.com

Michael Wexelbaum
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, NY 10158
mw@dhclegal.com

Blaine Bortnick
Rasco Klock Perez & Nieto LLC
555 Fifth Avenue, 17th Floor
New York, NY 10017
bbortnick@rascoklock.com

Michael David Katz
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158
mdk@dhclegal.com

Christopher M. Caparelli
Torys LLP
1114 Avenue of the Americas, 23rd floor
New York, New York 10022
ccaparelli@torys.com

Steven M. Warshawsky
350 Fifth Avenue, 59th Floor
New York, NY 10118
smw@warshawskylawfirm.com

NYS DEPT. OF LABOR
STATE OFFICE CAMPUS
BLDG #12, RM #256
ALBANY, NY 12240
nysdol@labor.state.ny.us

Counsel Financial II, LLC
c/o David H. Wander, Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, NY 10158
dhw@dhclegal.com

Jonathan L. Flaxer
Chapter 11 Trustee
Golenbock Eiseman Assor Bell & Peskoe LLP
711 Third Avenue
New York, New York 10017
jflaxer@golenbock.com

Michael S. Weinstein
Golenbock Eiseman Assor Bell & Peskoe LLP
711 Third Avenue
New York, New York 10017
mweinstein@golenbock.com

Evan J. Zucker
Blank Rome LLP
1271 Avenue of the Americas New York, NY 10020