# EXHIBIT C

**Declaration of Gil Kreiter**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re                                          :   Chapter 11
                                               :
LIDDLE & ROBINSON, L.L.P.,[1]                  :   Case No. 19-12346 (SHL)
                                               :
                                               :   Jointly Administered with 19-10747 (SHL)
                       Debtor                  :
------------------------------------------------------------x

## DECLARATION OF GIL KREITER

GIL KREITER, pursuant to 28 U.S.C. §1746, hereby deposes and says:

1. I am the principal of Bloomingdale Road Judgment Recovery (the "**Firm**"), a debt collection agency, which maintains its principal office at 301 East 66th Street, #2B, New York, NY 10065.

2. On May 27, 2015, the Firm and Liddle & Robinson, L.L.P. (the "Debtor") executed an engagement letter (the "**Engagement Letter**", a copy of which is annexed hereto as Exhibit "A"), engaging the Firm to enforce and collect on a judgment (the "Judgment") obtained by the Debtor against Eric Butler. Since that date, on behalf of the Debtor, I have diligently pursued collection on the Judgment. My efforts culminated in a recent settlement agreement with Mr. Butler on behalf of the Debtor, whereby Mr. Butler has agreed to pay $15,000 in equal monthly payments over a thirty (30) month period.

3. The Firm possesses the requisite experience and expertise in the areas necessary in the matters in which it was retained.

4. The undersigned is and has always been the party who has had primary responsibility for this matter.

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

5. To the best of my knowledge, neither I, the Firm nor any employee of the Firm has or ever had (i) any relationship to this chapter 11 case, (ii) any business association with this chapter 11 case, or (iii) any relevant relationship to any attorney, creditor or any other party in this chapter 11 case.

6. No agreement or understanding exists or has ever existed between the Firm and any other person for a division of compensation to be received for services rendered in, or in connection with, the within chapter 11 case, nor has the Firm ever shared or agreed to share the compensation paid or allowed from the Estate for such services with any other person.

7. As detailed in the Engagement Letter, the Firm's fees for the matter in which it was engaged is 33.3% of any sums recovered from Mr. Butler, after deduction of the actual costs incurred in locating and executing on any assets.

8. Based on the foregoing, I believe that the Firm is and always has been a "disinterested person" within the meaning of Bankruptcy Code §§ 101(14) and 327(a).

9. I have read the foregoing motion of the chapter 11 trustee seeking retention of the Firm and payment of the Firm's fees in accordance with the Engagement Letter. To the best of my knowledge, information and belief, formed after reasonable inquiry, (a) the fees sought in the motion are permissible under the relevant rules, court orders, and Bankruptcy Code provisions; (b) the fees sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients; and (c) in providing a reimbursable service, the Firm does not make a profit on the service, whether the service is performed by the Firm in-house or through a third party.

10. In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between the Firm and any

2
3536965.1

other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

11. The Firm, at the request of the Debtor, commenced rendering services to the Debtor on May 27, 2015. I was unaware that the Debtor filed a chapter 11 petition for bankruptcy until after I had reached a settlement with Mr. Butler and contacted the Debtor's principal, Jeffrey Liddle, to inform him of such settlement on June 24, 2020.

12. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 17, 2020

Gil Kreiter

# EXHIBIT A

Gil Kreiter d/b/a
Bloomingdale Road Judgment Recovery
291 Fourteenth Street
Brooklyn, NY 11215
718 360 1354 voice
718 788 0859 facsimile
Gil@BloomingdalePartners.com

May 27, 2015

Blaine Bortnick, Esq.
LIDDLE & ROBINSON, L.L.P.
800 Third Avenue, 8th Floor
New York, NY 10022

Re:   *LIDDLE AND ROBINSON LLP v. ERIC  BUTLER*

Dear Mr. Bortnick:

Please let this Letter Agreement confirm the terms and conditions on which Liddle & Robinson, L.L.P. has retained Bloomingdale Road Judgment Recovery ("BRJR") to research the assets of the judgment debtor, and to the fullest extent possible collect the judgment awarded Liddle & Robinson, L.L.P. in the above referenced action.

### BRJR FEES

**BRJR's** fees for investigating the judgment debtor assets and collecting on the judgment itself shall be 33.33% of any sums recovered from the judgment debtor, after the actual costs incurred in locating and executing on any assets are deducted.

For example, if $1,050.00 is recovered, and it cost $50 in marshal fees, this is how the recovery will be divided. $50 in expenses will be returned to BRJR. BRJR will receive $333.33 and Liddle & Robinson, L.L.P. will receive $666.67.

Please note that Marshal fees are added onto the judgment amount.

### COSTS/EXPENSES

**BRJR** anticipates incurring out of pocket costs for items such as the cost of copies of necessary documents billed by banks or other institutors when served with information subpoenas; filing fees for domesticating the judgment in another jurisdiction or monies expended to seize assets and auctions costs. BRJR will ask for permission from Liddle & Robinson, L.L.P. to incur these fees. If nothing is collected, Liddle & Robinson, L.L.P. will owe BRJR nothing.

### DUTIES OF BRJR

BRJR shall perform its services as BRJR, in its professional judgment, deems necessary or appropriate to maximize the collection of the judgment stated herein. BRJR further agrees that in the performance of its due diligence to employ only lawful means in its efforts to collect on the judgment. BRJR further recognizes that Liddle & Robinson, L.L.P. has the sole authority to settle with the judgment debtor at its absolute discretion as to any settlement terms, however, BRJR shall still receive its compensation scheduled under this agreement.

### TERMINATION

After nine months from the execution of this agreement, Liddle & Robinson, L.L.P. may terminate this agreement upon providing five days written notice sent to Gil@BloomingdalePartners.com if there has been no progress in collecting the judgment. However, if assets have been found and/or business operation of the judgment debtor has been verified, this agreement will be extended to allow reasonable time to collect the judgment under the terms of this agreement.

BRJR will prepare any and all necessary documents to further the collection efforts of BRJR, such as information subpoenas.

If you agree to the terms of this letter, please date and sign the letter and return to me at the above address.

Sincerely,

*[signature]*

Gil Kreiter, d/b/a Bloomingdale Road
Judgment Recovery

**Understood, Approved and Agreed:**

LIDDLE & ROBINSON, L.L.P.

*[signature]*      Date: 6/1/15

By: Blaine Bortnick