UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In Re                                           :     Chapter 11
                                                :
LIDDLE & ROBINSON, L.L.P.,[1]                   :     Case No. 19-12346 (SHL)
                                                :
                                                :     Jointly Administered with 19-10747 (SHL)
                        Debtor                  :
---------------------------------------------------------x

**ORDER (I) AUTHORIZING THE RETENTION OF BLOOMINGDALE ROAD JUDGMENT RECOVERY AS COLLECTION AGENT FOR THE TRUSTEE EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE CHAPTER 11 TRUSTEE AND ERIC BUTLER, AND (III) ALLOWING FINAL COMPENSATION FOR PROFESSIONAL SERVICES RENDERED BY BLOOMINGDALE ROAD JUDGMENT RECOVERY FOR THE PERIOD OF JULY 22, 2019 THROUGH JULY 31, 2020**

Upon the motion, dated August 27, 2020 (the "**Motion**")[2], of Jonathan L. Flaxer, solely in his capacity as chapter 11 trustee (the "**Trustee**") for the estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, for entry of an order (this "**Order**") (i) pursuant to § 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention of Bloomingdale Road Judgment Recovery ("**BRJR**") as collection agent for the Trustee as of the Petition Date, (ii) pursuant to Bankruptcy Rule 9019, approving a settlement agreement (the "**Settlement Agreement**"), a copy of which is annexed as **Exhibit B** to the Motion, between the Trustee and Eric Butler ("**Butler**"), on the terms and conditions contained therein and summarized below, and (iii) pursuant to Bankruptcy Code § 330(a), Bankruptcy Rule 2016,

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3581602.1

Rules 2016-1 and 2016-2 of the Local Bankruptcy Rules for the Southern District of New York, and the Guidelines of the Office of the United States Trustee for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "**Guidelines**"), granting the final allowance, and approval of payment, of fair and reasonable compensation for professional services rendered on behalf of the Trustee by the BRJR through July 31, 2020; and it appearing that the relief requested in the Motion is in the best interests of the Estate, its creditors and other parties-in-interest; and this Court being satisfied that BRJR is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and represents no interest adverse to the Trustee, the Debtor and the Estate; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this is a core proceeding under 28 U.S.C. § 157(b); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the notice provided by the Trustee is appropriate, under the circumstances and that no other notice need be given; and it appearing that BRJR's employment is necessary and would be in the best interests of the Estate; and upon the determination of this Court that the terms of the Settlement Agreement are well above the lowest point of the range of reasonableness and in the best interests of the Debtor's estate; and after due deliberation and sufficient cause appearing therefor; and no objections to the relief requested by the Motion having been filed or presented to the Court it is

**ORDERED,** that the Trustee be, and hereby is, authorized to retain BRJR effective as of the Petition Date as debt collection agent to the Trustee; and it is further

**ORDERED**, that BRJR shall be compensated in accordance with sections 328(a), 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any fee and

3581602.1

expense guidelines of this Court, and the guidelines promulgated by the Office of the United States Trustee, in the same manner as set forth in the Engagement Letter; and it is further

**ORDERED**, in accordance with Bankruptcy Rule 9019(a), the Trustee's decision to enter into the Settlement Agreement is reasonable and appropriate under the circumstances, satisfies all applicable standards, and is approved in all respects; and it is further

**ORDERED**, in accordance with Bankruptcy Rule 9019(a), the Trustee is authorized to enter into the Settlement Agreement and to execute such documents and instruments and take all actions reasonably necessary to implement its terms without further order of the Court; and it is further

**ORDERED**, that the compensation of BRJR for the fees incurred during the Fee Period is allowed in the amount of $5,000 (the "**Fee Amount**"); and it is further

**ORDERED**, that the Trustee is authorized and directed to pay to BRJR the amount of $5,000, provided that such Fee Amount shall only be paid in thirty (30) monthly installments from the proceeds paid to the Estate under the Settlement Agreement, and shall not be paid from any other funds or assets in the Estate, and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any matter or disputes arising from or relating to this Order or the matters addressed in the Application; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

Dated: New York, New York
October 8, 2020

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE

3581602.1